# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>    *Plaintiffs*,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>    *Defendant*. | Civil Action No. 2:24-cv-00433-JRG |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is **ORDERED** that:

**1.**     **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)     the correct names of the parties to the lawsuit;

    (b)     the name, address, and telephone number of any potential parties;

    (c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  (e) any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

  (f) any settlement agreements relevant to the subject matter of this action; and

  (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

      elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

 (b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

 (c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.** **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.** The discovery in this case is limited to the disclosures described in Paragraphs 1–3 together with:

(a)    **Definitions**: For purposes of this Paragraph, "Plaintiffs" refers to ParTec AG and BF exaQC AG. For purposes of this Paragraph, "Defendant" refers to Microsoft Corporation ("Microsoft"). For purposes of this Paragraph, "Side" means a party or group of parties to this lawsuit with a common interest with respect to this lawsuit, with one Side consisting of Plaintiffs and another Side consisting of Defendant. Plaintiffs represent that Plaintiffs intend to produce documents from both Plaintiffs under the same Bates numbers and all such documents can be used for all Rule 30(b)(6) and 30(b)(1) depositions taken of Plaintiffs' witnesses without violating the Protective Order in this Action, subject to any evidentiary or other objections Plaintiffs may have. The parties further agree to discuss in good faith reasonable expansions of discovery limits for Defendant to the extent the foregoing representation is inaccurate or changes.

(b)    **Interrogatories**: At this time, the parties agree that each Side may serve up to thirty (30) interrogatories on the other Side.

(c)    **Requests for Admissions**: At this time, the parties agree that each Side may serve up to forty (40) requests for admission on the other Side.

        i.    Each party may serve unlimited requests for admission for the sole purpose of establishing authenticity, public availability, or dating of documents and other evidence (collectively termed "evidentiary issues"). Requests for Admission directed to document authentication shall be clearly denoted as

such, and shall be served separately from any requests for admission subject to the numerical limitations above.

(d) **Fact Depositions**:

 i. Each Side shall be allowed up to 100 hours of fact discovery deposition time for depositions of the other Side and any third parties, including Rule 30(b)(1) and 30(b)(6) depositions.

 ii. Depositions occurring primarily in a foreign language—*i.e.*, over half the deposition is in a foreign language—may be conducted up to a maximum of ten (10) hours per witness absent good cause or agreement by the parties, irrespective of whether the witness testifies pursuant to Rule 30(b)(1) and/or Rule 30(b)(6), with the hours to be calculated based on Para. 5(d)(iii) below. Good cause to exceed seven hours per witness or 10 hours per foreign language deposition includes if a single witness is designated with a substantial number of 30(b)(6) topics.

 iii. Portions of any deposition in a foreign language and through a translator shall count as 1/2 of the actual time for purposes of the time limit above. For example, if a witness is deposed in a foreign language through a translator for one hour during a four-hour deposition, only 1/2 of the one hour conducted in the foreign language will count towards the time limit, for a total of 3.5 hours for that deposition.

 iv. The 100-hour deposition limit shall not include expert depositions (Para. 5(e)) or claim construction depositions (Para. 5(f)).

        v.      Depositions on written questions to custodians of business records for third parties do not count toward the above limits.

        vi.      The parties shall act reasonably and in good faith to schedule depositions expeditiously, while accommodating the schedules of counsel and witnesses.

        vii.      The parties further agree to discuss in good faith reasonable expansions of these limits to the extent a party believes additional fact witness deposition time becomes necessary.

(e)    **<u>Experts</u>**:

        i.      Each Side is limited to four (4) testifying experts.

        ii.      Each expert may be deposed for up to seven (7) hours. However, an expert that provides a written report or reports on more than one issue (*e.g.*, infringement and validity issues) may be deposed for up to fourteen (14) hours.

        iii.      Experts shall not be deposed for more than seven (7) hours in one day as set forth in Rule 30(d)(1) unless otherwise agreed to by the parties.

        iv.      The parties will work together to streamline the expert depositions.

(f)    **<u>Claim Construction Depositions</u>**:  A party may offer a fact or expert witness declaration in support of its claim construction positions without counting towards the above limits, and the opposing party may depose that witness for up to three (3) hours.

(g)    **<u>Modifications</u>**: Any party may later move to modify these limitations for good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

**8.** **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

**9.** **Discovery Disputes.**

(a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed seven (7) pages. Attachments to a discovery related motion, or a response thereto, shall not exceed five (5) pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i).

        Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

(f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a)    **<u>Privilege Logs</u>**: Except as necessary to comply with P.R. 3-7, the parties agree that any documents or information withheld from discovery on grounds of privilege or work product that that arose or came into existence after June 10, 2024, are exempt from privilege log disclosure requirements. In addition, (i) attorney work-product materials created by or on behalf of a party's outside litigation counsel of record regarding the above-captioned action in which such counsel represent the party; and (ii) privileged communications between a party and its litigation counsel of record regarding the above-captioned action in which such counsel represent the party, do not need to be included on any privilege log, absent good cause. However, this provision shall not constitute a waiver of a party's right to specifically request privilege logs covering specific categories of documents created before or after the filing of the Complaint, upon a showing of good cause. Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party pursuant to the terms of a separately filed Protective Order in this matter. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work-product

immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court.

(b) **Expert Discovery**: The parties agree to the limitations of Federal Rule of Civil Procedure 26 with regard to the discovery of expert materials. To the extent not already covered by Federal Rule of Civil Procedure 26, the Parties further agree to the following limitations regarding the discovery of expert materials:

   i. A Testifying Expert's[3] draft reports, draft affidavits, draft declarations, and outlines of draft reports shall not be subject to discovery in this case. This limitation applies regardless of whether such draft documents contain any notes, writing, or markings created by in-house counsel or outside counsel, or employees of or consultants for the party who engaged such testifying expert.

   ii. All notes, memorandum, and other similar writings of any testifying or consulting expert that are prepared in connection with the expert witness's engagement for this case are not discoverable except to the extent they are relied upon by a Testifying Expert in formulating or presenting the opinions in his/her reports or other written opinion submitted in the above-captioned action, trial or deposition testimony.

   iii. No conversations or communications between any testifying or consulting expert and the party or parties, or their attorneys or representatives, employing such expert will be subject to discovery unless the conversations

---

[3] References to a Testifying Expert or Consultant include that person's staff who is assisting him or her in this matter. The parties agree that no depositions will be taken of a Testifying Expert's or Consultant's staff who is assisting him or her in this matter.

        or communications are relied upon by a Testifying Expert in formulating or presenting the opinions in his/her reports or other written opinion submitted in the above-captioned action, trial or deposition testimony.

   iv.   Discovery of Materials[4] provided to Testifying Experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final written report or declaration. For the avoidance of doubt, this provision will not bar questions asking whether a Testifying Expert did or did not rely on or consider any Materials.

   v.   A Testifying Expert must produce their final report.

   vi.   Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

   vii.   This provision does not change the existing protections for expert discovery and exceptions thereto set forth in Federal Rule of Civil Procedure 26(b)(4).

   viii.   Non-testifying experts shall not be subject to discovery, except to the extent a Testifying Expert is (a) relying on the work or opinions of a non-testifying expert in formulating the opinions provided in an expert's final written report or declaration, or (2) to the extent the non-testifying expert has factual information (that is not subject to attorney-work product or attorney client privilege protections) relevant to the above-captioned action independent of

---

[4] "Materials" includes documentary materials, underlying work and/or data, as well as orally conveyed facts or information.

their work as a non-testifying expert. Where a testifying expert is relying on the work or opinions of a non-testifying expert, discovery can be taken from the non-testifying expert with the same limitations that apply to testifying experts.

(c) **Third-Party Discovery**:

    i. The parties will serve each other with copies of any third-party subpoenas before the subpoena or notice is served on the third party.

    ii. The parties will promptly serve each other with copies of any documents produced by third parties pursuant to subpoena or otherwise within five (5) days of receipt of the documents, or, if the documents are received less than seven (7) days from the date of any deposition of the third party, within 24 hours of receipt.

    iii. In addition, the parties agree to work with each other in scheduling third-party depositions.

(d) **Electronic Service**:  The parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests (unless the volume of electronic information makes such delivery impractical). Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case, or to an email address designated in writing for service by a party's outside counsel. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due.

      (e)      **<u>Non-Deposed Trial Witnesses</u>.** The parties agree that if a witness will appear at trial and has not yet been deposed, the opposing party may take a deposition of that witness in advance of any trial testimony.

**13.**      **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=judge/chief-district-judge-rodney-gilstrap. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 4th day of October, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE