# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-RWS<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

## LETTER OF REQUEST

*Request for International Judicial Assistance*

*Pursuant to the Hague Convention of 18 March 1970 on*

*The Taking of Evidence Abroad in Civil or Commercial Matters*

*By the United States District Court, Eastern District of Texas*

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF GERMANY:**

The United States District Court for the Eastern District of Texas presents its compliments to Germany and Central Authority of North Rhine-Westphalia and requests assistance in obtaining evidence from Jülich Supercomputing Centre ("JSC"), which is located at the following address:

Jülich Supercomputing Centre (JSC)
Forschungszentrum Jülich GmbH
Wilhelm-Johnen-Straße
52428 Jülich
Germany
Telephone: +49 2461 61-6402

This request is made pursuant to the Hague Convention of 18 March 1970 ("the Hague Convention") which has been implemented in the United States of America as 28 U.S.C. §§ 1781 and 1782. Germany and the United States are both parties to the Hague Convention. The evidence requested is not discovery within the meaning of Article 23 of the Evidence Convention.

The United States District Court for the Eastern District of Texas properly has jurisdiction over this proceeding. The documents and other evidence being sought are intended for use in this case captioned *ParTec AG and BF exaQC AG v. Microsoft Corporation*, No. 2:24-cv-00433-RWS (E.D. Tex.). This Court has determined that the evidence requested is directly relevant to the issues in this dispute.

The following Letter of Request follows the model form presented as the model Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

The particulars for this Letter of Request are as follows:

1. **Sender**

    The Honorable Robert W. Schroeder
    United States District Judge
    United States District Court for the Eastern District of Texas
    United States Courthouse and Post Office

    500 North State Line Avenue, Third Floor
    Texarkana, Texas 75501
    United States of America

**2. Central Authority Of The Requested State**

    President of Higher Regional Court of Düsseldorf
    Präsident des Oberlandesgerichts Düsseldorf
    Cecilienallee 3
    40474 Düsseldorf
    Telephone: +49 211 4971-0
    Facsimile: +49 211 4971-548
    Email: poststelle@olg-duesseldorf.nrw.de

**3. Person To Whom The Executed Request Is To Be Returned**

This Court; representatives of the parties as indicated below; and such other person(s) that you deem proper.

**4. Specification Of The Date By Which The Requesting Authority Requires Receipt Of The Response To The Letter Of Request**

**Date:** A response to this Letter Rogatory is requested by March 16, 2025, or as soon as reasonably practicable consistent with the Central Authority's calendar.

**Reason for urgency:** The parties' deadline for substantially completing document production is September 16, 2025, and the deadline for completing fact discovery is November 17, 2025. The trial in this matter is currently set for April 2026. Microsoft respectfully requests prompt execution of this Request to ensure adequate time in which to obtain documentary and testimonial evidence from JSC.

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

**5. Requesting Judicial Authority**

    a) Authority

    The Honorable Robert W. Schroeder
    United States District Judge

United States District Court for the Eastern District of Texas
United States Courthouse and Post Office
500 North State Line Avenue, Third Floor
Texarkana, Texas 75501
United States of America

**b) To the Competent Authority of**

*Federal Republic of Germany*, to be forwarded to and executed by the Central Authority of North Rhine-Westphalia.

President of Higher Regional Court of Düsseldorf
Präsident des Oberlandesgerichts Düsseldorf
Cecilienallee 3
40474 Düsseldorf
Telephone: +49 211 4971-0
Facsimile: +49 211 4971-548
Email: poststelle@olg-duesseldorf.nrw.de

**c) Names of the case and identifying number**

*ParTec AG and BF exaQC AG v. Microsoft Corporation*, Civil Action No. 2:24-cv-00433-RWS (E.D. Tex.), currently pending in the United States District Court for the Eastern District of Texas.

**6. Names And Addresses Of The Parties And Their Representatives**

**a) Plaintiffs**

ParTec AG
Possartstr. 20
D-81679 München
Germany
Telephone: +49 (0) 89 99809-100

BF exaQC AG
Südliche Münchner Str. 56
82031 Grünwald
Germany

**Representatives in the United States:**
Justin A. Nelson
jnelson@susmangodfrey.com
SUSMAN GODFREY LLP

1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Matthew R. Berry
mberry@susmangodfrey.com
Alexander W. Aiken
aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Claire Abernathy Henry
claire@millerfairhenry.com
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

S. Calvin Capshaw
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 845-5770

b)  **Defendant**

Microsoft Corporation
One Microsoft Way
Redmond, Washington 98052-6399
United States of America

**Representatives**
Betty Chen
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

4

Jeffrey Seddon
jseddon@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Jonathan Lewis
jlewis@desmaraisllp.com
Ha Vu Thu Huynh
hhuynh@desmaraisllp.com
DESMARAIS LLP
1899 Pennsylvania Avenue, Suite 400
Washington, District of Columbia 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901

Melissa Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Mr. Tilman Müller-Stoy, BARDEHLE PAGENBERG Partnerschaft mbB, Prinzregentenplatz 7, 81675 Munich, Germany, will act as agent of service for Defendant, to accept service of any documents and/or to respond to any questions or concerns the German authorities may have in relation to the present Request.

    c) **Other Parties**

None.

**7. Nature And Summary Of The Proceedings**

This is a civil action alleging patent infringement under the patent laws of the United States. ParTec AG and BF exaQC AG (collectively, "Plaintiffs") allege that Microsoft Corporation ("Microsoft") infringes U.S. Patent Nos. 10,142,156; 11,934,883; and 11,537,442 (the "Asserted Patents"); by making, using, inducing other to make or use, offering to sell, and/or importing such

5

products into the United States. Microsoft denies that it either directly or indirectly infringes any of the Asserted Patents. Microsoft further asserts that the Asserted Patents are invalid, and Microsoft asserts that various legal doctrines and statutes bar Plaintiffs' requested relief.

Technical information related to the Asserted Patents as well as the alleged conception and reduction to practice of the Asserted Patents are pertinent to at least the issue of patent validity in United States Courts. Plaintiffs allege that JSC is the hosting site and participating member of various supercomputer projects that ParTec[1] has been involved in and relate to the alleged inventions of the Asserted Patents. For example, Plaintiffs claim that these projects, hosted at JSC, have included the development and implementation of the dynamic Modular System Architecture (dMSA) that Plaintiffs allege to embody the claimed inventions of the Asserted Patents. *See* Attachment K; *see also* Attachment L ¶¶ 26–29. Further, Plaintiffs claimed that JSC cooperated with ParTec to develop the ParaStation software, which Plaintiffs delivered for implementation in supercomputer projects. *See* Attachment L ¶ 45. For example, in the first DEEP Project[2], Plaintiffs claim ParTec delivered the ParaStation Cluster Suite and ParaStation Global MPI, as the cluster operating system software for the DEEP supercomputer prototype. During the DEEP Project, JSC's employees held leadership positions in the project management team. *See* Attachment H. The participants of the project created various proposals and presentations regarding a cluster-booster computing system. JSC's employees, including Thomas Lippert and Norbert Eicker, are

---

[1] "ParTec" shall mean Plaintiff ParTec AG, or formerly ParTec Cluster Competence Center GmbH, including without limitation all of its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with ParTec, and others acting on behalf of ParTec.

[2] "DEEP Project(s)" shall mean any Dynamical Exascale Entry Platform project funded by the European Commission, including without limitation DEEP, DEEP-ER, DEEP-EST, and DEEP-SEA projects.

listed as authors of such documents, which were used by Plaintiffs to show conception of the claimed inventions of the Asserted Patents.  *See* Attachments B–G.  Thus, Microsoft believes JSC possesses information relevant to this litigation and seeks from Germany a production of documents from JSC as well as the chance to obtain deposition testimony.

For the reasons discussed in this letter, the United States District Court for the Eastern District of Texas believes that this Request is being made in the interests of justice.  Microsoft believes that the information sought may not be available from any other source.

Attached as Attachment A is a copy of the Protective Order.  In United States District Courts, a protective order prevents the disclosure of sensitive information except to certain individuals under certain conditions, as governed by the terms of the order.  All confidential information provided in assistance to this litigation would be subject to this order, and used solely for purposes of the litigation.

**8. Evidence To Be Obtained Or Other Judicial Act To Be Performed**

    **a) Evidence**

According to Section 429 of the German Code of Civil Procedure, third parties, such as JSC, have a duty to cooperate in the taking of evidence, including the duty to produce physical records and the duty to make a truthful deposition as a witness.

This Court respectfully requests that the JSC be required to provide:

1. Documents and oral testimony relating to any collaboration, research project, or partnership between ParTec and JSC, including the DEEP Project(s), JURECA, JUWELS, and JUPITER, including ParTec's and JSC's respective contributions, requirements, and obligations and any agreements between ParTec and JSC.

2. Documents and oral testimony relating to requirements, obligations or agreements under the DEEP Project(s) concerning public dissemination of project results.

7

3. Documents and oral testimony relating to ParTec's and JSC's participation and contributions in the DEEP Project(s), including the parties' rights to exploit project results and intellectual property created during such projects.

4. Documents and oral testimony relating to the conception, development, and design of the dynamic Modular System Architecture (dMSA), including ParTec's and JSC's respective contributions to the conception, development, and design of dMSA.

5. Documents and oral testimony relating to the implementation of the dynamic Modular System Architecture (dMSA) in any product, computing system, or research project at JSC, including the DEEP Project(s), JURECA, JUWELS, and JUPITER.

6. Documents and oral testimony relating to the development, design, implementation, and use of any ParTec system, product, or technology, including, for example, Parastation, Parastation Global MPI, Parastation Cluster Middleware or Suite, Parastation pscom, Parastation HealthChecker, and/or Parastation Modulo, in any product, computing system, or research project at JSC, including the DEEP Project(s), JURECA, JUWELS, and JUPITER.

7. Documents and oral testimony relating to any product, computing system, or research project at JSC that embodies, practices, or uses one or more claims of the Asserted Patents.

8. Documents and oral testimony relating to JSC's, and its employees', contributions to the conception and reduction to practice of the claims of the Asserted Patents.

9.  Documents and oral testimony relating to the FP7 ICT-2011.9.13 consortium, including documents and oral testimony relating to the Intel-ParTec-FZJ Exacluster Lab and its collaboration with the German Research School (*see* Attachments B–G).

10. Documents and oral testimony relating to the nature of the relationship or collaboration between JSC and any other party relating to the FP7 ICT-2011.9.13 consortium.

11. Documents and oral testimony relating to the documents attached hereto as Attachments B–G, including their creation, authorship, subject matter, confidentiality, disclosure, and presentation.

12. Documents and oral testimony relating to the first disclosure of the subject matter disclosed in the documents attached hereto as Attachments B–G to individuals or entities other than JSC.

13. Documents and oral testimony relating to Thomas Lippert's employment at JSC, including any employment agreements, the dates of employment, and terms of employment.

14. Documents and oral testimony relating to JSC's policies and agreements regarding the ownership of JSC employees' inventions or intellectual property, including any such documents or agreements concerning Thomas Lippert.

15. Documents and oral testimony relating to (including those obtained from or authored by Thomas Lippert, Norbert Eicker, or any other current or former JSC employee, consultant, or collaborator) the Asserted Patents, the above-captioned litigation, any subject matter disclosed in the Asserted Patents (including

heterogenous computer cluster-booster systems, parallel processing on multi-core architecture, dynamical resource manager, dynamic and static accelerator-compute node assignment, booster nodes, and application runtime-based resource allocation), or products embodying, practicing, or using one or more claims of the Asserted Patents.

16. Documents and oral testimony relating to any communications or agreements between JSC or its employees and any other party, including Plaintiffs, regarding the Asserted Patents or the above-captioned litigation.

17. Documents and oral testimony relating to the relationship and/or communications between Thomas Lippert and Bernhard Frohwitter or Plaintiffs from 2003 to present.

### b) Purpose of Evidence

The evidence requested is, or is likely to be, in the possession, custody, or control of JSC. The documents requested are relevant at least because information relating to the conception, development, implementation, manufacture, and/or disclosure of products or technology embodying one or more claims of the Asserted Patents is relevant at least to determining validity, proper inventorship, conception and reduction to practice, priority date, and scope of the Asserted Patents. S*ee* 35 U.S.C. § 102.

### 9. Identity And Address Of Person To Be Examined

Microsoft seeks deposition testimony from JSC, including by asking questions at such depositions. JSC is located at the following address:

Jülich Supercomputing Centre (JSC)
Forschungszentrum Jülich GmbH
Wilhelm-Johnen-Straße
52428 Jülich
Germany

Telephone: +49 2461 61-6402

**10. Questions To Be Put To The Persons To Be Examined Or Statement Of The Subject Matter About Which They Are To Be Examined**

The documents and subject matter described in **Section 8**, above.

**11. Documents Or Other Property To Be Inspected**

The documents described in **Section 8**, above.

**12. Any Requirement That The Evidence Be Given An Oath Or Affirmation And Any Special Form To Be Used**

According to Art. 9. para. 2 of the Hague Convention, this Court requests that JSC be placed under oath before answering questions. The requested form of oath is: "Do you solemnly swear or affirm that the testimony you will give in this deposition will be the truth, the whole truth, and nothing but the truth?"

**13. Special Methods Or Procedure To Be Followed**

Respectfully, this Court requests that the competent Central Authority direct JSC to appear for a deposition at a time and place mutually agreed upon by the parties and company representatives.

Furthermore, this Court requests pursuant to Chapter I, Article 9 of the Hague Convention, that the following special procedures be observed:

    i.    That counsel for Microsoft be permitted to ask questions relating to the subject matter described in **Section 8** above.

    ii.    That counsel for Plaintiffs be permitted to ask questions relating to the subject matter described in **Section 8** above.

    iii.    That only the parties' representatives or their designees, interpreters, a United States court reporter or stenographer, videographer, and counsel for the witness (if he desires), and the appropriate representatives of the

| | |
|---|---|
| | competent Central Authority be permitted to attend and participate at the deposition in which the witness will be examined. |
| iv. | That the witness be examined under oath pursuant to the United States Federal Rules of Civil Procedure. |
| v. | That counsel for the witness (if he desires) be permitted to defend the deposition pursuant to the United States Federal Rules of Civil Procedure. |
| vi. | That a United States court reporter or stenographer be permitted to make a verbatim record of the witness' examination. |
| vii. | That the parties' representatives or their designees be permitted to object orally to any questions posed by the opposing party, in order to preserve any objections to be ruled upon by this Court at trial. |
| viii. | That a legal videographer be permitted to attend the hearing and make a video recording of the witness' testimony. |
| ix. | That the parties' representatives or their designees be permitted to refer to and show the witness documents during the oral examination of the witness. |
| x. | That the depositions are either conducted in English, or, if necessary, with the assistance of an interpreter, that if the depositions are conducted through an interpreter, verbatim transcripts of the proceeding in both English and German may be permitted. |
| xi. | That the witness be examined for no more than seven (7) hours of testimony if the deposition is conducted entirely in English, or ten (10) hours of testimony if the deposition is conducted primarily in German (*i.e.*, over half the deposition is in German). |

      xii.      That each side—Microsoft and Plaintiffs—be permitted equal time for questioning, out of the total time that is allotted for questioning.

      xiii.      That the witness be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witness.

      xiv.      That the witness be examined as soon as practicable.

Furthermore, this Court respectfully requests that the Stipulated Protective Order (Attachment A) previously entered by the parties in this case apply to the treatment of any documents relating to the deposition of JSC, as well as to the deposition transcript.

If the procedures described above cannot be adhered to, this Court requests that is be taken in such a manner as provided by the laws of Germany for the formal taking of evidence.

This Court also requests that JSC produce the documents described in **Section 8** above at least ten (10) days prior to the examination of JSC.

## 14. Request For Notification Of The Time And Place For The Execution Of The Request And Identify And Address Of Any Person To Be Notified

This Court respectfully requests that you notify this Court; the representatives of Microsoft and Plaintiffs as indicated below; and such person(s) that you deem proper.

Tilman Müller-Stoy  
mueller-stoy@bardehle.de  
BARDEHLE PAGENBERG Partnerschaft mbB  
Prinzregentenplatz 7  
81675 Munich  
Germany

Betty Chen  
bchen@desmaraisllp.com  
DESMARAIS LLP  
101 California Street  
San Francisco, California 94111  
Telephone: (415) 573-1900  
Facsimile: (415) 573-1901

Jeffrey Seddon

13

jseddon@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Jonathan Lewis
jlewis@desmaraisllp.com
Ha Vu Thu Huynh
hhuynh@desmaraisllp.com
DESMARAIS LLP
1899 Pennsylvania Avenue, Suite 400
Washington, District of Columbia 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901

Melissa Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Justin A. Nelson
jnelson@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Matthew R. Berry
mberry@susmangodfrey.com
Alexander W. Aiken
aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Claire Abernathy Henry
claire@millerfairhenry.com
MILLER, FAIR, HENRY PLLC

14

>1507 Bill Owens Parkway
>Longview, Texas 75604
>Telephone: (903) 757-6400
>Facsimile: (903) 757-2323
>
>S. Calvin Capshaw
>ccapshaw@capshawlaw.com
>CAPSHAW DERIEUX LLP
>114 E. Commerce Ave.
>Gladewater, Texas 75647
>Telephone: (903) 845-5770

**15. Request For Attendance Or Participation Of Judicial Personnel Of The Requesting Authority At The Execution Of The Letter Of Request**

None.

**16. Specification Of Privilege Or Duty To Refuse To Give Evidence Under The Law Of The State Of Origin**

Microsoft believes that the request does not implicate any such privilege or duty.

**17. Fees And Costs**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Microsoft, through its counsel of record, Desmarais LLP.

## CONCLUSION

In the spirit of comity and reciprocity, this Court respectfully requests that this Letter of Request be forwarded to and executed by the Central Authority of the competent German State, and that, by its proper and usual process, that Central Authority compel the following:

1. JSC to produce the documents in accordance with requests described in **Section 8** above at least ten (10) days prior to the examination of JSC.

2. JSC to appear at the time and place determined by the competent Central Authority to give oral testimony under oath concerning the subject matter described in **Section 8** above.

3. Allow counsel for Microsoft to ask additional questions relating to the subject matter described in **Section 8** above as necessary.

4. Allow counsel for Plaintiffs to ask additional questions relating to the subject matter described in **Section 8** above as necessary.

This Court respectfully requests that this Letter of Request be given the highest consideration and enforced, in its entirety, as soon as practicable. This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that, pursuant to the authority of 28 U.S.C. § 1782, it stands ready and willing to do the same for you in a similar matter when required.

Dated: _____  _____

The Honorable Robert W. Schroeder
United States District Judge
Eastern District of Texas