IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG AND BF EXAQC AG,<br><br>         Plaintiffs,<br><br>  v.<br><br>MICROSOFT CORPORATION,<br><br>         Defendant. | Case No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MICROSOFT CORPORATION'S UNOPPOSED MOTION FOR LEAVE
TO SUPPLEMENT INVALIDITY CONTENTIONS**

## I. INTRODUCTION

On March 6, 2025, Defendant Microsoft Corporation ("Microsoft") served invalidity contentions pursuant to the deadline set forth in the Court's amended scheduling order (Dkt. No. 37) ("March 6 Invalidity Contentions"). There is thus no need for Microsoft to seek leave to supplement because the operative deadline had not passed for invalidity contentions. *See, e.g., Alcatel USA Res., Inc. v. Microsoft Corp.*, No. 6:06-CV-500, 2008 WL 11348444, at *1 (E.D. Tex. Oct. 3, 2008) ("Patent Rule 3–6(b) requires leave of Court and good cause if a party seeks to amend or supplement its invalidity contentions *after the due date*.") (emphasis added). However, Plaintiffs contend that Microsoft must seek a motion for leave. Accordingly, in the spirit of compromise, Microsoft files the instant motion; Plaintiffs do not oppose.

## II. ARGUMENT

Microsoft has good cause (to the extent good cause is necessary) to serve supplemental contentions on March 6, 2025 because Microsoft was diligent in discovering prior art and preparing its supplemental invalidity contentions. *See S&W Enters., L.L.C. v. Southtrust Bank of Alabama,* 315 F.3d 533, 535 (5th Cir. 2003). Upon discovery of additional invalidating evidence, Microsoft prepared its March 6 Invalidity Contentions to include supplemental charts based on seven prior art references, only two of which were not previously disclosed or charted in Microsoft's preliminary contentions served October 30, 2024 ("October 30 Invalidity Contentions").[1] *See, e.g., Guardian Techs., LLC v. Radio Shack Corp.*, No. 3:09-CV-00649-B, 2010 WL 11534474, at *3 (N.D. Tex. Aug. 13, 2010) (finding diligence "particularly in light of

---

[1] Only two (Degenaro and KEENELAND) of the seven prior art references are new to the March 6 Invalidity Contentions; five (Krishnamurthy, SLURM, Roadrunner, NCSA Lincoln, and CBEA) of the seven prior art references were already charted or disclosed for certain of the asserted patents in the October 30 Invalidity Contentions.

2

[defendant's] prompt disclosure of the newfound information" and as "reflected in the thoroughness of [defendant's] preliminary and amended contentions"); *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-CV-00269-JRG, 2021 WL 4894262, at *2 (E.D. Tex. Oct. 19, 2021) (finding diligence where defendants disclosed system prior art in preliminary invalidity contentions and "continued [third-party discovery] until they ultimately located the information").

For each of Krishnamurthy, SLURM, Roadrunner, NCSA Lincoln, and CBEA, Microsoft diligently analyzed and identified additional information that would invalidate all asserted patents. For example, on October 15, 2024, Microsoft issued subpoenas on multiple third parties to request documentation concerning SLURM, Roadrunner, NCSA Lincoln, and CBEA. *See* Exs. A-D. It was not until January 31, 2025—only a month before the March 6 Invalidity Contentions—that Microsoft received a limited production of documentation concerning SLURM. *See* Chen Decl. ¶ 3. In February 2025, Microsoft discovered additional SLURM documentation that reflects how SLURM predates all asserted patents. *See id*. As for KEENELAND and Degenaro, Microsoft discovered these references as part of its continuing investigations and prior art searches. Once Microsoft obtained and analyzed this additional evidence, it promptly prepared and served the March 6 Invalidity Contentions.

Microsoft also has good cause to supplement its invalidity contentions because the supplements bolster and provide additional grounds that support Microsoft's invalidity case. *See, e.g., Estech Sys., Inc. v. Target Corp.*, No. 220CV00122JRGRSP, 2021 WL 2187978, at *4 (E.D. Tex. May 28, 2021) ("[New] references are important to the Defendants since these references may be dispositive of [Plaintiff's] claims. If the Defendants' theory is accepted, then the patents-in-suit may be invalid.").

Furthermore, given that the Court's amended scheduling order already provided a March

6 deadline for invalidity contentions, *see* Dkt. No. 37, and the case is still in its early stage, with claim construction still more than four months away and close of fact discovery more than ten months away, Plaintiffs are not likely to suffer any undue prejudice due to Microsoft's March 6 Invalidity Contentions.

### III. CONCLUSION

Microsoft respectfully requests that this Court grant Microsoft's motion for leave to supplement its invalidity contentions with the contentions served to Plaintiffs on March 6, 2025.

Dated: April 10, 2025

Respectfully submitted,

By: /s/ Betty Chen
Melissa Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Betty Chen
LEAD ATTORNEY
State Bar No. 24056720
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

Jeffrey Seddon (*pro hac vice*)
jseddon@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400
Fax: (212) 351-3401

Caitrianne Feddeler (*pro hac vice*)
cfeddeler@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-808-1041
Fax: 212-351-3401

*Counsel for Defendants' Microsoft Corporation*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document and all attachments have been served on all counsel of record via email on April 10, 2025.

Dated: April 10, 2025

*/s/ Betty Chen*
Betty Chen

Betty Chen
LEAD ATTORNEY
State Bar No. 24056720
bchen@desmaraisllp.com
Desmarais LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Parties complied with the meet and confer requirement in Local Rule CV-7(h), and that Plaintiffs are not opposed to the relief sought herein.

Dated: April 10, 2025

                                            */s/ Betty Chen*
                                            Betty Chen

                                            Betty Chen
                                            LEAD ATTORNEY
                                            State Bar No. 24056720
                                            bchen@desmaraisllp.com
                                            Desmarais LLP
                                            101 California Street
                                            San Francisco, CA 94111
                                            Tel: (415) 573-1900
                                            Fax: (415) 573-1901