# **EXHIBIT** 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PARTEC AG and BF EXAQC AG, | Civil Action No. 2:24-cv-00433-RWS |
| Plaintiffs, | |
| v. | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |
| MICROSOFT CORPORATION, | |
| Defendant. | |

<u>**LETTER OF REQUEST**</u>

*Request for International Judicial Assistance*

*Pursuant to the Hague Convention of 18 March 1970 on*

*The Taking of Evidence Abroad in Civil or Commercial Matters*

By the United States District Court, Eastern District of Texas

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF GERMANY:**

The United States District Court for the Eastern District of Texas presents its compliments to Germany and Central Authority of Baden-Württemberg and requests assistance in obtaining evidence from Ulrich Brüning, in his personal capacity and capacity as an employee at University of Heidelberg ("University of Heidelberg").  As a University of Heidelberg employee, Mr. Brüning can be reached at the following address:

> University of Heidelberg (Ruprecht Karl University of Heidelberg)
> Grabengasse 1
> 69117 Heidelberg
> Germany
> Telephone: +49 6221 540
> Email: ulrich.bruening@ziti.uni-heidelberg.de

This request is made pursuant to the Hague Convention of 18 March 1970 ("the Hague Convention") which has been implemented in the United States of America as 28 U.S.C. §§ 1781 and 1782.  Germany and the United States are both parties to the Hague Convention.  The evidence requested is not discovery within the meaning of Article 23 of the Evidence Convention.

The United States District Court for the Eastern District of Texas properly has jurisdiction over this proceeding.  The evidence being sought is intended for use in this case captioned *ParTec AG and BF exaQC AG v. Microsoft Corporation*, No. 2:24-cv-00433-RWS (E.D. Tex.).  This Court has determined that the evidence requested is directly relevant to the issues in this dispute.

The following Letter of Request follows the model form presented as the model Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

The particulars for this Letter of Request are as follows:

**1.  Sender**

> The Honorable Roy Payne
> United States Magistrate Judge

United States District Court for the Eastern District of Texas
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, TX 75670
United States of America
Telephone: (903) 794-4067
Facsimile: (903) 794-1224

**2. Central Authority Of The Requested State**

President of the Local Court of Freiburg
Präsidentin des Amtsgerichts Freiburg
Holzmarkt 2
79098 Freiburg
Telephone: +49 761 205-0
Facsimile: +49 761 205-1800
Email: poststelle@AGFreiburg.justiz.bwl.de

**3. Person To Whom The Executed Request Is To Be Returned**

This Court; representatives of the parties as indicated below; and such other person(s) that you deem proper.

**4. Specification Of The Date By Which The Requesting Authority Requires Receipt Of The Response To The Letter Of Request**

**Date:** A response to this Letter Rogatory is requested by June 15, 2025, or as soon as reasonably practicable consistent with the Central Authority's calendar.

**Reason for urgency:** The parties' deadline for completing fact discovery is January 26, 2026. The trial in this matter is currently set for June 2026. Microsoft respectfully requests prompt execution of this Request to ensure adequate time in which to obtain testimonial evidence from Mr. Brüning.

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

**5.  Requesting Judicial Authority**

**a)  Authority**

The Honorable Roy Payne
United States Magistrate Judge
United States District Court for the Eastern District of Texas
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, TX 75670
United States of America
Telephone: (903) 794-4067
Facsimile: (903) 794-1224

**b)  To the Competent Authority of**

*Federal Republic of Germany*, to be forwarded to and executed by the Central Authority

of Baden-Württemberg.

President of the Local Court of Freiburg
Präsidentin des Amtsgerichts Freiburg
Holzmarkt 2
Telephone: +49 761 205-0
Facsimile: +49 761 205-1800
Email: poststelle@AGFreiburg.justiz.bwl.de

**c)  Names of the case and identifying number**

*ParTec AG and BF exaQC AG v. Microsoft Corporation*, Civil Action No. 2:24-cv-00433-

RWS (E.D. Tex.), currently pending in the United States District Court for the Eastern District of

Texas.

**6.  Names And Addresses Of The Parties And Their Representatives**

**a)  Plaintiffs**

ParTec AG
Possartstr. 20
D-81679 München
Germany
Telephone: +49 (0) 89 99809-100

BF exaQC AG
Südliche Münchner Str. 56
82031 Grünwald

Germany

**Representatives in the United States:**
Justin A. Nelson
jnelson@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Matthew R. Berry
mberry@susmangodfrey.com
Alexander W. Aiken
aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Claire Abernathy Henry
claire@millerfairhenry.com
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

S. Calvin Capshaw
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 845-5770


**b)  Defendant**

Microsoft Corporation
One Microsoft Way
Redmond, Washington 98052-6399
United States of America

**Representatives**
Betty Chen
bchen@desmaraisllp.com

DESMARAIS LLP
101 California Street
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

Jeffrey Seddon
jseddon@desmaraisllp.com
Caitrianne Feddeler
cfeddeler@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Jonathan Lewis
jlewis@desmaraisllp.com
Ha Vu Thu Huynh
hhuynh@desmaraisllp.com
DESMARAIS LLP
1899 Pennsylvania Avenue, Suite 400
Washington, District of Columbia 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901

Melissa Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Mr. Tilman Müller-Stoy, BARDEHLE PAGENBERG Partnerschaft mbB, Prinzregentenplatz 7, 81675 Munich, Germany, will act as agent of service for Defendant, to accept service of any documents and/or to respond to any questions or concerns the German authorities may have in relation to the present Request.

**c) Other Parties**

None.

7.  **Nature And Summary Of The Proceedings**

This is a civil action alleging patent infringement under the patent laws of the United States. The patent infringement claims in this civil action were filed in the Eastern District of Texas under 35 U.S.C. § 271. Resolution of these civil claims will not result in damages paid to any state in the U.S. or result in financial benefit to any state in the U.S. Moreover, the state of Texas, the forum state where the Eastern District of Texas is located, has not enforced any split-recovery statutes.[1] No claims asserted in the present proceeding could lead to the application of a split-recovery statute.

ParTec AG and BF exaQC AG (collectively, "Plaintiffs") allege that Microsoft Corporation ("Microsoft") infringes U.S. Patent Nos. 10,142,156; 11,934,883; and 11,537,442 (the "Asserted Patents"); by making, using, inducing other to make or use, offering to sell, and/or importing such products into the United States. Microsoft denies that it either directly or indirectly infringes any of the Asserted Patents. Microsoft further asserts that the Asserted Patents are invalid, and Microsoft asserts that various legal doctrines and statutes bar Plaintiffs' requested relief.

Technical information related to the Asserted Patents as well as the alleged conception and reduction to practice of the Asserted Patents are pertinent to at least the issue of patent validity in United States Courts. University of Heidelberg was among the participating members of the DEEP

---

[1] Only the following states have enacted split-recovery statutes: Alaska, Georgia, Illinois, Indiana, Iowa, Missouri, Oregon, and Utah. *See* Alaska Stat. § 09.17.020(j); Ga. Code Ann. § 51-12-5.1(e)(2); 735 Ill. Comp. Stat. Ann. 5/2-1207; Ind. Code Ann. § 34-51-3-6; Iowa Code Ann. § 668A.1(2); Mo. Ann. Stat. § 537.675(g); Or. Rev. Stat. § 31.735; and Utah Code Ann. § 78B-8-201.

supercomputer projects that ParTec[2] has allegedly been involved in and relate to the alleged inventions of the Asserted Patents. *See* Attachments H, K; *see also* Attachment L ¶¶ 26–29. For example, Plaintiffs claim that these projects have included the development and implementation of the dynamic Modular System Architecture (dMSA) that Plaintiffs allege to embody the claimed inventions of the Asserted Patents. *See* Attachment K. Further, Plaintiffs claimed that ParTec developed and delivered its ParaStation software for implementation in these supercomputer projects. *See id.* For example, in the first DEEP Project[3], Plaintiffs claim ParTec delivered the ParaStation Cluster Suite and ParaStation Global MPI, as the cluster operating system software for the DEEP supercomputer prototype. During the DEEP Project, University of Heidelberg contributed to the design and development of a cluster-booster computing system alleged to be the claimed inventions of the Asserted Patents by Plaintiffs. *See* Attachment H. Ulrich Brüning is the Chair of Computer Architecture Group at University of Heidelberg and was involved in the DEEP supercomputer projects with ParTec.[4] As such, Mr. Ulrich Brüning is knowledgeable about ParTec's involvement in the projects and the design and development of the computing system claimed to be ParTec's inventions.

In light of the above, Microsoft believes that Mr. Brüning possesses information relevant to this litigation and seeks from Germany the chance to obtain deposition testimony from Mr.

---

[2] "ParTec" shall mean Plaintiff ParTec AG, or formerly ParTec Cluster Competence Center GmbH, including without limitation all of its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with ParTec, and others acting on behalf of ParTec.

[3] "DEEP Project(s)" shall mean any Dynamical Exascale Entry Platform project funded by the European Commission, including without limitation DEEP, DEEP-ER, DEEP-EST, and DEEP-SEA projects.

[4] https://www.ziti.uni-heidelberg.de/en/research/em-cag.html

Brüning.  Indeed, Microsoft deems that the information sought may not be available from any other source.

For the reasons discussed in this letter, the United States District Court for the Eastern District of Texas believes that this Request is being made in the interests of justice.  Microsoft believes that the information sought may not be available from any other source.

Attached as Attachment A is a copy of the Protective Order.  In United States District Courts, a protective order prevents the disclosure of sensitive information except to certain individuals under certain conditions, as governed by the terms of the order.  All confidential information provided in assistance to this litigation would be subject to this order, and used solely for purposes of the litigation.

## 8.  Evidence To Be Obtained Or Other Judicial Act To Be Performed

### a)  Evidence

According to Section 429 of the German Code of Civil Procedure, third parties, such as Mr. Brüning, have a duty to cooperate in the taking of evidence, including the duty to produce physical records and the duty to make a truthful deposition as a witness.

The Court respectfully requests that Mr. Ulrich Brüning, in his individual capacity and in his capacity as University of Heidelberg's corporate representative, be required to provide oral testimony regarding any collaboration or research project between ParTec and University of Heidelberg relating to the design, development and any implementation of the dMSA or ParTec Product in any product, computing system, or research project at University of Heidelberg.  This testimony will be conducted according to the Protective Order previously entered by the parties in this case (Attachment A).

The testimony this Court respectfully requests that Dr. Suarez provide is identified in **Schedule A** below.

### b) Purpose of Evidence

The evidence requested is, or is likely to be, in the possession, custody, or control of Mr. Brüning.   The evidence requested is relevant at least because information relating to the conception, development, implementation, manufacture, and/or disclosure of products or technology embodying one or more claims of the Asserted Patents is relevant at least to determining validity, proper inventorship, conception and reduction to practice, priority date, and scope of the Asserted Patents.  S*ee* 35 U.S.C. § 102.

## 9.  Identity And Address Of Person To Be Examined

Microsoft seeks deposition testimony from Mr. Brüning including by asking questions at such depositions.  Mr. Brüning is a department chair at University of Heidelberg and was involved in the DEEP Projects.  As an employee of University of Heidelberg, Mr. Brüning can be reached at the following address:

> University of Heidelberg (Ruprecht Karl University of Heidelberg)
> Grabengasse 1
> 69117 Heidelberg
> Germany
> Telephone: +49 6221 540
> Email: ulrich.bruening@ziti.uni-heidelberg.de

## 10. Questions To Be Put To The Persons To Be Examined Or Statement Of The Subject Matter About Which They Are To Be Examined

It is requested that Ulrich Brüning be questioned individually and in her capacity as a corporate representative of University of Heidelberg regarding the questions listed in **Schedule A** below and regarding any documents that may be presented to him at the deposition.

## 11. Documents Or Other Property To Be Inspected

None.

**12. Any Requirement That The Evidence Be Given An Oath Or Affirmation And Any Special Form To Be Used**

According to Art. 9. para. 2 of the Hague Convention, this Court requests that Ulrich Brüning be placed under oath before answering questions. The requested form of oath is: "Do you solemnly swear or affirm that the testimony you will give in this deposition will be the truth, the whole truth, and nothing but the truth?"

**13. Special Methods Or Procedure To Be Followed**

The Court respectfully requests that this Letter of Request be forwarded to and executed by the competent Central Authority. Respectfully, this Court requests that the competent Central Authority direct Ulrich Brüning to appear for a deposition at a time and place that will be communicated to him by the competent authority having jurisdiction.

Furthermore, this Court requests pursuant to Chapter I, Article 9 of the Hague Convention, that the following special procedures be observed:

i.      That counsel for Microsoft be permitted to ask questions listed in **Schedule A** below and any additional questions related thereto.

ii.     That counsel for Plaintiffs be permitted to ask questions related to the questions listed in **Schedule A** below.

iii.    That only the parties' representatives or their designees, interpreters, a United States court reporter or stenographer, videographer, and counsel for the witness (if he desires), and the appropriate representatives of the competent Central Authority be permitted to attend and participate at the deposition in which the witness will be examined.

iv.     That the witness be examined under oath pursuant to the United States Federal Rules of Civil Procedure.

v.      That counsel for the witness (if he desires) be permitted to defend the deposition pursuant to the United States Federal Rules of Civil Procedure.

vi.     That a United States court reporter or stenographer be permitted to make a verbatim record of the witness' examination.

vii.    That the parties' representatives or their designees be permitted to object orally to any questions posed by the opposing party, in order to preserve any objections to be ruled upon by this Court at trial.

viii.   That a legal videographer be permitted to attend the hearing and make a video recording of the witness' testimony.

ix.     That the parties' representatives or their designees be permitted to refer to and show the witness documents during the oral examination of the witness.

x.      That the depositions are either conducted in English, or, if necessary, with the assistance of an interpreter, that if the depositions are conducted through an interpreter, verbatim transcripts of the proceeding in both English and German may be permitted.

xi.     That the witness be examined for no more than seven (7) hours of testimony if the deposition is conducted entirely in English, or ten (10) hours of testimony if the deposition is conducted primarily in German (*i.e.*, over half the deposition is in German).

xii.    That each side—Microsoft and Plaintiffs—be permitted equal time for questioning, out of the total time that is allotted for questioning.

xiii.   That the witness be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witness.

xiv.        That the witness be examined as soon as practicable.

Furthermore, this Court respectfully requests that the Stipulated Protective Order (Attachment A) previously entered by the parties in this case apply to the treatment of any documents relating to the deposition of Ulrich Brüning, as well as to the deposition transcript.

If the procedures described above cannot be adhered to, this Court requests that is be taken in such a manner as provided by the laws of Germany for the formal taking of evidence.

## 14. Request For Notification Of The Time And Place For The Execution Of The Request And Identify And Address Of Any Person To Be Notified

This Court respectfully requests that you notify this Court; the representatives of Microsoft and Plaintiffs as indicated below; and such person(s) that you deem proper.

Tilman Müller-Stoy
mueller-stoy@bardehle.de
BARDEHLE PAGENBERG Partnerschaft mbB
Prinzregentenplatz 7
81675 Munich
Germany

Betty Chen
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, California 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901

Jeffrey Seddon
jseddon@desmaraisllp.com
Caitrianne Feddeler
cfeddeler@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401

Jonathan Lewis
jlewis@desmaraisllp.com
Ha Vu Thu Huynh

hhuynh@desmaraisllp.com
DESMARAIS LLP
1899 Pennsylvania Avenue, Suite 400
Washington, District of Columbia 20006
Telephone: (202) 451-4900
Facsimile: (202) 451-4901

Melissa Smith
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Justin A. Nelson
jnelson@susmangodfrey.com
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Matthew R. Berry
mberry@susmangodfrey.com
Alexander W. Aiken
aaiken@susmangodfrey.com
SUSMAN GODFREY LLP
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883

Claire Abernathy Henry
claire@millerfairhenry.com
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

S. Calvin Capshaw
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, Texas 75647

Telephone: (903) 845-5770

**15. Request For Attendance Or Participation Of Judicial Personnel Of The Requesting Authority At The Execution Of The Letter Of Request**

None.

**16. Specification Of Privilege Or Duty To Refuse To Give Evidence Under The Law Of The State Of Origin**

Microsoft believes that the request does not implicate any such privilege or duty.

**17. Fees And Costs**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Microsoft, through its counsel of record, Desmarais LLP.

## CONCLUSION

In the spirit of comity and reciprocity, this Court respectfully requests that this Letter of Request be forwarded to and executed by the Central Authority of the competent German State, and that, by its proper and usual process, that Central Authority compel the following:

1. Ulrich Brüning to appear at the time and place determined by the competent judicial Authority to give oral testimony under oath concerning the questions listed in **Schedule A** below.

2. Allow counsel for Microsoft to ask additional questions relating to the questions set forth in **Schedule A** below as necessary.

3. Allow counsel for Plaintiffs to ask additional questions relating to the questions set forth in **Schedule A** below as necessary.

This Court respectfully requests that this Letter of Request be given the highest consideration and enforced, in its entirety, as soon as practicable. This Court expresses its appreciation to you for your courtesy and assistance in this matter and states that, pursuant to the

14

authority of 28 U.S.C. § 1782, it stands ready and willing to do the same for you in a similar matter when required.


Dated: _____          _____

The Honorable Roy Payne
United States Magistrate Judge
Eastern District of Texas

## SCHEDULE A

The United States District Court for the Eastern District of Texas requests that the competent German judicial authority compels Mr. Ulrich Brüning to testify under oath, in his individual capacity and in his capacity as University of Heidelberg's corporate representative, on the following questions pursuant to the following definitions.

## **DEFINITIONS**

The words and phrases used in these Questions shall have the meanings ascribed to them under the United States Federal Rules of Civil Procedure.  In addition, the following terms shall have the meanings set forth below whenever used in any Question:

1.      "You," "Your," or Yours" refers to Ulrich Brüning.

2.      "University of Heidelberg" refers to University of Heidelberg and its divisions, departments, area or regional offices, authorized agents, owners, affiliates, predecessors, successors and assigns, employees, advisors, attorneys, representatives, officers, directors, independent contracts, past agents, past employees past representatives, and any and all other persons acting on University of Heidelberg's behalf.

3.      "Plaintiffs" means ParTec AG and BF exaQC AG, and their officers, directors, employees, partners, subsidiaries, or affiliates.

4.      "ParTec" means ParTec AG, or formerly ParTec Cluster Competence Center GmbH, its officers, directors, employees, partners, subsidiaries, or affiliates.

5.      "BFX" means BF exaQC AG, its officers, directors, employees, partners, subsidiaries, or affiliates.

6.      "Third Party" or "Third Parties" mean any Person other than Microsoft or the Plaintiffs, currently identified in This Action.

7.      "Licensee" or "Licensees" shall mean any entity with rights to practice or enforce

any of the Asserted Patents.

8.      "Complaint" shall mean the complaint for patent infringement filed by Plaintiffs to the United States District Court for the Eastern District of Texas on June 10, 2024.

9.      "Asserted Patent(s)" means U.S. Patent No. 10,142,156 (the "'156 Patent"); U.S. Patent No. 11,934,883 (the "'883 Patent"); U.S. Patent No. 11,537,442 (the "'442 Patent"), including any certificates of correction or reexamination.

10.      "Related Patents" shall mean any patent application or issued patent filed or issued in any country or region (such as with the European Patent Office) that is related to the Asserted Patents, including foreign counterparts, continuations, continuations in part, divisionals, reexaminations, reissues, provisionals, parent applications or patents, child applications or patents, and PCT applications.

11.      "ParTec Product" shall mean any system, product, or technology licensed, offered for sale or sold by ParTec, including Parastation, Parastation Global MPI, Parastation Cluster Middleware or Suite, Parastation pscom, Parastation HealthChecker, and/or Parastation Modulo.

12.      "dMSA" shall mean the dynamic Modular System Architecture (*see, e.g.,* Attachment K).

13.      "DEEP Project(s)" shall mean any Dynamical Exascale Entry Platform project funded by the European Commission, including without limitation DEEP, DEEP-ER, DEEP-EST, and DEEP-SEA projects.

14.      "This Action" means the above-captioned action.

15.      "Communication" means any transmission of information by one or more Persons and/or between two or more Persons by any means, including telephone conversations, face-to-face conversations, letters, facsimiles, written memoranda, instant messages, electronic mail,

Internet postings, other computer link-ups, and recordings of such.

16.    "Document" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure and includes the original and every non-identical copy or reproduction in Your possession, custody, or control, and further is used in a broad sense to refer to any electronic information or any tangible object or thing that contains, conveys, or records information.

17.    "Person" means any natural person or business, legal, or governmental entity or association.

18.    "Include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to the topics and definitions containing those words.

19.    "And" and "or" shall each be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

20.    "Any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

21.    The singular of any word shall include the plural, and the plural shall include the singular.

22.    "Related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

23.    As applied to a Document, "identify" means specifying: the type of the Document (e.g., whether it is a letter, memorandum, email, etc.); the Document's title and general subject matter; the number of pages of the Document; the date the Document was prepared; the name of each and every author, addressee, distributor, and recipient of the Document; the date each

18

distributor distributed the Document and the date each recipient received the Document; and the name of each person that has or had possession, custody, or control of the Document.

24.    As applied to an event, "identify" means providing a description of the event, including: the date of the event; the location of the event; and the Persons involved in the event.

25.    As applied to the factual or legal bases for a contention, the term "identify" means stating in detail each and every fact or each and every legal proposition or interpretation, upon which a belief or contention is based, and identifying all Documents, Persons, and events that support that belief or contention.

26.    As applied to a product, "identify" means stating: the product name; product type; product number; model number; marketing name; sales name; internal development name; version; manufacturer; supplier; any other designation known to Plaintiff; and, to the extent any of the above information is inapplicable or unavailable, identifying that information and stating why it is inapplicable or unavailable.

27.    As applied to a Person, "identify" means specifying the Person's: full name; present or last-known address; telephone number; and, when referring to a natural person, the Person's present or last-known employer or business affiliation and position or job description.

## **QUESTIONS**

1.    State Your full name and current primary city of residence.

2.    State Your current employer, Your current business address, and Your current job title(s).

3.    Identify every position You have held within University of Heidelberg, including:

   a.    The title of each position;

   b.    The dates You held each position;

   c.    A description of the general duties for each position; and

       d.      To whom You reported in that position.

4.      Is it true that ParTec and University of Heidelberg have engaged in collaborations, research projects, or partnerships between from 2009 to present?

5.      Can You please identify each of these collaborations, research projects, or partnerships?

6.      Is it true that these collaborations included the DEEP Projects and the project to build the DEEP prototype supercomputer?

7.      For each supercomputer project (*e.g.*, DEEP Projects) that University of Heidelberg has participated in with ParTec:

       a.      Is it true that University of Heidelberg has been involved in the design, development, or operation of the supercomputer project?  If so:

          i.    What dates or timeframe was University of Heidelberg involved in the design, development, or operation of the supercomputer project?

         ii.    Could You please identify any agreement between University of Heidelberg and ParTec relating to the design, development, or operation of the supercomputer?

        iii.    Could You please describe University of Heidelberg's contributions to or involvement in designing, developing, or operating the supercomputer project?

        iv.    Could You please describe ParTec's contributions to or involvement in designing, developing, or operating the supercomputer project?

     v.   Could You please describe the nature of the partnership between University of Heidelberg and ParTec concerning the design, development, and operation of the supercomputer?

    vi.   Could You please describe the reason(s) for University of Heidelberg's decision to partner with ParTec with respect to the supercomputer project?

   vii.   Could You please identify the person(s) at University of Heidelberg responsible for University of Heidelberg's decision to partner with ParTec with respect to the supercomputer project?

b.     Is it true that the supercomputer utilizes or implements a dynamic modular system architecture or dMSA? If so, could You please describe the implementation and design?

c.     Is it true that University of Heidelberg contributed to the implementation or design of the dynamic modular system architecture for the supercomputer? If so, could You please describe University of Heidelberg's contributions to the implementation or design?

d.     Is it true that the supercomputer has booster and compute nodes?

e.     Is it true that the supercomputer's booster and compute nodes are different? If so, could You please explain the difference?

f.     Is it true that there are benefits of having a booster in a node, server, rack, or module that is physically separate from the compute nodes or cluster module? If so, could You please explain the benefits?

g.    Is it true that boosters and compute nodes communicate in the supercomputer?  If so, could You please explain when and how?

h.    Is it true that booster(s) are assigned to compute node(s) in the supercomputer?  If so, could You please explain when and how?

i.    Is it true that the supercomputer implements a static or initial assignment and a dynamic assignment of booster(s) to compute node(s)? If so, could You please describe how and what components are responsible for the assignment(s)?

j.    Is it true that the supercomputer includes a resource manager?  If so, could You please identify and describe the resource manager?

k.    Is it true that the supercomputer includes an application manager?  If so, could You please identify and describe the application manager?

l.    Is it true that tasks and sub-tasks are assigned to booster(s) and compute node(s) in the supercomputer?  If so, could You please describe when and how?

m.    Is it true that ParTec Products (such as the Parastation Modulo software) are utilized or implemented in the supercomputer? If so, can You please identify them?

n.    Is it true that University of Heidelberg contributed to or was involved in implementing any ParTec Product in the supercomputer?  If so, could You please describe University of Heidelberg's contribution or involvement?

o.    Is it true that the ParTec Products utilized or implemented in the supercomputer allow for modular supercomputing? If so, could You please describe how?

p.    Is it true that ParTec Products are utilized to accomplish assignment of booster(s) to compute node(s)? If so, could You please describe how?

q.    Is it true that the Simple Linux Utility for Resource Management (SLURM) Workload Manager is utilized or implemented in the supercomputer project?  If so, could You please describe how?

r.    Is it true that University of Heidelberg has intellectual property rights, including patents, that covers, relates to, or was derived from the supercomputer project?  If so, could You please identify them?

8.    Is it true that University of Heidelberg and ParTec are parties to any agreements, such as licenses or intellectual property agreements, concerning the Asserted Patents or Related Patents, the dMSA, or any ParTec Product? If so:

a.    For each agreement, could You please describe the circumstances (e.g. timing, persons involved in the negotiations, etc.) that led to the agreement?

b.    For each agreement, could You please describe University of Heidelberg's reason(s) for pursuing and entering the agreement?

c.    For each agreement, could You please identify the person(s) at University of Heidelberg responsible for University of Heidelberg's reason(s) for pursuing and entering the agreement?

d.    For each agreement, could You please describe University of Heidelberg's and ParTec's obligations under the agreement?

9.     Is it true that University of Heidelberg is or has been involved – even indirectly – in the above-captioned litigation?  If so, could You please describe University of Heidelberg's involvement?

10.     Is it true that University of Heidelberg has had communications with the Plaintiffs concerning the above-captioned litigation? If so, could You please identify and describe those communications?

11.     Is it true that University of Heidelberg has any knowledge or contention that Microsoft infringes any intellectual property rights related to any project involving or partnership between University of Heidelberg and ParTec? If so, could You please explain?

12.     Is it true that University of Heidelberg has conducted or requested any actual or proposed valuation of intellectual property rights related to any project involving or partnership between University of Heidelberg and ParTec, including University of Heidelberg's intellectual property and ParTec's intellectual property?  If so, could You please identify and describe those actual or proposed valuations?