*Exhibit B*

Director_Discretionary_Decision@uspto.gov Paper 9
571-272-7822 Date: June 12, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE OFFICE OF THE UNDER SECRETARY OF COMMERCE
FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE
UNITED STATES PATENT AND TRADEMARK OFFICE

MICROSOFT CORPORATION.,
Petitioner,

v.

PARTEC CLUSTER COMPETENCE CENTER GMBH,
Patent Owner.

IPR2025-00318
Patent 11,537,442 B2

Before COKE MORGAN STEWART, *Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the United States Patent and Trademark Office*.

DECISION
Denying Patent Owner's Request for Discretionary Denial

IPR2025-00318
Patent 11,537,442 B2

      ParTec Cluster Competence Center GmbH ("Patent Owner") filed a request for discretionary denial (Paper 6, "DD Req.") in the above-captioned case, and Microsoft Corporation filed an opposition (Paper 8, "DD Opp.").

      After considering the parties' arguments and the record, and in view of all relevant considerations, discretionary denial of institution is not appropriate in this proceeding. This determination is based on the totality of the evidence and arguments the parties have presented.

      In particular, Petitioner provides persuasive reasoning, supported by evidence, that discretionary denial under 35 U.S.C. § 325(d) is not appropriate. In determining whether to discretionarily deny a petition under § 325(d), Office policy requires a determination of "(1) whether the same or substantially the same art previously was presented to the Office or whether the same or substantially the same arguments previously were presented to the Office; and (2) if either condition of first part of the framework is satisfied, whether the petitioner has demonstrated that the Office erred in a manner material to the patentability of challenged claims." *Advanced Bionics, LLC v. MED-EL Elektromedizinische Geräte GmbH*, IPR2019-01469, Paper 6 at 8 (PTAB Feb. 13, 2020) (precedential) ("*Advanced Bionics*").

      Although Budenske[1] and Kambatla[2] were not presented to the patent examiner, Lippert[3] was previously presented to the Office. DD Req. 19–21;

---

[1] John R. Budenske et al., *A Method for the On-Line Use of Off-Line Derived Remappings of Iterative Automatic Target Recognition Tasks onto a Particular Class of Heterogeneous Parallel Platforms*, 12 The J. of Supercomputing, (4) (Oct. 1998) (Ex. 1005).
[2] U.S. Patent Application Pub. 2018/0074855 (Ex. 1006).
[3] U.S. Patent Application Pub. 2013/0282787 (Ex. 1004).

2

IPR2025-00318
Patent 11,537,442 B2

Pet. 3. During prosecution, the patent examiner rejected claims 1–10 of the application that matured into U.S. Patent No. 11,537,442 B2 as anticipated by Lippert. Ex. 1002, 126, 152, 156. Although the patent examiner eventually allowed the claims over Lippert, Petitioner explains "how the Examiner erred in overlooking the prior art." *Ecto World LLC v. Rai Strategic Holdings Inc.*, IPR2024-01280, Paper 13 at 5 (PTAB May 19, 2025) (precedential) (citing *Advanced Bionics* at 10). Specifically, Petitioner provides persuasive evidence that the Office erred in a manner material to the patentability of the challenged claims by overlooking the teachings of Budenske and Kambalta, and the combined teachings of Budenske and Lippert, or Budenske and Kambalta with Lippert. DD Opp. 11–12, 22–24; *see* Pet. 2–3, 14–23. Accordingly, discretionary denial under § 325(d) is inappropriate. Although the scheduled district court trial is set to precede the expected final written decision due date by a month (DD Opp. 14), discretionary denial of institution is not warranted because of Petitioner's showing of material error during patent examination. Ordinarily, a scheduled district court trial date that precedes the date projected for a Board final written decision weighs in favor of exercising discretion to deny the Petition. Here, however, the Petitioner appears to show a material error by the Office and it is an appropriate use of Office resources to review the potential error.

Although certain arguments are highlighted above, the determination not to exercise discretion to deny institution is based on a holistic assessment of all of the evidence and arguments presented. Accordingly, the Petition is referred to the Board to handle the case in the normal course, including by

3

IPR2025-00318
Patent 11,537,442 B2

issuing a decision on institution addressing the merits and other non-discretionary considerations, as appropriate.

In consideration of the foregoing, it is:

ORDERED that Patent Owner's request for discretionary denial is *denied*;

FURTHER ORDERED that the Petition is referred to the Board; and

FURTHER ORDERED that neither party shall file a request for rehearing or Director Review of this decision until the Board issues a decision on institution.

IPR2025-00318
Patent 11,537,442 B2

FOR PETITIONER:

Andrew M. Mason
Cameron D. Clawson
Sarah Jelsema
Frank Morton-Park
KLARQUIST SPARKMAN, LLP
andrew.mason@klarquist.com
cameron.clawson@klarquist.com
sarah.jelsema@klarquist.com
frank.morton-park@klarquist.com
Msft-Partec@klarquist.com


FOR PATENT OWNER:

Michael F. Heim
Christopher L. Limbacher
HEIM, PAYNE & CHORUSH, LLP
mheim@hpcllp.com
climbacher@hpcllp.com