*Exhibit E*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-JRG<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFFS' P.R. 3-1 DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS AND P.R. 3-2 DOCUMENT PRODUCTION

Pursuant to Patent Rules 3-1 and 3-2 and the Court's Order regarding scheduling (Dkt. No. 15), Plaintiffs ParTec AG and BF exaQC AG ("Plaintiffs") hereby provide their Disclosure of Asserted Claims and Infringement Contentions and their Document Production Accompanying Disclosure against Defendant Microsoft Corporation ("Microsoft" or "Defendant").

Plaintiffs present these Infringement Contentions based on their analysis of the facts currently known based on their review of certain publicly available information. Plaintiffs reserve the right to amend or further supplement these disclosures—including to supplement their infringement contentions pursuant to P.R. 3-6—with additional information learned in the course of discovery or further investigation concerning Microsoft's products or services.

## I.     Plaintiffs' P.R. 3-1 Disclosures

### A.     P.R. 3-1(a): Infringed Claims

Subject to ongoing discovery and investigation, and based on available information obtained to date, Plaintiffs assert that Microsoft infringes the following claims (collectively, the "Asserted Claims"):

- Claims 1–15 of U.S. Patent No. 10,152,156 (the "'156 Patent");

- Claims 1–16 of U.S. Patent No. 11,934,883 (the "'883 Patent"); and

- Claims 1–5 and 7–10 of U.S. Patent No. 11,537,442 (the "'442 Patent").

Plaintiffs reserve the right to supplement the Asserted Claims following further discovery and/or claim construction.

### B.   P.R. 3-1(b): Accused Instrumentality

Subject to ongoing discovery and investigation, and based on available information obtained to date, Plaintiffs contend that the Microsoft Azure AI system or infrastructure (the "Accused System") infringes the Asserted Claims.[1] *See* Microsoft Mechanics, *What runs GPT-4o? Inside the Biggest AI Supercomputer in the Cloud with Mark Russinovich*, https://www.youtube.com/watch?v=DlX3QVFUtQI (Microsoft explaining that the Azure "AI system . . . refers to the specialized hardware and software stack behind [Microsoft's] AI supercomputer"); Microsoft, *Unleashing Innovation: The New Era of Compute Powering Azure AI Solutions* (May 21, 2024), https://azure.microsoft.com/en-us/blog/unleashing-innovation-the-new-era-of-compute-powering-azure-ai-solutions/ (Microsoft referring to "Azure's AI infrastructure"); Microsoft, *Azure AI Infrastructure*, https://azure.microsoft.com/en-us/solutions/high-performance-computing/ai-infrastructure/ (Microsoft referring to Azure's "cloud AI supercomputing infrastructure").

Microsoft both directly and indirectly infringes each of the Asserted Claims. Microsoft directly infringes the asserted method claims by using the Accused System in the United States without a license. Microsoft directly infringes the asserted system claims by making, using, selling, offering to sell, and/or importing the Accused System in the United States without a license.

---

[1] Plaintiffs use the terms "Azure AI system" and "Azure AI infrastructure" interchangeably.

Microsoft also indirectly infringes the Asserted Claims by actively and knowingly inducing, directing, causing, and encouraging others, including, but not limited to, designers, manufacturers, suppliers, distributors, resellers, software developers, customers, end users, subscribers, and repair providers, to infringe the Patents-in-Suit by making, using, selling, and/or offering to sell in the United States, and/or importing into the United States, the Accused System. Microsoft actively and knowingly induces infringement by others, by *inter alia*, providing the aforementioned direct infringers with (i) infringing functionality and/or devices; (ii) manuals and guides, technical documentation, technical support and assistance, advertisements and marketing; and/or (iii) software and/or firmware updates.

Microsoft further indirectly infringes the Asserted Claims by contributory infringement. Microsoft is aware that components of Microsoft Azure are a material and substantial part of the invention claimed by the Asserted Claims, and that they are designed for a use that is both patented and infringing, and that has no substantial non-infringing uses.

Plaintiffs reserve the right to supplement their position as to infringement following further discovery and/or claim construction.

C.   **P.R. 3-1(c): Preliminary Infringement Charts**

Subject to ongoing discovery and investigation, and based on available information obtained to date, Plaintiffs contend that each element of each infringed claim is found within the Accused System as shown in the infringement charts attached as Exhibits A to C. Plaintiffs' identification in the claim charts is exemplary and based upon public information currently available to Plaintiffs.

These disclosures, including Exhibits A to C, are based on the present state of Plaintiffs' knowledge, without the benefit of any discovery. Plaintiffs' investigation is ongoing, and no

3

*Markman* order has been entered in this action. Plaintiffs reserves all rights to supplement, amend, and/or otherwise modify their infringement contentions.

The parties have not exchanged claim terms or proposed claim constructions, Microsoft has not served its preliminary invalidity contentions and accompanying production, and the *Markman* hearing date is yet to be determined. Plaintiffs are not required to disclose claim construction positions currently, and do not. These disclosures, inclusive of Exhibits A to C, should not be construed as setting forth Plaintiffs' claim construction positions. To the extent Microsoft asserts that a particular claim construction position is implied by these disclosures, including Exhibits A to C, Plaintiffs deny and object to any such assertion. Plaintiffs reserve all rights to modify their claim construction positions.

### D.    P.R. 3-1(d): Literal Infringement and Infringement Under DOE

Subject to ongoing discovery and investigation, and based on available information obtained to date, Plaintiffs hereby contend that each element of each asserted claim is literally present in each of the Accused Instrumentalities as specifically shown in Exhibits A through C.

As indicated above, discovery is necessary to further develop Plaintiffs' infringement positions—either literal or under the Doctrine of Equivalents—and the Court has yet to issue a claim construction order. Pursuant to P.R. 3-6, Plaintiff expressly reserves the right to amend and supplement its position on whether there is infringement under the Doctrine of Equivalents of any other elements of any asserted claims after further discovery from the Defendants and/or pending this Court's claim construction order.

4

### E. P.R. 3-1(e): Priority Dates

These initial disclosures are based on the present state of Plaintiffs' knowledge. Plaintiffs' investigation is ongoing, and Plaintiffs reserve all rights to modify the positions taken in these initial disclosures.

The Asserted Claims of U.S. Patent No. 10,152,156 (the "'156 Patent") and U.S. Patent No. 11,934,883 (the "'883 Patent") are entitled to a priority date no later than October 13, 2010, based on European Patent Application No. 10187436. The Asserted Claims of U.S. Patent No. 10,152,156 (the "'156 Patent") and U.S. Patent No. 11,934,883 (the "'883 Patent") were conceived and/or reduced to practice on or before the filing of European Patent Application No. 10187436, followed by diligence in the preparation and filing of that application.

The Asserted Claims of U.S. Patent No. 11,537,442 (the "'442 Patent") are entitled to a priority date no later than January 23, 2018, based on European Patent Application No. 18152903.

Plaintiffs further direct Microsoft to the documents identified in Plaintiffs' P.R. 3-2(b) Disclosure as containing additional information relevant to this Disclosure.

### F. P.R. 3-1(f) Disclosure: Right to Rely on Plaintiffs' Own Instrumentality

Plaintiffs presently do not intend to rely upon the assertion that their own instrumentalities practice the claimed inventions.

## II. Plaintiffs' P.R. 3.2 Document Production Accompanying Disclosure

In producing the accompanying documents, Plaintiffs do not admit or concede the relevancy, materiality, authenticity, or admissibility as evidence of any of these documents. All objections to the use, at trial or otherwise, of any document produced are hereby expressly reserved, and Plaintiffs object to the production of any documents protected by the attorney-client privilege, the work-product doctrine, or any other immunities from discovery.

Plaintiffs make these disclosures without the benefit of discovery. Further, Plaintiffs' investigation is ongoing. Plaintiffs produce these documents without prejudice to their right to produce additional documents after considering documents obtained and reviewed throughout discovery and further investigation.

### A. Documents Responsive to P.R. 3-2(a)

Plaintiffs identify documents in the following Bates ranges, which are produced concurrently herewith, as potentially covered by P.R. 3-2(a): ParTec_00001346–ParTec_00001362 and ParTec_00001450–ParTec_00001892.

### B. Documents Responsive to P.R. 3-2(b)

The following documents evidence the conception, reduction to practice, design, and development of the inventions in the Asserted Claims and were created on or before the date of application for the asserted patents and/or the priority dates identified pursuant to P.R. 3-1(e) above: ParTec_00001299–ParTec_00001449.

### C. Documents Responsive to P.R. 3-2(c)

Copies of the file histories of the asserted patents have been produced at: ParTec_00000045–ParTec_00000516 ('156); ParTec_00000517–ParTec_00001036 ('883); and ParTec_00001037–ParTec_00001234 ('442).

Dated: September 4, 2024

Respectfully submitted,

/s/ Alexander W. Aiken
Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@wsfirm.com

S. Calvin Capshaw
Texas State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Attorneys for Plaintiffs ParTec AG and BF exaQC AG*

## CERTIFICATE OF SERVICE

This is to certify that on September 4, 2024, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

/s/ Alexander W. Aiken
Alexander W. Aiken
