*Exhibit H*

**DESMARAIS** LLP

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Betty Chen
San Francisco
Direct: 415-573-1905
BChen@desmaraisllp.com

August 8, 2025

**Via Email**

Mr. Justin A. Nelson
Susman Godfrey, L.L.P.
1000 Louisiana Street, Ste. 5100
Houston, Texas 77002
JNelson@susmangodfrey.com

      Re:   *ParTec AG et al. v. Microsoft Corporation*
             Civil Action No. 2:24-CV-00433-RWS-RSP (E.D. Tex.)

Counsel:

    ParTec's[1] continued assertion of U.S. Patent No. 11,537,442 against Microsoft—particularly in view of the recent developments in the IPR (IPR 2025-00318) challenging the patent—is objectively baseless. Microsoft requests that ParTec promptly dismiss all allegations concerning the '442 patent with prejudice by Friday, August 15, 2025, or be prepared to pay the costs, expenses, and fees for Microsoft's continued defense against ParTec's baseless assertion.

    As you know, the Patent Office recently decided that each of claims 1-10 of the '442 patent (including asserted claims 1-5 and 7-10) are likely invalid on multiple grounds and instituted an IPR on that basis. *See* IPR2025-00318, Paper 10 at 28 ("Petitioner has shown a reasonable likelihood that it would prevail in establishing that claim 1 would have been obvious over Lippert and Budenske"), at 30 (same finding made separately for claims 2-8, claim 9, and claim 10), at 33 (finding that Microsoft's second obviousness ground including Kambatla "add[s] to the strength of the prior art teachings"). In arriving at that conclusion, the Patent Office rejected all of ParTec's validity arguments for that patent. *See, e.g.*, *id.* at 21 ("We have read the cited portions of Budenske and disagree with Patent Owner's characterization…. The actual quotation … is far different from Patent Owner's proposed reading"), at 24 (rejecting ParTec's "'teaching away' argument"), at 25-26 ("Patent Owner further does not explain what the inventors of the ['442 patent] discovered or possessed which made a previously allegedly non-performable task possible").

    Indeed, the '442 patent only issued due to an error by the Patent Office. That is, the Acting Director of the Patent Office found "persuasive evidence that ***the Office erred in a manner material to the patentability*** of the challenged claims by overlooking the teachings of Budenske and Kambalta, and the combined teachings of Budenske and Lippert, or Budenske and Kambalta with Lippert" when the '442 patent was originally examined. Paper 9 at 3. And Acting Director Stewart rejected ParTec's attempt to avoid IPR in favor of a district court trial on that same basis: "***material error*** during patent examination." *Id.* Moreover, that "material error" arose in connection with ParTec's own prior art—the Lippert application underlying ParTec's other

---

[1] ParTec refers collectively to both affiliated plaintiffs, ParTec AG and BF exaOC AG.

DESMARAIS LLP

Mr. Justin A. Nelson
August 8, 2025
Page 2

asserted patents (U.S. Patent Nos. 10,142,156 and 11,934,883)—further showing that ParTec should have known about the weakness in its '442 patent, which also lists Lippert as an inventor. And there is no reason to believe this is a fixable error—the Patent Office repeatedly found that ParTec failed to distinguish the Lippert reference in its recent submission. *See, e.g.*, Paper 10 at 17, 18, 28-30, 33. In short, ParTec is fully on notice that its '442 patent only issued as a result of an error by the Patent Office and is invalid. ParTec's continued assertion of the '442 patent against Microsoft is thus "exceptional" under 35 U.S.C. § 285 and warrants an award of attorneys' fees. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (describing an "exceptional" case as one that, *inter alia*, "stands out from others with respect to the substantive strength of a party's litigating position").

Courts in this District have awarded fees to defendants under § 285 based on a plaintiff's continued assertion of an exceptionally weak patent. *See, e.g.*, *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-CV-00535-RWS-RSP, 2017 WL 6512221, at *4 ("My Health stresses the '985 patent's presumption of validity, but the presumption is not enough to avoid an exceptionality finding") (Payne, J.), *adopted and affirmed de novo*, 2018 WL 11327219, at *3 (E.D. Tex. Nov. 30, 2018) ("The Court agrees with the Magistrate Judge's finding that the '985 patent was exceptionally weak in comparison to similar patents and the mine-run of cases") (Schroeder, J.); *Decapolis Sys., LLC v. UT Sw. Health Sys.*, No. 2:22-CV-00159-JRG-RSP, 2025 WL 950067, at *2 (E.D. Tex. Mar. 28, 2025) (awarding fees to defendant based on "the clear lack of merit of the claims" in view of parallel invalidity proceedings) (Payne, J.); *WPEM, LLC v. SOTI Inc.*, No. 2:18-CV-00156-JRG, 2020 WL 555545, at *6 (E.D. Tex. Feb. 4, 2020) (awarding fees to defendant where "a review by [plaintiff's] counsel of [the named inventors'] prior works would have alerted [plaintiff] to the likelihood that [plaintiff's own] '246 Publication might be invalidating prior art") (Gilstrap, J.), *aff'd*, 837 F. App'x 773, 775 (Fed. Cir. 2020) ("we do not read the district court's opinion as failing to account for the presumptions of validity and enforceability").

Moreover, ParTec cannot credibly maintain its broad infringement theory, which is inconsistent with its patent[2] and with ParTec's IPR positions. *See Straight Path IP Group, Inc. v. Cisco Sys., Inc.*, 2020 WL 2539002, at *5 (N.D. Cal. May 19, 2020) (awarding fees to defendants because "patent owner's narrow construction" to defend an IPR "precluded its broad infringement theory"), *aff'd*, 2021 WL 1889759 (Fed. Cir. May 11, 2021). ParTec should dismiss the '442 patent now, ahead of the deadline to exchange claim constructions (August 29, 2025), rather than waste Microsoft's and the Court's time and resources construing a patent for which ParTec has no chance of recovery.

If ParTec does not dismiss allegations regarding the '442 patent by August 15, Microsoft will seek attorneys' fees, expenses, and costs incurred in defending against ParTec's unreasonable continued assertion of the '442 patent.

---

[2] In response to ParTec's Interrogatory No. 6, Microsoft provided an articulation of claim limitations of the '442 patent that are absent from Microsoft's products.

DESMARAIS LLP

Mr. Justin A. Nelson
August 8, 2025
Page 3

                                              Sincerely,

                                              */s/ Betty Chen*

                                              Betty Chen