*Exhibit J*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' FIRST SUPPLEMENTAL
INITIAL AND ADDITIONAL DISCLOSURES**

Pursuant to the Docket Control Order (Dkt. No. 26) and Paragraphs 1 and 3 of the Discovery Order (Dkt. No. 23), Plaintiffs ParTec AG and BF exaQC AG ("BFX") (collectively, "Plaintiffs") hereby submit the supplemental initial and additional disclosures set forth below. These disclosures are based on information reasonably and currently available to Plaintiffs. Plaintiffs reserve the right to amend, supplement, or modify these disclosures.

**Paragraph 1: Initial Disclosures In Lieu of Disclosures Required by FRCP 26(a)(1)**

   A. **Correct Names of the Parties to the Action**

To the best of Plaintiffs' present knowledge and understanding, the names of the current parties to this lawsuit are correct.

   B. **Name, Address, and Telephone Number of Any Potential Parties**

Plaintiffs are currently unaware of any additional potential parties. Plaintiffs reserve the right to identify any additional potential parties should such parties become known through discovery.

C. **Legal Theories and Factual Bases of Disclosing Party's Claims or Defenses**

Plaintiff ParTec AG is owner and assignee of United States Patent No. 10,142,156 (the "'156 Patent"), United States Patent No. 11,934,883 (the "'883 Patent"), and United States Patent No. 11,537,442 (the "'442 Patent") (collectively, the "Patents-in-Suit"). Plaintiff BF exaQC AG has the exclusive right to license the patents to third parties and enforce the Patents-in-Suit. Microsoft has infringed—either directly or indirectly—and continues to infringe certain claims of the Patents-in-Suit, including as indicated in Plaintiffs' Local Rule 3-1 and 3-2 disclosures served on Microsoft.

As a result of the Microsoft's infringement of the Patents-in-Suit, Plaintiffs have been and continue to be damaged. Plaintiffs intend to seek lost profits and/or reasonable royalty damages, in an amount no less than a reasonable royalty, adequate to compensate them for Microsoft's infringement of the Patents-in-Suit, together with prejudgment and post-judgment interest, in accordance with 35 U.S.C. § 284. Because this is an exceptional case pursuant to 35 U.S.C. § 285, Plaintiffs also intend to seek reasonable and necessary attorney's fees.

At this time, Plaintiffs do not have sufficient information to estimate their patent infringement damages with precision. Damages will be the subject of the Parties' expert reports and the jury's damages verdict at trial.

Plaintiffs are not required to marshal all evidence that they may offer at trial. Plaintiffs incorporate by reference their Complaint, and any future responses to Microsoft's discovery requests.

D. **Persons Having Knowledge of Relevant Facts**

Plaintiffs identify the following individuals as persons who may have knowledge of relevant facts.

| Person | Contact Information | Connection to Case | Knowledge |
|---|---|---|---|
| Dr. Thomas Lippert | May be reached through counsel Patrick Bageant (pbageant@hollystonelaw.com). | Inventor of the Patents-in-Suit | Conception and reduction to practice of the claimed inventions; state of the art at the time of invention; general knowledge of the Patents-in-Suit; and prosecution history of the Patents-in-Suit. |
| Bernhard Frohwitter | May be reached through counsel for Plaintiffs. | Inventor of the '442 Patent, CEO of ParTec, and Chairman of the Board of BFX | Conception and reduction to practice of the claimed inventions; state of the art at the time of invention; general knowledge of the Patents-in-Suit; endeavors to commercialize the Patents-in-Suit; prosecution history of the Patents-in-Suit; the operations of ParTec; and the operations of BFX. |
| Hans Kilger | May be reached through counsel for Plaintiffs. | CFO of ParTec | Endeavors to commercialize the Patents-in-Suit, and the operations and financial information of ParTec. |
| Hugo Falter | May be reached through counsel for Plaintiffs. | Deputy CEO and COO of ParTec | Endeavors to commercialize the Patents-in-Suit, and the operations of ParTec. |
| Ernest V. Linek | Banner Witcoff 28 State Street Suite 1800 Boston, MA 1800 | Prosecution counsel | Prosecution of the '156 Patent. |
| Michael P. Furmanek | Marshall, Gerstein & Borun LLP 223 S. Wacker Dr. Suite 6300 Chicago, IL 60606 | Prosecution counsel | Prosecution of the Patents-in-Suit. |
| Corporate Representative(s) of Microsoft | May be reached through counsel for Microsoft. | Corporative Representative of Microsoft | Conception, design, use, development, and testing of the accused system; financial and business data involving revenue, profits, and costs involving the accused system. |
| Mark Russinovich | May be reached through counsel for Microsoft. | CTO of Microsoft Azure | Conception, design, use, development, and testing of the accused system; financial and |

3

| Person | Contact Information | Connection to Case | Knowledge |
|---|---|---|---|
| | | | business data involving revenue, profits, and costs involving the accused system. |
| Nidhi Chappell | May be reached through counsel for Microsoft. | VP/GM, Azure AI and HPC Platform | Conception, design, use, development, and testing of the accused system; financial and business data involving revenue, profits, and costs involving the accused system. |
| Individuals identified in Microsoft's disclosures | May be reached through counsel for Microsoft, unless otherwise indicated. | Identified in disclosures. | Identified in disclosures. |
| Other current and former employees of Microsoft | Identity of persons not presently known. | Other current and former employees of Defendants. | Knowledge regarding Microsoft's claims and defenses, including, but not limited to: (1) conception, design, use, development and testing of the accused system; and/or (2) financial and business data including revenue, profits, and costs involving the accused system. |
| Those individuals identified on any prior art references that Defendants identify in their P.R. 3-3 and P.R. 3-4 disclosures. | Identified in disclosures. | Identified in disclosures. | Knowledge of the state of the art at the time of the alleged invention; validity. |
| Representatives of any company that provides components of the accused system to Microsoft. | Identity of persons not presently known. | Third parties used to supply portions of the accused system. | Conception, design, use, development, and testing of components of the accused system; financial and business data involving revenue, profits, and costs involving components of the accused system. |

4

Inclusion of an individual or entity in the above disclosures should not be construed as an admission that the listed individual or entity will necessarily have discoverable information. In addition, the individuals and entities identified above may possess information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges and protections. By identifying these individuals and entities, Plaintiffs do not waive the right to assert any applicable privileges or protections in this matter. Furthermore, by indicating the general subject matter of information individuals and entities may possess, Plaintiffs do not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of any particular information for any purpose, nor do Plaintiffs in any way limit their right to call any individual or entity to testify concerning other subjects.

Plaintiffs further incorporate by reference Microsoft's list of individuals and entities identified in its initial disclosures and/or discovery responses and any properly served supplements thereto. Plaintiffs further identify and reserve the right to rely on the testimony of any witness deposed in this litigation, including, but not limited to, any Defendant or third-party witnesses. Plaintiffs further reserve the right to identify additional persons as this litigation proceeds, including to the extent equipment and components identified as infringing by Plaintiffs are supplied by third parties. By making the foregoing disclosures, Plaintiffs do not waive their right to any discovery in this case, including depositions of as-yet-unidentified individuals or entities.

E. **Indemnity and Insuring Agreements**

Plaintiffs do not have any applicable indemnity or insurance agreements to disclose.

F. **Settlement Agreements Relevant to the Subject Matter of this Action**

Plaintiffs do not have any applicable settlement agreements to disclose.

G. **Statement of Any Party to the Litigation**

Plaintiffs are not aware of any applicable statement of any party to this litigation.

**Paragraph 3: Additional Disclosures**

A. **Disclosures Required by the Patent Rules for the Eastern District of Texas**

Plaintiffs have provided and will provide the disclosures required by the Patent Rules for the Eastern District of Texas pursuant to the schedule set forth in the Court's Docket Control Order.

B. **Produce or Permit Inspection of Relevant Documents, ESI, and Tangible Things**

Plaintiffs have produced and will continue to produce all documents and tangible things in their possession, custody, or control that are relevant to the pleaded claims or defenses involved in this action.

The production of these documents should not be construed as an admission that they necessarily include, constitute, or embody discoverable information. Certain of the documents contain confidential information and will be provided, subject to other objections, according to the terms of any protective order that may be entered by the Court in this action.

Plaintiffs reserve the right to identify additional documents and to object to the production of any documents described on any basis permitted under the Federal Rules of Civil Procedure or any other applicable law or privilege. Specifically, Plaintiffs reserve the right to object to the production of documents on any basis, including that the information sought: (i) is not relevant; (ii) is protected from disclosure by an applicable privilege, doctrine, or immunity; (iii) would be unduly burdensome or expensive to produce; (iv) contains third-party confidential information and cannot be produced without that party's notification and consent; or (v) constitutes proprietary or trade secret information that should not be produced before an appropriate protective order has been entered. Plaintiffs also may rely on documents that are produced by any party or non-party

to this litigation. Plaintiffs also reserve their right to rely on any other document for impeachment purposes.

Plaintiffs' investigation is ongoing, and Plaintiffs reserve the right to supplement this disclosure and make additional relevant documents that is in their possession available for inspection as discovery progresses.

### C. Computation of Damages

Plaintiffs seek lost profits and/or reasonable royalty damages, in an amount no less than a reasonable royalty, adequate to compensate them for Microsoft's infringement of the Patents-in-Suit, together with prejudgment and post-judgment interest, in accordance with 35 U.S.C. § 284. Plaintiffs further seeks attorney's fees under 35 U.S.C. § 285. Plaintiffs further seek such other relief as the Court deems just and proper. At this time, Plaintiffs do not have sufficient information to provide a complete computation of its patent infringement damages. Given that Plaintiffs intend to rely on a damages expert, Plaintiffs shall defer making such a disclosure until the time for Expert Disclosure as set forth in the Court's Docket Control Order.

| | |
|---|---|
| Dated: June 16, 2025 | Respectfully submitted,<br><br>*/s/ Alexander W. Aiken*<br>Justin A. Nelson – Lead Counsel<br>Texas State Bar No. 24034766<br>SUSMAN GODFREY, L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br>jnelson@susmangodfrey.com<br><br>Matthew R. Berry<br>Washington State Bar No. 37364<br>Alexander W. Aiken<br>Washington State Bar No. 55988 |

SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

S. Calvin Capshaw
Texas State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Attorneys for Plaintiffs ParTec AG and BF exaQC AG*

8

## CERTIFICATE OF SERVICE

This is to certify that on June 16, 2024, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

>                     /s/ Alexander W. Aiken
>                     Alexander W. Aiken