**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PARTEC AG and BF EXAQC AG, | |
| Plaintiffs, | Civil Action No. 2:24-cv-00433-RWS-RSP |
| vs. | **JURY TRIAL DEMANDED** |
| MICROSOFT CORPORATION, | |
| Defendant. | |

**PLAINTIFFS' OPPOSITION TO MICROSOFT'S**
**MOTION FOR A STAY PENDING RESOLUTION OF *INTER PARTES* REVIEW**

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ....................................................................................................2

       A.     Plaintiffs File This Case Fifteen Months Ago. ...........................................2

       B.     Pending For Fifteen Months, This Case is Far Along. ................................3

       C.     The IPR Proceedings...................................................................................4

III.   ARGUMENT .........................................................................................................5

       A.     A Stay Will Not Simplify the Issues..........................................................5

              1.     A Stay Is Not Going to Simplify Proceedings Because IPR is
                     Limited to One of Three Patents and a Minority of Claims. .......................5

              2.     Microsoft Has Not Shown that IPR Is Likely to Fully
                     Invalidate the '442 or Sufficiently Simplify Issues Concerning
                     that Patent...................................................................................8

       B.     This Case Is Advanced...............................................................................11

       C.     A Stay Would Prejudice Plaintiffs.............................................................12

       D.     There Is Nothing "Unusual" About this Case Justifying a Stay. ...........15

IV.    CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Integrated Circuit Process LLC v. United Microelectronics Corp.*,
No. 2:24-cv-730-JRG (E.D. Tex. Aug. 28, 2025) ................................................................1, 6

*Ambato Media, LLC v. Clarion Co.*,
2012 WL 194172 (E.D. Tex. Jan. 23, 2012) ............................................................................2

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
2021 WL 66531 (E.D. Tex. Jan. 7, 2021) ............................................................................8, 9

*Cellular Commc'ns Equip. LLC v. HTC Corp.*,
2018 WL 4261194 (E.D. Tex. May 8, 2018) .......................................................................5, 7

*Clear Imaging Rsch. v. Samsung Elecs. Co.*,
2020 WL 13886381 (E.D. Tex. Dec. 21, 2020) .....................................................................14

*Clinton v. Jones*,
520 U.S. 681 (1997) ..................................................................................................................5

*Cobblestone Wireless, LLC v. Cisco Sys., Inc*,
2024 WL 5047854 (E.D. Tex. Dec. 9, 2024) .........................................................................14

*CyWee Group Ltd. v. Samsung Elecs. Co.*,
2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ........................................................................8

*Force Mos Tech., Co. v. ASUSTek Computer, Inc.*,
2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ....................................................................5, 12

*Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*,
No. 20-00269 (E.D. Tex. Dec. 10, 2021) ...............................................................................14

*Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*,
2024 WL 5080240 (E.D. Tex. Dec. 11, 2024) .........................................................................6

*Ingenico Inc. v. IOENGINE, LLC*,
136 F.4th 1354 (Fed. Cir. 2025) .............................................................................................10

*Intellectual Ventures II LLC v. FedEx Corp.*,
2017 WL 4812434 (E.D. Tex. Oct. 24, 2017) ..........................................................................1

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
2014 WL 4477393 (E.D. Tex. July 25, 2014) ........................................................................10

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
2022 WL 17484264 (E.D. Tex. July 7, 2022) ........................................................14

*Lennon Image Techs. v. Macy's Retail Holdings, Inc.*,
2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ........................................................8

*Lionra Techs. Ltd. v. Cisco Sys., Inc.*,
2025 WL 1239317 (E.D. Tex. Apr. 29, 2025) ...........................................10, 13, 14

*Maxell Ltd. v. Apple Inc.*,
2020 WL 10458088 (E.D. Tex. Nov. 17, 2020) ....................................................10

*Mojo Mobility, Inc. v. Samsung Electronics Co., LTD.*,
2024 WL 778375 (E.D. Tex. Feb. 26, 2024) .......................................................1, 6

*Motion Games, LLC v. Nintendo Co., Ltd.*,
2014 WL 11678661 (E.D. Tex. Sep. 23, 2014) ....................................................13

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.*,
2024 WL 6043770 (E.D. Tex. June 11, 2024) .........................................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .....................................................14

*Onpoint Sys., LLC v. Protect Animals With Satellites LLC*,
2022 WL 2704166 (E.D. Tex. July 12, 2022) .........................................................8

*Papst Licensing Gmbh & Co., KG v. Apple, Inc.*,
2018 WL 3656491 (E.D. Tex. Aug. 1, 2018) ...........................................................7

*Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*,
2016 WL 3365855 (E.D. Tex. June 17, 2016) ...................................................2, 13

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
2019 WL 3826051 (E.D. Tex. Aug. 14, 2019) ...................................................7, 13

*Realtime Data LLC v. Actian Coporation*,
2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) ......................................................12

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ..................................................10, 12

*Scorpcast, LLC v. Boutique Media*,
2021 WL 3514751 (E.D. Tex. June 8, 2021) ...........................................................9

*Staton Techiya, LLC v. Samsung Elecs. Co.*,
2022 WL 4084421 (E.D. Tex. Sep. 6, 2022) .......................................................6, 15

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*,
    2018 WL 2722051 (E.D. Tex. June 6, 2018) .........................................................................13

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
    2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) .........................................................................2

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
    2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ......................................................6, 7, 11, 12

*VideoShare, LLC v. Meta Platforms Inc.*,
    2022 WL 2718986 (W.D. Tex. July 12, 2022) .......................................................................13

*WellcomeMat, LLC v. Aylo Holdings*,
    No. 2:23-cv-00483-JRG-RSP (E.D. Tex. Aug. 4, 2025) ........................................................6

*WSOU Invs. LLC v. ZTE Corp.*,
    2022 WL 479131 (W.D. Tex. Feb. 16, 2022) .......................................................................13

**Statutes**

35 U.S.C. § 311(b) ........................................................................................................................10

35 U.S.C. § 325(d) .....................................................................................................................4, 9

## TABLE OF DEFINED TERMS

| Abbreviation | Description |
|---|---|
| Dkt. No. | Filings on this Court's docket. |
| Mot. | Microsoft's Motion for a Stay Pending Resolution of Instituted *Inter Partes* Review of U.S. Patent No. 11,537,442, Dkt. No. 61. |
| Chen Decl. | Declaration of Betty Chen in Support of Microsoft's Motion for a Stay Pending Resolution of Instituted *Inter Partes* Review of U.S. Patent No. 11,537,442, Dkt. No. 61-1. |
| Exs. A–J | Exhibits attached to the Declaration of Betty Chen in Support of Microsoft's Motion for a Stay Pending Resolution of Instituted *Inter Partes* Review of U.S. Patent No. 11,537,442, Dkt. No. 61-2–Dkt. No. 61-11. |
| Aiken Decl. | Declaration of Alexander W. Aiken in Support of Plaintiffs' Opposition to Microsoft's Motion for a Stay Pending Resolution of *Inter Partes* Review, filed contemporaneously herewith. |
| Exs. 1–3 | Exhibits attached to the Declaration of Alexander W. Aiken in Support of Plaintiffs' Opposition to Microsoft's Motion for a Stay Pending Resolution of *Inter Partes* Review, filed contemporaneously herewith. |

Emphases added unless otherwise indicated.

## I.    INTRODUCTION

*Inter partes* review has been instituted on only one of three asserted patents and less than one-quarter of asserted claims. Microsoft did *not* even petition for IPR of the other two asserted patents, and the deadline to file has passed. Microsoft, however, wants the Court to stay the *entire* case until IPR—on a *minority* of claims—is resolved. The Court should reject Microsoft's request. As the Court reaffirmed just days ago, "[i]t has been this Court's consistent and long established practice to deny motions to stay pending IPR . . . when the PTAB or PTO have instituted review on less than all asserted claims of all asserted patents because at least one or more originally asserted claims will be unaffected by the outcome of those parallel proceedings and left intact before this Court to be tried." *Advanced Integrated Circuit Process LLC v. United Microelectronics Corp.*, No. 2:24-cv-730-JRG (E.D. Tex. Aug. 28, 2025), Dkt. No. 127 (quotation omitted). There is no reason to deviate from this consistent, longstanding practice here.

**First**, a stay will not substantially simplify the issues. Because only a single patent's claims are being reviewed, even in the unlikely event that "all asserted claims of that were found invalid, the Court would still be left to conduct a trial as to the remaining patents" and majority of claims. *Mojo Mobility, Inc. v. Samsung Electronics Co., LTD.*, 2024 WL 778375, at *1 (E.D. Tex. Feb. 26, 2024). "Thus, there is very limited simplification to be gained by a stay in this case." *Id*.

**Second**, "the Parties have already invested substantial effort and resources" into this case in the approximately fifteen months it has been pending. *Intellectual Ventures II LLC v. FedEx Corp.*, 2017 WL 4812434, at *2 (E.D. Tex. Oct. 24, 2017). The parties have reviewed and produced more than 300,000 documents, served and responded to more than 60 written discovery requests, conducted four depositions (with another four currently scheduled), and conferred extensively on discovery. Further, the parties are in the middle of the claim construction, having

identified terms for construction, exchanged constructions, and exchanged extrinsic evidence. The advanced stage of this case favors denial. *E.g.*, *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, 2014 WL 4494479, at *3 (E.D. Tex. Jan. 14, 2014) (status of the case weighed against stay where the parties had "produced documents, answered interrogatories, and served and supplemented infringement and invalidity contentions" and claim construction was "underway").

**Third**, Plaintiffs would be prejudiced by a delay in "the timely enforcement of [their] patent rights." *Ambato Media, LLC v. Clarion Co.*, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012). Particularly because IPR was instituted on only one of three patents, Plaintiffs' "right to assert the unchallenged claims"—most of their claims—would be especially prejudiced by an unnecessary pause in this litigation. *See Parthenon Unified Memory Architecture LLC v. HTC Corp. & HTC Am., Inc.*, 2016 WL 3365855, at *2 (E.D. Tex. June 17, 2016).

For these reasons and the others explained below, the Court should deny Microsoft's motion to stay proceedings.

## II.     BACKGROUND

### A.     Plaintiffs File This Case Fifteen Months Ago.

Plaintiffs filed this suit fifteen months ago, on June 10, 2024, asserting infringement of three patents (the "Asserted Patents"): United States Patent No. 10,142,156 (the "'156 Patent"), No. 11,934,883 (the "'883 Patent"), and No. 11,537,442 (the "'442 Patent"). Dkt. No. 1. The '883 is a continuation of the '156, shares the same specification, and is part of the same patent family. *See* Dkt. No. 1-2 ('156 Patent); No. 1-3 ('883 Patent). The '442, by contrast, is not a continuation of either, relates to a different invention not "address[ed]" by the '156 or '883 (as the patent itself explains, *see* '442 at 1:23–38[1]), has a different specification and claims, and is not part of the same

---

[1] The WO 2012/049247 application referenced in the '442 is for the '156.

family. *See* Dkt. No. 1-4 ('442 Patent). Plaintiffs served their infringement contentions on September 4, 2024, asserting fifteen claims from the '156, sixteen from the '883, and nine from the '442 (the "Asserted Claims"). Ex. E (Plaintiffs' Infringement Contentions) at 2.

### B.     Pending For Fifteen Months, This Case is Far Along.

Much has happened since Plaintiffs filed this case. Microsoft filed its answer. Dkt. No. 16. The parties negotiated and agreed to, and the Court entered, a protective order, discovery order, ESI order, and a Docket Control Order (since modified twice). Dkt. Nos. 23, 26, 29, 30. Plaintiffs served their infringement contentions on September 4, 2024. Dkt. No. 20. And Microsoft served its preliminary invalidity contentions on October 30, 2024. Dkt. No. 31. It supplemented those contentions with Plaintiffs' consent and leave of the Court on March 6, 2025. Dkt. Nos. 49, 50.

The parties have invested significant time and effort into discovery. Plaintiffs have produced 273,412 documents, Microsoft has produced 61,764 documents, the parties have served and responded to 54 interrogatories and eight requests for admission, four depositions have been conducted and four more are currently scheduled, Microsoft has issued fifteen letters rogatory and served six discovery subpoenas (receiving approximately 5,000 documents in response), and the parties have conferred extensively on discovery. Aiken Decl. ¶¶ 4–5. Where discovery disputes have arisen, the parties have mostly been able to resolve them cooperatively, including via three joint or consented motions. Dkt. No. 43, 49, 54. Where the parties have not been able to reach agreement, they have moved to compel—in particular, in three pending motions. Dkt. Nos. 63, 66, 67. Discovery is ongoing—a deposition is scheduled for next week, with additional depositions scheduled for the coming months—and fact discovery closes January 26, 2026. Dkt. No. 48.

Claim construction is also underway. The parties exchanged proposed claim terms on August 8 and exchanged preliminary claim constructions and extrinsic evidence on August 29.

Dkt. Nos. 59, 60, 65, 66. The parties' joint claim construction statement is due in less than three weeks, Plaintiffs' opening claim construction brief is due October 31, and the claim construction hearing is set for December 12. Dkt. No. 48 (DCO).

### C.    The IPR Proceedings.

Microsoft filed its lone IPR petition on December 20, 2024—six months after Plaintiffs filed their complaint and four months after Plaintiffs served their infringement contentions. Ex. F (IPR Petition). The petition was limited to the '442 Patent. Microsoft did not seek IPR of the other two Asserted Patents: the '156 or '883. On June 12, 2025, Acting Director Stewart denied Plaintiffs' request for discretionary denial under 35 U.S.C. § 325(d).[2] Ex. B (Discretionary Denial Decision). The Board then instituted IPR on the '442 on July 8, 2025. Ex. A (Institution Decision).

One month later, Microsoft demanded that Plaintiffs dismiss the '442 Patent from this case, threatening to seek attorneys' fees if Plaintiffs did not. Ex. H (Microsoft Ltr.). Plaintiffs refused, explaining there is nothing "'exceptional' in continuing to assert a patent while an IPR is pending and before any final decision. Doing so is common and routine." Ex. I (Plaintiffs' Resp.). Contrary to Microsoft's framing, this was not an "about-face from ParTec's submission to the Patent Office." Mot. at 6. It remains the case that Microsoft proceeding with a parallel IPR is "duplicative" and "highly inefficient" since IPR was sought well after this litigation was filed and is limited to a single patent, a minority of claims, and a fraction of Microsoft's invalidity theories.

After Plaintiffs refused Microsoft's baseless demand to dismiss the '442 without a final decision in IPR, Microsoft asked Plaintiffs to stay both instituted and un-instituted claims, contrary to this Court's typical practice. Plaintiffs refused. Microsoft's Motion followed. Dkt. No. 61.

---

[2] 35 U.S.C. § 325(d) allows the Director, among other things, to deny institution of an IPR where "the same or substantially the same prior art or arguments previously were presented to the Office."

III.    **ARGUMENT**

Microsoft "bears the burden of establishing" the need for a stay. *Clinton v. Jones*, 520 U.S. 681, 707 (1997). This Court considers "whether the stay will likely result in simplifying the case before the court," "whether the proceedings before the court have reached an advanced stage," and "whether the stay will unduly prejudice the nonmoving party," Plaintiffs. *Force Mos Tech., Co. v. ASUSTek Computer, Inc.*, 2024 WL 1586266, at *1 (E.D. Tex. Apr. 11, 2024) (quotation omitted).

Microsoft has not shown that these three factors, individually or collectively, justify a stay. A stay is not going to sufficiently simplify the issues before the Court since Microsoft's IPR is limited to a single patent and minority of claims. The other two Asserted Patents will remain in the case to be litigated regardless of the outcome of Microsoft's IPR. Accordingly, all that a stay will accomplish is pausing this case at an advanced stage to inevitably be resumed down the road. That course is highly prejudicial to Plaintiffs and their interests in the timely enforcement of their rights. The "benefits of a stay" simply do not "outweigh the inherent costs of postponing resolution of the litigation." *Force Mos Tech..*, 2024 WL 1586266, at *1.

A.    **A Stay Will Not Simplify the Issues.**

The most important factor, issue simplification, considers the extent to which IPR will "streamlin[e] or obviat[e] the trial by providing the district court with the benefit of the PTO's consideration of the validity of the patents." *Cellular Commc'ns Equip. LLC v. HTC Corp.*, 2018 WL 4261194, at *2 (E.D. Tex. May 8, 2018) (quotation omitted). A stay here will neither obviate the need for a trial nor, even on Microsoft's best day, materially streamline the case.

1.    <u>A Stay Is Not Going to Simplify Proceedings Because IPR is Limited to One of Three Patents and a Minority of Claims.</u>

While (as explained in the following section) Microsoft has not shown that every claim of the '442 is likely to be invalidated, even accepting this outcome as a possibility, a stay is not

warranted. "It has been this Court's consistent and long established practice to deny motions to stay pending IPR . . . when the PTAB or PTO have instituted review on less than all asserted claims of all asserted patents because at least one or more originally asserted claims will be unaffected by the outcome of those parallel proceedings and left intact before this Court to be tried." *Advanced Integrated Circuit Process.*, No. 2:24-cv-730-JRG, Dkt. No. 127 (quotation omitted).

That is exactly the circumstances here. Plaintiffs have asserted fifteen claims from the '156 Patent, sixteen from the '883, and nine from the '442—or *forty* claims across *three* patents. Ex. E (Plaintiffs' Infringement Contentions) at 2. Microsoft, however, sought and IPR was instituted on only *nine* claims, all from just *one* patent. As a result, a stay's hypothetical simplification—even on the best day for Microsoft—is extremely limited.

"Even if all asserted claims" of the '442 are found invalid, thirty-one of forty claims (or more than 75%) will remain, and the Court will "still be left to conduct a trial as to the remaining patents" and claims. *Mojo Mobility*, 2024 WL 778375, at *1. "Thus, there is very limited simplification to be gained by a stay." *Id.*; *see also Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, 2020 WL 1433960, at *6 (E.D. Tex. Mar. 24, 2020) ("pending IPRs" on "only eight of the nineteen Asserted Claims" did "not offer the prospect of enough simplification of the issues to justify a stay"). This Court has consistently denied stays in similar circumstances—where the Board instituted IPR on less than all asserted patents and claims—and it should do so here. *See, e.g.*, *Mojo Mobility*, 2024 WL 778375, at *1; *Advanced Integrated Circuit Process.*, No. 2:24-cv-730-JRG, Dkt. No. 127.[3] Indeed, this Court has denied stays even where, unlike here, most

---

[3] The list goes on: *WellcomeMat, LLC v. Aylo Holdings*, No. 2:23-cv-00483-JRG-RSP (E.D. Tex. Aug. 4, 2025), Dkt. No. 277; *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024); *Staton Techiya, LLC v. Samsung Elecs. Co.*, 2022 WL 4084421, at *2 (E.D. Tex. Sep. 6, 2022); *Uniloc 2017 LLC*, 2020 WL 1433960, at *6;

patents and claims were subject to IPR. *E.g.*, *Cellular Commc'ns Equip.*, 2018 WL 4261194, at *2–3 (IPR on two of three patents).

Trying to escape this Court's consistent, longstanding practice, Microsoft does not argue—because it cannot—that any of the claims of the '156 or '883 stand any chance of invalidation. Instead, Microsoft asserts that IPR is "highly relevant to the other two asserted patents" and "will necessarily address critical issues" because of the "overlap in subject matter." Mot. at 8, 11–12. But Microsoft does not provide any specifics to support these assertions. Microsoft speculates something may happen in IPR that "may provide a helpful reference point" for claim construction or that could be used as an admission against Plaintiffs. Mot. at 11–12. But mere speculation about how IPR of one patent may tangentially impact two patents in a different family does not justify departure from the usual rule that an entire multi-patent case should not be stayed for a single patent's IPR. This Court has rejected "speculative" arguments about simplification where, as here, the "PTAB's findings concerning" one patent could not "affect the validity of the" other two. *Netlist, Inc. v. Samsung Elecs. Co., Ltd.*, 2024 WL 6043770, at *3 (E.D. Tex. June 11, 2024). And this Court has, on several occasions, rejected the argument—pressed by Microsoft—that a "substantial overlap" in subject matter between instituted patents and un-instituted patents justified a stay, explaining (for instance) that, as here, "the claims are not the same" and the "specifications are different." *Uniloc 2017 LLC*, 2020 WL 1433960, at *5–6; *see also Papst Licensing Gmbh & Co., KG v. Apple, Inc.*, 2018 WL 3656491, at *4 (E.D. Tex. Aug. 1, 2018) (similar).

Against the great weight of authority, Microsoft relies on two inapposite cases. In *Onpoint Systems*, three of the four patents were subject to IPR proceedings at varying stages and, critically,

---

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019); *Cellular Commc'ns Equip. LLC*, 2018 WL 4261194, at *3.

the Court found no undue prejudice from a stay where "it appear[ed] that neither party is genuinely interested in continuing to litigate this matter in this Court." *Onpoint Sys., LLC v. Protect Animals With Satellites LLC*, 2022 WL 2704166, at *1–4 (E.D. Tex. July 12, 2022). Here, in contrast, Plaintiffs remain eager to litigate this case, and most claims are not subject to IPR. *CyWee* is even further afield. The issue there was whether to stay proceedings where IPR was instituted on all claims in one asserted patent and most of the claims in a second. *CyWee Group Ltd. v. Samsung Elecs. Co.*, 2019 WL 11023976, at *10 (E.D. Tex. Feb. 14, 2019). That is not what Microsoft seeks. Two of the Asserted Patents are not subject to *any* IPR proceedings. Accordingly, more than three-quarters of the Asserted Claims will not be affected by IPR. This is reason alone for this Court, under its longstanding and usual practice, to deny Microsoft's motion.

> ### 2.    Microsoft Has Not Shown that IPR Is Likely to Fully Invalidate the '442 or Sufficiently Simplify Issues Concerning that Patent.

Beyond the fact that a stay will not simplify any issues for two of the Asserted Patents and most of the Asserted Claims, there is an additional, independent reason that a stay here is not going to sufficiently simplify proceedings. Microsoft has not shown that all claims of the '442 are likely to be invalidated or that, if any '442 claims remain, a stay will sufficiently simplify issues concerning even that patent (to say nothing of the nonexistent impact on the other two patents).

While Microsoft's Motion assumes throughout that institution on the '442 means that Microsoft will succeed in invalidating every claim of that patent, there is of course "no guarantee that the claims will be amended or cancelled." *Lennon Image Techs. v. Macy's Retail Holdings, Inc.*, 2014 WL 4652117, at *3 (E.D. Tex. Sept. 18, 2014). Microsoft must therefore "point to more than a successful petition to show that the Board is likely to invalidate every asserted claim." *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021).

Microsoft has not done so. While Microsoft repeatedly invokes the statement that "the Office likely committed material error" from Director Stewart's decision denying Plaintiffs' request for discretionary denial, Microsoft ignores critical context. Mot. at 9. The statement was a recitation of the finding necessary for the Director to deny a request for discretionary denial under 35 U.S.C. § 325(d). *See* Ex. B (Discretionary Denial Decision) at 2 (petitioner must demonstrate "that the Office erred in a manner *material* to the patentability of challenged claims"). And the *material* error Microsoft claimed, which the Director relied on, was the Patent Office "overlooked" certain prior art, Budenske and Kambatla, that was not before the Examiner. Ex. 1 (Microsoft Resp. to Discretionary Denial Request) at 11–12; Ex. B (Discretionary Denial Decision) at 3. The Director thus rejected discretionary denial and "referred" the petition "to the Board to … address[] the merits and other nondiscretionary considerations, as appropriate." Ex. B (Discretionary Denial Decision) at 3–4. Considering the merits of institution, the Board found a "reasonable likelihood" that the '442 claims are unpatentable, but the Board expressly cautioned that its conclusion "may change after the record is developed fully, during trial." Ex. A (Institution Decision) at 33.

This case is thus no different than any other where the Board institutes IPR because of prior art that was not previously considered. That does not mean that Microsoft will successfully invalidate every claim of the '442, or that the merits of the IPR are a foregone conclusion. Microsoft, then, has failed to "point to more than a successful petition to show that the Board is likely to invalidate every asserted claim"—as Microsoft must. *Arbor Glob. Strategies*, 2021 WL 66531, at *3. This is not a case where the Board already expressly found a "*strong* showing of unpatentability," *contra id.*, or "indicated," beyond the act of instituting IPR, "that the asserted claims are likely unpatentable," *Scorpcast, LLC v. Boutique Media*, 2021 WL 3514751, at *3 (E.D.

Tex. June 8, 2021). Microsoft is thus wrong that a stay is likely to lead to the "elimination of whole issues," like infringement of the '442. Mot. at 9.

And if, as is likely, any '442 claims remain after IPR, then few issues will be simplified by a stay. Microsoft contends that estoppel will simplify validity, but Microsoft asserts six systems as invalidating references that were allegedly known or in use. Ex. 2 (Microsoft's Invalidity Contentions) at 30, 85–87. Microsoft will not be estopped from asserting invalidity on these grounds after IPR. *See Ingenico Inc. v. IOENGINE, LLC*, 136 F.4th 1354, 1367 (Fed. Cir. 2025) ("IPR estoppel does not preclude a petitioner from asserting that a claimed invention was known or used by others, on sale, or in public use in district court."). Further, because IPR is limited to claims grounded in "section 102 or 103" of the Patent Act, 35 U.S.C. § 311(b), Microsoft will be able to continue arguing that the '442 is invalid for lack of written description, under § 112, and because it is based on an ineligible subject matter, under § 101. Ex. 2 (Microsoft's Invalidity Contentions) at 102–03, 106–08. Thus, the "scope of the IPR proceedings . . . does not cover the entirety of [Microsoft's] invalidity theories" for the '442 and will "not meaningfully simplify" the issue of validity. *Maxell Ltd. v. Apple Inc.*, 2020 WL 10458088, at *3 (E.D. Tex. Nov. 17, 2020); *see also Lionra Techs. Ltd. v. Cisco Sys., Inc.*, 2025 WL 1239317, at *4 (E.D. Tex. Apr. 29, 2025) (simplification weighed against stay because IPR would not resolve invalidity arguments "under §§ 101 and/or 112"); *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (IPRs would "have a negligible impact" where many grounds would remain).

Microsoft separately argues that a stay will allow the Court to "address any remaining issues on a complete intrinsic record." Mot. at 10. But this Court has previously questioned the actual utility of a more developed record. *See Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("[W]hile the added prosecution history may prove useful

to this Court in the event that claims are amended, the different standards of claim construction between the PTAB and this Court may discount that value."). And, tellingly, this argument could be made with every IPR—but stays are frequently denied. The argument is simply not persuasive.

Accordingly, Microsoft has not shown that the '442 is likely to be fully invalidated. And if claims of the '442 remain after IPR, then little will be simplified and the principal impact of Microsoft's requested stay will be unnecessary, prejudicial delay. This is another reason to conclude that the requested stay will not simplify proceedings, in addition to the lack of impact the IPR will have on the majority of Asserted Claims and Asserted Patents.

## B.    This Case Is Advanced.

This case is not at an early stage. The complaint was filed fifteen months ago. Dkt. No. 1. The parties have exchanged claim terms for construction, proposed constructions, and Plaintiffs' opening claim construction brief is due in less than two months. Dkt. No. 48 (DCO). The parties are deep into discovery, even if it is not yet complete. Plaintiffs have produced 273,412 documents, Microsoft has produced 61,764 documents plus source code, the parties have engaged in numerous meet and confers and exchanged extensive correspondence on discovery issues, the parties have served and responded to 54 interrogatories and eight requests for admission, four depositions have been taken, a fifth is scheduled for next week, and a sixth, seventh, and eighth are scheduled in the coming months, Microsoft has served six discovery subpoenas and received thousands of documents in response, and Microsoft has issued fifteen letters rogatory seeking discovery from another fifteen international third-parties. Aiken Decl. ¶¶ 4–5. Discovery closes in less than five months, and trial is now less than ten months away. Dkt. No. 48 (DCO). In short, this case is at an advanced stage and the parties have expended significant resources in getting it here, weighing against a stay. *See, e.g.*, *Uniloc 2017 LLC*, 2020 WL 1433960, at *5 (finding the fact that a "trial

date has been set" and "discovery has progressed" to lean against a stay); *Force Mos Tech.*, 2024 WL 1586266, at *3 (passing of "over a year" between the complaint and the stay motion, along with "voluminous discovery" consisting of "serving contentions and producing thousands of pages of documents," "indicate[d] that this case reached a relatively advanced state").

Microsoft tries to sweep the advanced stage of the case under the rug through incomplete and misleading statements. Microsoft states that the parties have "conducted document and written discovery," Mot. at 12, but omits the extent of said discovery, recounted above. Microsoft states that "no substantive depositions have been taken," Mot. at 12, but that statement is both untrue and highly misleading. It is untrue because Microsoft used an ESI deposition as a substantive deposition, asking the witness, for example, the basis for Plaintiffs' infringement contentions and about Plaintiffs' financials. Ex. 3 (Dep. Excerpts). And it is misleading because Microsoft did not tell the Court in its Motion that there was a deposition scheduled for the same week Microsoft filed its Motion, another for the week after, and a third for three weeks later. Aiken Decl. ¶ 5. Microsoft states that the "Court has not expended any efforts towards claim construction," Mot. at 12, but the parties have. Finally, Microsoft argues that the most significant expenses in litigation remain. Mot. at 12. "While this may be the case, the parties have already invested significant time and expense in this litigation," which cautions against a stay. *Realtime Data LLC v. Actian Corporation*, 2016 WL 9340796, at *5 (E.D. Tex. Nov. 29, 2016) (rejecting similar argument).

## C.    A Stay Would Prejudice Plaintiffs.

As this Court and others have held repeatedly, patent plaintiffs have an interest in the timely enforcement of their rights. *See Uniloc 2017 LLC*, 2020 WL 1433960, at *4 ("The Court agrees that a plaintiff has a right to timely enforce its patents."); *Saint Lawrence Comm'ncs*, 2017 WL 3396399, at *2 ("[A] plaintiff has a right to timely enforcement of its patent rights."); *see also*

*WSOU Invs. LLC v. ZTE Corp.*, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022) (plaintiff has a "right to timely enforce its patents"). This is true "even when [as here] the patent holder has only sought monetary relief," *VideoShare, LLC v. Meta Platforms Inc.*, 2022 WL 2718986, at *2 (W.D. Tex. July 12, 2022) (quotation omitted), and "could be made whole by money damages," *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018) (quotation omitted).

Microsoft's requested stay would prejudice Plaintiffs and their right to timely enforcement of their patent rights. As Microsoft acknowledges, the Final Written Decision is not due until after the currently scheduled trial, and the deadline can be extended. Mot. at 6. Microsoft's requested stay would thus put this case on hold for at least a year (and likely longer with appeals) only to inevitably be resumed at some point to try the majority of claims unaffected by IPR, assuring a delay of years. In contrast, trial in this case in ten months will resolve all issues between the parties. This Court has repeatedly held that delayed justice and inefficiency of this sort weighs against a stay. *See Lionra Techs. Ltd.*, 2025 WL 1239317, at *2 (stay for an IPR that would not conclude until after scheduled trial "would prejudice Plaintiff's ability to vindicate its patent rights"); *Peloton Interactive*, 2019 WL 3826051, at *4 (factor weighed against a stay where awaiting instituted IPRs would "significantly delay resolution of the issues in this case"); *Motion Games, LLC v. Nintendo Co., Ltd.*, 2014 WL 11678661, at *3 (E.D. Tex. Sep. 23, 2014) (delay weighed against stay one even where "the final IPR decision [was] expected five months before trial"). It makes little sense to delay proceedings and prejudice Plaintiffs' "right to assert" most of their claims, which are "unchallenged." *Parthenon*, 2016 WL 3365855, at *2.

Microsoft tries to dismiss the prejudice to Plaintiffs by arguing that Plaintiffs seek "monetary relief" instead of an injunction. Mot. at 14. But this "Court has repeatedly found that a

delay in recovering monetary damages is far from non-prejudicial and is entitled to weight." *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, 2022 WL 17484264, at *2 (E.D. Tex. July 7, 2022) (citation modified); *accord Lionra Techs. Ltd.*, 2025 WL 1239317, at *2. Even the cases Microsoft cites recognize that a stay prejudices a plaintiff's right to enforce its patents, which weighs against a stay. *See Cobblestone Wireless, LLC v. Cisco Sys., Inc*, 2024 WL 5047854, at *2 (E.D. Tex. Dec. 9, 2024); *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015). As this Court has aptly put it, there is "little doubt that any hardworking American who is told that their paycheck will be delayed 'just a few months' would agree that such causes them and their family no harm." *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 20-00269 (E.D. Tex. Dec. 10, 2021), Dkt. No. 227 at 4 n.1. Microsoft's argument that Plaintiffs' "decision not to move for an injunction weighs in favor of a stay is" therefore simply "incorrect." *Lionra Techs. Ltd.*, 2025 WL 1239317, at *2.

Microsoft also argues that the supposedly "unusual" circumstances of this case mitigate any prejudice to Plaintiffs and that it is Microsoft that faces undue prejudice. Mot. at 14. Microsoft is wrong on the facts and law. Factually, as discussed in Section III.A.2, this case is no different than any other where the Board institutes IPR because of prior art that was not previously considered. And Plaintiffs are not seeking "an unfair bite at the fruits of an administrative error," as Microsoft asserts. Mot. at 14. Microsoft will have a full opportunity in both this litigation and IPR to show the Patent Office erred. It is Microsoft seeking advantage through multiple bites at the invalidity apple—in both IPR and this litigation. Legally, Microsoft's complaints of unfair prejudice to *itself* have no bearing on whether the stay "will unduly prejudice" *Plaintiffs*, the nonmoving party. *Clear Imaging Rsch. v. Samsung Elecs. Co.*, 2020 WL 13886381, at *1 (E.D.

Tex. Dec. 21, 2020) (rejecting similar argument). Plaintiffs are prejudiced by a stay and delay in their enforcement rights, whether the circumstances of this case are termed "unusual" or not.

### D.    There Is Nothing "Unusual" About this Case Justifying a Stay.

In a final, last-ditch effort, Microsoft contends that the allegedly "unusual circumstances" of this case are reason alone for a stay, arguing that Plaintiffs' "insistence that Microsoft and the Court invest significant time and resources litigating a patent that issued after a 'material error' during prosecution is unreasonable." Mot. at 15. This argument, like Microsoft's others, is meritless. Again, there is nothing unusual about the circumstances of this case. The Board instituted an IPR under the governing standards for art that was not considered during examination, and there is nothing "unusual and unreasonable" in Plaintiffs continuing to defend their patent after institution of an IPR or opposing a motion to stay that goes against this Court's consistent, longstanding practice of denying stays for IPRs on fewer than all asserted patents. Moreover, Microsoft's claim that a stay would avoid unreasonable litigation burdens is simply not supported. More than 75% of the Asserted Claims in this case will remain unaffected by whatever happens in IPR. "[T]he decision[] to institute IPR" therefore does not and will not "have the effect of reducing the burden of litigation." *See Staton*, 2022 WL 4084421, at *2.

## IV.    CONCLUSION

Even if IPR goes exactly as Microsoft hopes, most of this case will remain intact, unaffected, and need to be litigated. Accordingly, the benefits of a stay are minimal and fall far short of outweighing the prejudice to Plaintiffs from delayed vindication of their rights. The Court should deny Microsoft's Motion and request for a stay.

Dated: September 2, 2025

Respectfully submitted,

*/s/ Alexander W. Aiken*
Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

S. Calvin Capshaw
Texas State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Counsel for Plaintiffs ParTec AG and BF exaQC AG*

## CERTIFICATE OF SERVICE

This is to certify that on September 2, 2025, all counsel of record were served a copy of the foregoing via CM/ECF.

*/s/ Alexander W. Aiken*
Alexander W. Aiken