# EXHIBIT 1

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

MICROSOFT CORPORATION,
Petitioner,

v.

PARTEC CLUSTER COMPETENCE CENTER GMBH,
Patent Owner.

IPR2025-00318
Patent No. 11,537,442

_____

**PETITIONER'S OPPOSITION TO PATENT OWNER'S
BIFURCATED DISCRETIONARY DENIAL BRIEFING**

IPR2025-00318
Patent 11,537,442

(Petition, 33-34, 41-43), Lippert-Budenske at least renders these claim elements obvious and Patent Owner has not argued otherwise. If that holds, then certain Kambatla disclosures may perhaps be cumulative over Lippert and Budenske but in that case the Board need not even consider Ground 2. If, on the other hand, Lippert-Budenske is found to lack the application manager and daemon elements, then Kambatla—which expressly teaches these elements—is non-cumulative of Lippert and Budenske. In either case, the Petition's reliance on Kambatla serves as no basis for discretionary denial under Section 325(d).

> B. **The Examiner Materially Erred In Not Considering The Relevant Teachings Of Budenske And Kambatla (*Becton* Factors (c), (e), (f))**

As explained above, neither Budenske nor Kambatla is cumulative of previously presented art. But even if they were, the Examiner materially erred in not considering the relevant teachings of Budenske and Kambatla, and in not rejecting the claims for the reasons presented in the Petition.

During prosecution, the claims of the '442 patent were allowed following a single set of claim amendments filed on July 22, 2022. EX1002, 171-172. In the Remarks accompanying this amendment, the Applicant argued that the amended claims were allowable over the Examiner's § 102 rejection over Lippert. Specifically, the Applicant argued that Lippert "fails to disclose *a plurality of sub-tasks of a specific computation task being computed in multiple computing*

*iterations*" and that Lippert does not disclose re-distributing sub-tasks using "*information relating to the processing of the plurality of the sub-tasks.*" *Id.*, 174-175 (emphasis added). In response to Applicant's remarks, the Examiner allowed the as-amended claims on September 1, 2022. *Id.*, 179. Budenske, as presented in the Petition, discloses these same elements that the Applicant argued in its July 22, 2022, Remarks were not disclosed by Lippert alone, which directly led to allowance. And Kambatla discloses other claimed elements to the extent they are contended not to be met by Lippert-Budenske. If, as Patent Owner argues, the relevant teachings of Budenske and Kambatla are cumulative of art that was before the Examiner, then the Examiner materially erred by not considering them in combination with Lippert and making a § 103 obviousness rejection based on such combinations.

Accordingly, even if the relevant teachings of Budenske and Kambatla were cumulative of art before the Office during prosecution—which they are not—the Examiner materially erred in not considering such teachings in combination with Lippert. Thus, a denial of the Petition under 35 U.S.C. § 325(d) is not warranted.

### III. DISCRETIONARY DENIAL IS UNWARRANTED UNDER 35 U.S.C. § 314(a)

In determining whether to exercise discretion under 35 U.S.C. § 314(a) to deny institution in view of a parallel proceeding, the Board developed a framework that includes consideration of six factors (the "Fintiv factors"). *Apple Inc. v. Fintiv,*