**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' MOTION TO COMPEL SOURCE CODE

# TABLE OF CONTENTS

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND ................................................................................................1

        A.      Plaintiffs and the Asserted Patents.............................................................1

        B.      Microsoft's Infringement. ......................................................................2

        C.      Microsoft Refuses to Produce Relevant Discovery. ...................................3

III.    ARGUMENT .....................................................................................................3

        A.      Microsoft Should Be Compelled to Produce Source Code for
                Specifically Accused Functionality. .......................................................3

        B.      Microsoft Should Be Compelled to Produce Source Code Showing
                Use. ..................................................................................................5

IV.     CONCLUSION..................................................................................................7

███████████████████████████████

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cagle v. United Surgical Partners Int'l Inc.*,
    2021 WL 3710565 (N.D. Tex. Aug. 18, 2021)....................................................................5

*Mobile Equity Corp. v. Walmart Inc.*,
    2022 WL 19917853 (E.D. Tex. Sept. 23, 2022) .............................................................6, 7

*Powell v. Home Depot U.S.A., Inc.*,
    663 F.3d 1221 (Fed. Cir. 2011)...........................................................................................6

*SB IP Holdings LLC v. Vivint, Inc.*,
    2023 WL 1971263 (E.D. Tex. Feb. 13, 2013) ....................................................................5

*Sol IP, LLC v. AT&T Mobility LLC*,
    2020 WL 10045985 (E.D. Tex. Apr. 23, 2020)..................................................................7

*United States v. Procter & Gamble Co.*,
    356 U.S. 677 (1958)............................................................................................................6

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
    2018 WL 4620634 (E.D. Tex. Apr. 27, 2018)....................................................................6

**Statutes**

U.S. Code § 271(a).........................................................................................................................6

## I.    INTRODUCTION

Plaintiffs accuse a Microsoft program called Singularity of infringing certain limitations of Plaintiffs' asserted patents. Yet Microsoft refuses to produce source code for specifically accused features of Singularity. Worse, Microsoft refuses to produce code concerning its use of Singularity—while simultaneously asserting, as a defense, that Singularity is used only in limited circumstances. The Court should end Microsoft's obstruction and order Microsoft to produce this relevant code.

## II.    BACKGROUND

### A.    Plaintiffs and the Asserted Patents.

Plaintiff ParTec was founded in 1999 and has grown into one of Europe's leading providers of supercomputing technology. Compl. ¶¶ 24–26. Among other projects, ParTec is currently leading the construction of the first exascale supercomputer in Europe: the JUPITER Exascale Supercomputer. Compl. ¶ 26. ParTec also contributed extensively to the construction of the MareNostrum 5 pre-exascale supercomputer in Barcelona—named in 2023 as the best high-performance computing development of the prior year. Compl. ¶ 30. ParTec owns the Asserted Patents.[1] Compl. ¶¶ 33–50. Plaintiff BFX is ParTec's licensing agent for the Asserted Patents. *Id.*

The Asserted Patents generally teach systems and methods for dynamic resource management in complex, heterogenous computing systems. Compl. ¶ 51. Before the inventions described in the patents, general-purpose processors in such systems were supplemented by permanently assigned accelerators. But the fixed assignment of accelerators regularly resulted in

---

[1] United States Patent No. 10,142,156 (the "'156 Patent"), United States Patent No. 11,934,883 (the "'883 Patent"), and United States Patent No. 11,537,442 (the "'442 Patent").

over or under-allocation of resources. The resulting shortage or oversupply of resources was costly and energy inefficient. Compl. ¶ 52; '156 Patent at 1:36–46.

ParTec's inventions solved those problems by providing a computing system that combines different types of computing hardware, such as processing units and accelerators, and makes them dynamically assignable to each other. Compl. ¶ 53; '156 Patent at 2:21–25. The inventions also teach systems and methods for dynamically assigning tasks between the processing units and accelerators. Compl. ¶ 53; '442 Patent at 1:66–2:18. Collectively, the inventions allow for higher utilization of resources overall, which has enabled multiple advances, including improved scalability, resilience, and energy efficiency. Compl. ¶ 53.

## B. Microsoft's Infringement.

Plaintiffs accuse what Microsoft refers to as its Microsoft Azure AI infrastructure of infringement. Compl. ¶ 54. Microsoft has described this infrastructure as "a full technology stack [of] CPUs, GPUs, DPUs, systems, [and] networking." Compl. ¶ 59 (quoting Microsoft, *Azure Blog / AI + Machine Learning*, https://azure.microsoft.com/en-us/blog/roundup-of-ai-breakthroughs-by-microsoft-and-nvidia/ (last accessed June 7, 2024)). And Microsoft has touted that "Azure's AI infrastructure" "deliver[s] the most complete compute platform for AI workloads" and "[w]orld-class infrastructure performance for AI workloads." Compl. ¶¶ 64–65 (first quoting Microsoft, *Unleashing Innovation: The New Era of Compute Powering Azure AI Solutions* (May 21, 2024), https://azure.microsoft.com/en-us/blog/unleashing-innovation-the-new-era-of-compute-powering-azure-ai-solutions/, then quoting Microsoft, *Azure AI Infrastructure*, https://azure.microsoft.com/en-us/solutions/high-performance-computing/ai-infrastructure/#features (last accessed June 7, 2024)).

Most relevant to this motion, Plaintiffs accuse a "global scheduler" Microsoft calls "Singularity" or "Project Forge" of meeting various claim limitations. *E.g.*, Ex. A at 17 (excerpts of Plaintiffs' '156 Infringement Contentions). Among other features and functionality of Singularity, Plaintiffs point to Singularity's so-called "checkpoint/restore functionality"—wherein Singularity "periodically saves the state of [an AI] model incrementally" to be able to migrate it to different hardware and "restore" it there if the job is preempted or the hardware running it fails. *E.g.*, Ex. A at 21, 29, 34 (excerpts of Plaintiffs' '156 Infringement Contentions).

### C. Microsoft Refuses to Produce Relevant Discovery.

Because Plaintiffs accuse Singularity's "checkpoint/restore functionality," Plaintiffs requested that Microsoft produce source code for that functionality. Microsoft has admitted that the requested source code exists, but Microsoft refuses to produce it. Plaintiffs further requested source code showing how, when, and under what circumstances Singularity is used and/or invoked by first-party Microsoft services (*e.g.*, Bing) or third-party customers—because Microsoft, as a defense to infringement, has evasively stated in response to discovery requests that ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B (Microsoft Resp. to Interrog. No. 16). Microsoft likewise refuses to produce such code.

## III. ARGUMENT

The Court should compel Microsoft to produce the requested source code—both the "checkpoint/restore functionality" source code and source code showing when and under what circumstances Singularity is used.

### A. Microsoft Should Be Compelled to Produce Source Code for Specifically Accused Functionality.

The Court should first order Microsoft to produce source code for the "checkpoint/restore

████████████████████████████████

functionality." The functionality is specifically cited and accused by Plaintiffs. *E.g.*, Ex. A at 21, 29, 34 (excerpts of Plaintiffs' '156 Infringement Contentions). It is plainly relevant.

And Microsoft has no excuse for not producing the requested code. Microsoft has admitted the code exists and is readily available ████████████████████████████ The only reason Microsoft has given during meet and confers for refusing to produce the "checkpoint/restore functionality" code is an attorney claim that this functionality was part of a research project that was not implemented or used. But this argument should not block discovery of the requested code.

Both publicly-available sources and confidential Microsoft discovery indicate that—contrary to Microsoft's unsupported representations in meet and confers—Microsoft is using the "checkpoint/restore functionality," or at least did so in the past. In a public talk in May 2023, Microsoft Azure CTO Mark Russinovich stated that Singularity/Project Forge "***introduces*** transparent checkpointing, where it periodically ***saves*** the state of a model incrementally." Microsoft Mechanics, *What runs ChatGPT? Inside Microsoft's AI supercomputer | Featuring Mark Russinovich*, YouTube (May 23, 2023), https://www.youtube.com/watch?v=Rk3nTUfRZmo&t=4s, at 6:57. He later continued that "***right now***, Project Forge [Singularity] ***is being used*** for our own [Microsoft] services." *Id.* at 7:51. Mr. Russinovich, in other words, described—using the present tense—functionality being used by Microsoft, not hypothetical functionality being contemplated for the future. Microsoft even included a demo of a job being checkpointed and restored to drive the point home. *Id.* at 8:01.

Confidential documents Microsoft has produced similarly show Microsoft's implementation and use of the "checkpoint/restore functionality." ████████████████

████████████████████████████████

████████████████████████████████

-4-

██████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ There is thus ample evidence that Microsoft

is using the "checkpoint/restore functionality," or at least did so at some point.

At best, Microsoft's argument that it never implemented or used the accused "checkpoint/restore functionality" is a merits defense. Microsoft is free to argue this point to the jury, despite evidence to the contrary. But Microsoft cannot block the discovery necessary to test its contentions and understand the accused functionality. *See SB IP Holdings LLC v. Vivint, Inc.*, 2023 WL 1971263, at *2 (E.D. Tex. Feb. 13, 2013) ("[A] party cannot refuse to produce a requested document or information simply because it is relevant to a claim or defense on which the producing party believes that it will prevail." (quotation omitted)). A motion to compel is not the time to prejudge merits issues. *See Cagle v. United Surgical Partners Int'l Inc.*, 2021 WL 3710565, at *7 (N.D. Tex. Aug. 18, 2021) (a party "cannot use a motion for protective order to obtain a dispositive ruling" and "depriv[e]" a party of discovery). Indeed, accepting Microsoft's argument would block any discovery into the "checkpoint/restore functionality" as irrelevant based solely on attorney claims. If Microsoft is correct that the "checkpoint/restore functionality" was never implemented or used, Microsoft should have no reason to fear production of the code.

**B.     Microsoft Should Be Compelled to Produce Source Code Showing Use.**

The Court should also order Microsoft to produce source code showing how, when, and under what circumstances Singularity is used and invoked by first-party Microsoft services or third-party customers. Source code showing the use of accused functionality is highly relevant in

any patent case. Use is an act of infringement. 35 U.S. Code § 271(a). And use is relevant to damages. *E.g.*, *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1240 (Fed. Cir. 2011) (explaining that "a jury may consider . . . the value of the benefit conferred to the infringer by use of the patented technology").

Further, the source code is particularly relevant in this case because Microsoft is denying using Singularity while simultaneously trying to evade discovery on this issue. Microsoft has evasively stated that ████████████████████████████████████████████

████████████████████████████████████████████

████ Ex. B (Microsoft Resp. to Interrog. No. 16). This is exactly why Plaintiffs are seeking source code showing use of Singularity. Microsoft cannot assert that it uses Singularity in limited circumstances as a defense while refusing to produce source code on what those circumstances are. "The rules of discovery are accorded a broad and liberal application to affect their purpose of adequately informing litigants in civil trials," *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018), and to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Microsoft's only defense has been to argue that Plaintiffs must amend their infringement contentions to identify the code they accuse of infringement before Microsoft will produce source code showing use of Singularity. That argument is untenable and inconsistent with this Court's rules. Plaintiffs did not invoke Para. 3(a)(i) of the Discovery Order (ECF No. 23) "to delay" their infringement "contention[s] until after production of source code." *Mobile Equity Corp. v. Walmart Inc.*, 2022 WL 19917853, at *2 (E.D. Tex. Sept. 23, 2022). Instead, Plaintiffs timely served fulsome infringement contentions, relying on public documentation, accusing Singularity

██████████████████████████████

and various of its features. *E.g.*, Ex. A (excerpts of infringement contentions highlighting some accusations against Singularity). Thus, Plaintiffs are "under [no] obligation to … supplement [their] infringement contentions with references to the source code" Microsoft has produced. *Mobile Equity Corp.*, 2022 WL 19917853, at *2; *see also Sol IP, LLC v. AT&T Mobility LLC*, 2020 WL 10045985, at *2 (E.D. Tex. Apr. 23, 2020) ("While Sol IP needed to disclose the source code it relies on to prove its theories in its expert reports, no such requirement existed for its infringement contentions."). Singularity is already accused, so Microsoft needs to produce code showing how, when, and under what circumstances Singularity is used if Microsoft is going to argue that ███████████████████████████████████████████

████████████████████████████ Ex. B (Microsoft Resp. to Interrog. No. 16).

## IV.    CONCLUSION

The Court should compel Microsoft to produce both the "checkpoint/restore functionality" source code and source code showing use of Singularity.

Dated: August 26, 2025                      Respectfully submitted,

*/s/ Justin A. Nelson*
Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000

Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

S. Calvin Capshaw
Texas State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Counsel for Plaintiffs ParTec AG and BF exaQC AG*

**CERTIFICATE OF SERVICE**

This is to certify that on August 26, 2025, all counsel of record were served a copy of the foregoing via email.

/s/ Justin A. Nelson
Justin A. Nelson

**CERTIFICATE OF CONFERENCE**

The undersigned herby certifies that counsel for the parties have complied with Local Rule CV-7(h). In addition to informal conferences by telephone and e-mail, the parties engaged in a lead and local meet and confer phone call concerning the subject matter of this Motion on August 15, 2025. Counsel present on the call included Justin Nelson and Claire Henry for Plaintiffs and Betty Chen and Melissa Smith for Microsoft. The parties are at an impasse on the issues that are the subject of the present motion.

/s/ Justin A. Nelson

Justin A. Nelson

/s/ Claire Abernathy Henry

Claire Abernathy Henry