UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO
MICROSOFT'S MOTION TO COMPEL PRODUCTION OF EMAILS**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ...................................................................................................................1

III. ARGUMENT..........................................................................................................................3

    A. Microsoft's Search Terms Are Not Narrowly Tailored. ...........................................3

    B. Microsoft's Search Terms Are Unduly Burdensome................................................4

    C. Microsoft's Search Terms Are Not Proportional to the Needs of the Case. ....................................................................................................................7

IV. CONCLUSION.......................................................................................................................7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ericsson Inc. v. Apple Inc.*,
  No. 2:21-cv-00376 (E.D. Tex. June 7, 2022)..............................................................................4

*Int'l Visual Corp. v. Crown Metal Mfg. Co.*,
  991 F.2d 768 (Fed. Cir. 1993)....................................................................................................3

*Kleppinger v. Texas DOT*,
  2013 WL 12137773 (S.D. Tex. 2013) .......................................................................................4

*Netlist, Inc. v. Micron Tech., Inc.*,
  No. 2:23-cv-00628-JRG (E.D. Tex. Aug. 14, 2024)..................................................................5

*Raine Group LLC v. Reign Capital, LLC*,
  2022 WL 538336 (S.D.N.Y. Feb. 22, 2022)..............................................................................4

*SportsCastr Inc. v. Sportradar Group, AG*,
  No. 2:23-cv-000472-JRG (E.D. Tex. Mar. 25, 2025).................................................................7

*Uriel Pharm. Health v. Advoc. Aurora Health, Inc.*,
  348 F.R.D. 329 (E.D. Wis. Jan. 10, 2025) .................................................................................4

*USTA Tech., LLC v. Google LLC*,
  2023 WL 4054597 (W.D. Tex. June 16, 2023) .........................................................................6

**TABLE OF DEFINED TERMS**

| Abbreviation | Description |
| --- | --- |
| Dkt. No. | Filings on this Court's docket. |
| Exs. A–C | Exhibits accompanying Microsoft's Motion, Dkt. Nos. 67-1–67-3. |
| Exs. 1–4 | Exhibits filed contemporaneously with this opposition. |

Emphases added unless otherwise indicated.

I.  **INTRODUCTION**

Plaintiffs have produced more than 273,000 documents. Microsoft has produced 72,236. Despite the voluminous discovery Plaintiffs have produced, the disparity in productions, and Microsoft's refusal, when the shoe was on the other foot, to agree to ESI search terms returning more than 30,000 documents, Microsoft asks this Court to mandate overbroad search terms returning 78,788 documents. Dkt. No. 67 ("Mot."). That is unreasonable.

The Court should deny Microsoft's Motion for three overlapping reasons. First, Microsoft's ESI requests are not narrowly tailored. They instead return documents of no or minimal relevance, that are duplicative of discovery Plaintiffs have produced, or both. Second, Microsoft's requests are unduly burdensome. Microsoft's requests are returning many more documents, both collectively and per term, than Microsoft contended were reasonable in response to Plaintiffs' requests, and it would likely require over one thousand hours of attorney team to review and produce the volume of documents Microsoft demands. Third, Microsoft's requests are not proportional to the needs of the case given their overbreadth, the burden of review, the ample discovery Plaintiffs have produced, and the lesser discovery Microsoft has produced.

II. **BACKGROUND**

ParTec is a German company involved in designing some of Europe's fastest supercomputers. These are collaborations with dozens of companies and governmental agencies over many years. Given that ParTec is not seeking lost profits, these projects have marginal relevance to the issues in the case, other than giving background on ParTec's operations.

Plaintiffs served their initial ESI requests on Microsoft on April 30, 2025. Microsoft objected two weeks later to terms returning 9,092, 9,339, and 56,378 hits as unduly burdensome. Ex. 1. Plaintiffs served narrowed terms on May 22. Microsoft responded more than a week later,

asking to exclude automated emails from one sender. Plaintiffs agreed, resulting in a final set of search terms returning 30,000 total documents (with families).[1] By quickly and significantly narrowing their ESI terms, Plaintiffs were able to agree with Microsoft in a matter of weeks.

Microsoft adopted a different strategy with its own ESI terms. Microsoft served its initial requests on May 5. Plaintiffs objected because they were returning a whopping 281,319 documents.[2] Microsoft served revised terms on May 29, June 17, and July 22. During that period, Microsoft asked Plaintiffs for suggestions to narrow terms. Plaintiffs provided suggestions. Microsoft asked Plaintiffs to run sub-strings to ascertain the word combinations returning the largest hits. Plaintiffs did. Microsoft asked Plaintiffs to provide examples of irrelevant documents being returned. Plaintiffs did. Microsoft asked whether Plaintiffs could systematically exclude irrelevant, automated emails similar to the process Plaintiffs agreed to with Microsoft and whether Plaintiffs could share examples of irrelevant documents. Plaintiffs investigated and responded that no single sender was responsible for a disproportionately large number of irrelevant hits that could be shared with Microsoft and then culled. Ex. 2. In short, Plaintiffs worked cooperatively with Microsoft for months to try to get Microsoft to narrow its requests. *Contra* Mot. at 6.

Microsoft's current terms return 78,788 total documents—more than twice as many as Microsoft agreed to and more documents than Microsoft has produced in discovery. Plaintiffs are willing to agree to narrower terms, as they have communicated, but Microsoft refuses to narrow.

---

[1] Microsoft's Motion focuses on hits *without* families, but that's not the correct metric. In Microsoft's own words, it "understate[s] the burden" of review. Ex. 1. Plaintiffs thus refer to the total documents, including families, returned by search terms, all of which must be reviewed. Plaintiffs' hit counts are de-duplicated.

[2] Microsoft repeatedly complains that Plaintiffs did not serve their initial objections to Microsoft's first ESI requests until after the seven days set out in the ESI Order. But Microsoft fails to mention that Plaintiffs promptly told Microsoft they could not serve objections in that timeframe because of the need to collect and process emails initially. Microsoft also ignores that it failed to serve its own objections within the seven-day period *both* times it responded to Plaintiffs.

## III. ARGUMENT

The Court should deny Microsoft's request to impose overbroad, duplicative, unduly burdensome, and disproportionate search terms on Plaintiffs.

### A. Microsoft's Search Terms Are Not Narrowly Tailored.

Search terms must be "narrowly tailored to particular issues." Dkt. No. 29 ¶ 8. Microsoft's are not. Microsoft seeks 20-plus years of emails (Plaintiffs sought six). Microsoft's terms use broad "w/20," "w/25," and "w/50" connectors. *See* Ex. B. The terms include myriad wildcards (*), expanding the number of hits. *Id.* And the terms include myriad word combinations. *Id.* The result is overbroad terms returning irrelevant, marginally relevant, and/or duplicative documents:

- In **Term 1**, words like "booster," "dynamic" "task," and the like are not exclusive to the Asserted Patents. The term is overbroad. It is also duplicative. It seeks documents related to the conception of the patented inventions that were produced last year.

- **Terms 2 and 3** seek documents describing ParTec's dynamic Modular System Architecture—an architectural framework for supercomputers. But Plaintiffs have produced more than 20,000 documents on this topic already. Further, while the dMSA is relevant to ParTec's backstory and indicia of non-obviousness, (1) not every dMSA document is relevant to these issues and (2) neither these issues nor the dMSA generally are so central as to justify a term returning 30,000 documents. Plaintiffs are not seeking lost profits. And infringement cannot be determined "on the basis of a comparison with the patentee's commercial embodiment of the claimed invention." *Int'l Visual Corp. v. Crown Metal Mfg. Co.*, 991 F.2d 768, 772 (Fed. Cir. 1993) (quotation omitted).

- **Term 4** relates to the "DEEP" supercomputing projects Plaintiffs were part of. Plaintiffs have already produced almost 24,000 documents using the term "DEEP." And while the DEEP projects are relevant to issues like the history of ParTec, they are not so integral as to justify a term returning 17,836 documents.

- **Term 6** seeks documents relating to Microsoft, but it is vastly overbroad. The term seeks any documents related to Azure, even though Plaintiffs do not accuse the entirety of Azure. The term also returns many privileged communications about this litigation.

- **Term 7** seeks emails relating to a separate lawsuit by Plaintiffs against NVIDIA in Europe. The products differ, so the suit is of little, if any, relevance. Further, any minimal relevance is greatly outweighed by the need to cull privileged documents.

- **Term 8** seeks documents relating to the inventor of the Asserted Patents. It is highly

-3-

duplicative because Plaintiffs have already produced thousands of documents with Dr. Thomas Lippert's name. Moreover, Microsoft's chosen combinations have little or no relevance. For example, Microsoft seeks documents mentioning Dr. Lippert's name along with the extremely broad terms like the project names "DEEP," "ParaStation," "JURECA," "JUWELS," or "JUPITER." These broad terms are unsurprisingly returning mundane communications about various projects, like scheduling emails.

- **Term 9** seeks documents relating to ParTec's ParaStation software. Plaintiffs have already produced almost 22,000 documents that discuss ParaStation. Further, the software is not central to the case. The software is not an embodiment of the patented inventions and Plaintiffs are not seeking lost profits. ParaStation is certainly not so critical as to justify a search of 14,010 documents.

- Finally, **Term 10** is an exceptionally broad term seeking documents that mention "patent" or "intellectual property" near various terms. However, it is not limited to *Plaintiffs'* patents or intellectual property, so it is turning up irrelevant documents. And it is unnecessary. Plaintiffs have produced the Asserted Patents, licenses, valuations, and documents, like presentations, that discuss Plaintiffs patents and their value.

The terms Microsoft asks this Court to order are, simply put, not narrowly tailored.

### B.  Microsoft's Search Terms Are Unduly Burdensome.

Microsoft's ESI requests are also unduly burdensome and unreasonable. First, assuming review of 50 documents per hour, which is optimistic, reviewing 78,788 documents will require 1,575 hours and hundreds of thousands of dollars in attorney time—a highly burdensome undertaking. Courts have found similar requests, and even less burdensome requests, unreasonable. *See, e.g.*, *Uriel Pharm. Health v. Advoc. Aurora Health, Inc.*, 348 F.R.D. 329, 339 (E.D. Wis. Jan. 10, 2025) (88,000 documents across custodians).[3] This Court has similarly ordered that much lower hit counts—5,000 "hits" "[c]ollectively" across "any set of search terms," *i.e.*, across custodians and terms—are presumptively unreasonable. *Ericsson Inc. v. Apple Inc.*, No. 2:21-cv-00376 (E.D. Tex. June 7, 2022), Dkt. No. 98 ¶ 27. Second, it is not feasible for Plaintiffs to review and produce 78,788 documents in 21 days, as the ESI Order requires. Dkt. No. 29 ¶ 9.

---

[3] *See also Raine Group LLC v. Reign Capital, LLC*, 2022 WL 538336, at *3 (S.D.N.Y. Feb. 22, 2022) (1,800 hits for single term); *Kleppinger v. Texas DOT*, 2013 WL 12137773, at *2 (S.D. Tex. 2013) (sifting "through tens of thousands of emails" unduly burdensome).

That is more documents than Microsoft has produced in *one year of discovery*. Third, Microsoft's requests do not fully capture the potential burden of ESI discovery on Plaintiffs, as Microsoft can still ask for emails from three additional custodians under the ESI Order.

Microsoft's own actions confirm that its requests are unreasonable. Microsoft objected to ESI requests returning more than 30,000 documents as unduly burdensome. Microsoft's ESI requests are returning more than double that number. Microsoft also specifically objected to individual terms returning approximately 9,000 documents per term (excluding families). Ex. 1. Each of Microsoft's terms returns a similar number of hits, or more. Ex. B. The only exceptions are Terms 7 (4,212 hits) and 9 (6,338 hits), but Microsoft's requests are for three fewer custodians. Accounting for that difference, each of Microsoft's terms returns a similar number of hits as Microsoft objected to, or more (often significantly). Finally, when negotiating the ESI Order, Microsoft contended that "hit counts over 1,000" should be "presumed to be too large." Ex. 3. Plaintiffs rejected such an overly rigid approach, but it shows Microsoft's current position is unreasonable. Each of Microsoft's proposed terms greatly exceeds Microsoft's presumptive limit.

Microsoft repeatedly states that it is requesting fewer than 10,000 documents per custodian. Mot. at 1, 2, 4. But that number does not include families, which Plaintiffs must also review. Microsoft's terms are thus really returning almost 16,000 documents per custodian. Reviewing and producing that many documents per custodian (or even 10,000) is unduly burdensome. It is many more than Microsoft agreed to (3,750 total documents per custodian) and this Court has previously ordered is presumptively reasonable. *See Netlist, Inc. v. Micron Tech., Inc.*, No. 2:23-cv-00628-JRG (E.D. Tex. Aug. 14, 2024), Dkt. No. 42 ¶ 10 ("A document hit count (including family members) of up to 4,000 per custodian is presumptively reasonable."). Plaintiffs would agree to producing 4,000 total documents per custodian. In fact, earlier today, Plaintiffs proposed

-5-

narrowed search terms to Microsoft returning 4,000 total documents per custodian and around 20,000 documents total. Ex. 4. But Microsoft demands 4x that number.

Microsoft also seeks to minimize the burden by arguing that document-by-document review is not required, since the ESI Order does not contemplate *relevance* review. Mot. at 4–5. Microsoft, however, ignores that Plaintiffs will need to review the returned documents for *privilege*, which requires document-by-document review because (1) non-attorneys may forward privileged advice without copying attorneys, (2) Plaintiffs' CEO is an attorney who provides legal advice internally and is one of the custodians, and (3) several of Microsoft's terms are specifically targeted at communications about this lawsuit or other pending litigation. Further, Microsoft's own experience belies its argument. Microsoft initially withheld almost half of the 30,000 documents responsive to Plaintiffs' search terms for further review after they were caught in some sort of privilege screen. Plaintiffs are doubtful about the efficacy of using a privilege screen for their own documents, but even assuming it could be done, using Microsoft's experience as a benchmark, that would leave 40,000 documents for Plaintiffs to review document by document. That is still an unduly burdensome undertaking. Finally, Microsoft cannot have it both ways. Microsoft objected to producing many fewer documents. It cannot now argue that Plaintiffs face little burden.

Microsoft separately urges that Plaintiffs have more relevant documents than Microsoft. Mot. at 5. That argument is backwards. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *USTA Tech., LLC v. Google LLC*, 2023 WL 4054597, at *3 (W.D. Tex. June 16, 2023) (quotation omitted). After all, it is the technology of the accused infringer and the accused infringer's actions that are at issue.

Microsoft lastly asserts this Court has "approv[ed] search terms generating 184,000 documents." Mot. at 4. Not so. Microsoft cites the hits for a *first* set of revised search terms.

*SportsCastr Inc. v. Sportradar Group, AG*, No. 2:23-cv-000472-JRG (E.D. Tex. Mar. 25, 2025), Dkt. 113 at 6. There was a "second revised," narrower set that entirely eliminated a host of terms. *Id.*; *see also id.* Dkt. No. 113-1. The Court ordered production of "Plaintiff's ***most revised*** set," the second, significantly narrowed set. *SportsCastr Inc. v. Sportradar Group, AG*, No. 2:23-cv-000472-JRG (E.D. Tex. Mar. 25, 2025), Dkt. 152 at 3–4. *SportsCastr* is, in any event, inapposite. The defendants there objected to one set of terms as overbroad and then objected to a narrowed set as inconsistent with procedural aspects of the ESI order. The Court ordered production, explaining that "Defendants cannot have it both ways." *Id.* That is not the dispute here.

### C. Microsoft's Search Terms Are Not Proportional to the Needs of the Case.

Finally, Microsoft's requests are not proportional to the needs of the case. First, considering that Microsoft's requests are not targeted to highly relevant, non-duplicative discovery and would impose a substantial burden on Plaintiffs, they are not proportional to the needs of the case. Second, Microsoft has produced approximately one-quarter of the documents Plaintiffs have produced. Microsoft also refused to run search terms returning more than 30,000 documents and individual terms returning approximately 9,000 hits—many fewer hits than Microsoft is asserting Plaintiffs should be compelled to review and produce. It is unreasonable and not proportional to the needs of the case for Microsoft to demand that Plaintiffs produce substantially more discovery than Microsoft when Microsoft is the party accused of infringement.

### IV. CONCLUSION

For all these reasons, the Court should deny Microsoft's motion and require Microsoft to narrow its terms. Microsoft could have done this long ago to avoid burdening the Court. Microsoft instead dragged its feet and now simply refuses to agree to reasonable terms. Any prejudice to Microsoft is a result of its own actions, not because of Plaintiffs. *Contra* Mot. at 6.

Dated: September 16, 2025

Respectfully submitted,

*/s/ Alexander W. Aiken*
Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Jacob Levin
New York State Bar No. 6247589
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
jlevin@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

S. Calvin Capshaw
Texas State Bar No. 03783900

CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Counsel for Plaintiffs ParTec AG and BF exaQC AG*

## CERTIFICATE OF SERVICE

This is to certify that on September 16, 2025, all counsel of record were served a copy of the foregoing via CM/ECF.

/s/ *Alexander W. Aiken*
Alexander W. Aiken

-10-