IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PARTEC AG *and* BF EXAQC AG, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:24-CV-00433-RWS-RSP |
| MICROSOFT CORPORATION, | § § § | |
| *Defendant*. | § § | |

**ORDER**

Before the Court is Defendant Microsoft Corporation's Motion to Compel Emails Pursuant to the Agreed ESI Order. **Dkt. No. 67**. Plaintiffs ParTec AG and BF Exaqc AG responded. Dkt. No. 81. The Court held a hearing on the Motion on September 18, 2025, Dkt. No. 85, and, pursuant to the Court's instructions during that hearing, Dkt. No. 87 at 47:19–48:2, the Parties submitted a Joint Notice Regarding ESI Search Terms, Dkt. No. 88.

The dispute here centers on what it means to be "proportional." Defendant initially requested the Court to compel production of 78,788 documents, using ten search terms, for five custodians.[1] Dkt. No. 67 at 1–2. Plaintiffs responded that those search terms were not proportional, were unduly burdensome, and were not narrowly tailored, in part, because they included requests for "20-plus years of emails," included more than 10,000 documents per custodian, and required Plaintiffs to review and produce the documents "in 21 days" per the ESI Order, but included "more documents than Microsoft has produced in one year of discovery." Dkt. No. 81 at 3–7.

At the hearing, the Court instructed the Parties to refine their search terms, exchange them, and submit a joint notice with the hit counts. Dkt. No. 87 at 47:19–48:2. The Court advised the

---

[1] All references to hit counts herein are to hit counts with families.

Parties to be reasonable, noting that the Court will choose the proposal that appears to be "most reasonable" and proportional to the needs of the case. *Id.* at 47:5–8. In the Joint Notice the Parties submitted, Defendant revised most of the search terms by narrowing the number of "or" terms per search and reducing the time period. *Compare* Dkt. No. 67-2 *with* Dkt. No. 88 at 1. In total, these changes reduced the hit counts of Defendant's proposed search terms by 31,650, to 47,138 total. *Id.* Plaintiffs' proposed search terms resulted in 19,963 total hits. Dkt. No. 88 at 2.

The Federal Rules require discovery to be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). As limited by the Court's ESI Order, Dkt. No. 29, search terms must be "narrowly tailored to particular issues." Id. at ¶ 8. And "[i]n patent infringement cases, the bulk of relevant evidence usually comes from the accused infringer." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). The Court sees no reason this case is different.

Having reviewed both Parties' proposals, Dkt. No. 88 at 1–2, the Court finds that Plaintiffs' proposal is more reasonable and proportional to the needs of the case consistent with Rule 26 and the ESI Order. Accordingly, for the reasons assigned orally at the hearing, the Defendant's Motion is **GRANTED** to the extent that Plaintiffs are **ORDERED** to produce documents as set forth in Plaintiffs' proposed search terms, Dkt. No. 88 at 2, in accordance with the ESI Order.

**SIGNED this 8th day of October, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE