**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION TO COMPEL
<u>OPENAI DOCUMENTS IN MICROSOFT'S POSSESSION</u>**

Defendant Microsoft Corporation ("Microsoft") refuses to produce approximately 1,000 documents that it has identified as relevant for production on the ***sole*** ground that the documents have confidential information of Microsoft's partner and key customer, OpenAI,[1] and OpenAI refuses to agree to production. Plaintiffs ParTec AG and BF exaQC AG ("ParTec") respectfully request that the Court compel the production of the withheld documents.

It is undisputed that the requested documents are discoverable and in Microsoft's possession. Further, Microsoft has already identified and collected the documents. Accordingly, there is no burden at this point in searching for and producing the relevant materials. Microsoft's only basis for withholding production is that a third-party confidentiality agreement between Microsoft and OpenAI bars the discovery of the requested documents. But neither Microsoft nor OpenAI can credibly object to producing the documents on confidentiality grounds. The protective order entered in the case—tracking the Court's model order—allows for the documents to be

---

[1] Microsoft is reported to have invested more than $13 billion in OpenAI to date. *See, e.g.*, Reuters, *OpenAI Negotiates with Microsoft for New Funding and Future IPO, FT Reports* (May 12, 2025), https://www.reuters.com/business/openai-negotiates-with-microsoft-unlock-new-funding-future-ipo-ft-reports-2025-05-11/.

produced as either "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," with robust protections for both. Dkt. No. 30 (PO). *See Holcombe v. Advanced Integration Tech.*, 2018 WL 3819974, at *5 (E.D. Tex. Aug. 10, 2018) (overruling "confidential and proprietary objections" because a "protective order already governs this case"); *see also Greco v. Nat'l Football League*, 2015 WL 13935034, at *3 (N.D. Tex. Mar. 27, 2015) (ordering production over non-party's confidentiality objection because "the Court's protective order … applies to both parties and non-parties").

Although Microsoft does not dispute the relevance of the requested documents—a point it effectively conceded by collecting the documents and preparing them for production—OpenAI asserts that the requested documents are not relevant. *See* Dkt. No. 88-4 (Letter from OpenAI to Microsoft). According to OpenAI, the requested documents relate to what Microsoft and OpenAI call the OpenAI Supercomputer. And ████████████████████████████████████ ████████████████ *Id.* But OpenAI has no legitimate basis to object to production based on relevance as the requested documents are in Microsoft's possession and discovery is not being sought from OpenAI.

Even assuming OpenAI was entitled to object on relevance grounds to documents Microsoft possesses and concedes are discoverable, OpenAI's position on relevance is incorrect. As also explained in ParTec's earlier Opposition to Microsoft's Motion to Compel Supplemental Infringement Contentions, the OpenAI Supercomputer is plainly accused. *See* Dkt. No. 96. The OpenAI Supercomputer is referenced or explicitly named thirty-four different times in ParTec's infringement contentions (not counting dependent claims that cite back to earlier independent claims or evidence). Dkt. No. 96-1 at 10–11, 13–15, 17, 19–20, 24–25, 51, 53, 62–63, 65–66, 68–69, 72–73, 98–99, 109–15, 136–37, 140–41. Moreover, ParTec's infringement contentions

identify the "Accused System" as "the Microsoft Azure AI system or infrastructure." Dkt. No. 96-1 at 2. The OpenAI Supercomputer is part of Microsoft's Azure AI infrastructure (as Microsoft has regularly stated). For example, Microsoft Azure's CTO (Mark Russinovich) appeared in a video discussing the "AI supercomputer built in 2020 for OpenAI" on Azure—the OpenAI Supercomputer. Microsoft Mechanics, *What runs GPT-4o? Inside the Biggest AI Supercomputer in the Cloud with Mark Russinovich,* https://www.youtube.com/watch?v=DlX3QVFUtQI (last accessed Oct. 5, 2025). A press release similarly describes the OpenAI supercomputer as being "[b]uilt in collaboration with and exclusively for OpenAI" and "**hosted in Azure**." Microsoft, *Microsoft Announces New Supercomputer, Lays Out Vision for Future AI Work* (May 19, 2020), https://news.microsoft.com/source/features/ai/openai-azure-supercomputer/. And an internal Microsoft document likewise explains that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. No. 96-2 at 2. The OpenAI Supercomputer is accused.

Microsoft's conduct in this litigation confirms that the OpenAI Supercomputer is accused. As a few examples:

- Microsoft has provided information concerning the OpenAI Supercomputer in response to several interrogatories. In response to interrogatories seeking details on the "Accused System"—that is, "the Microsoft Azure AI system or infrastructure"—Microsoft included details of the OpenAI Supercomputer. Dkt. No. 96-3 at 2–5. In response to an interrogatory seeking codenames for the "Accused System," Microsoft included names for the OpenAI Supercomputer. Dkt. No. 96-4 at 2–3.

- In its ESI disclosures, Microsoft provided names for custodians "knowledgeable about the components, development and operation of [the] OpenAI supercomputer." Dkt. No. 96-5 at 3.

- Microsoft has produced some documents concerning the OpenAI Supercomputer, though it is withholding many more (requiring this motion). *See, e.g.*, Dkt. No. 96-8 (document describing "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").

3

- Microsoft agreed to email search terms and then produced emails concerning the OpenAI Supercomputer. *See* Dkt. No. 96-9 at 2 (search term including "OpenAI OR OAI").

Perhaps most telling, OpenAI's letter to Microsoft objecting to production quotes a letter from *Microsoft* in which *Microsoft* apparently stated that it was seeking to produce ▌

▌ Dkt. No. 88-4 (emphasis added) (Letter from OpenAI to Microsoft). Microsoft, throughout this litigation, correctly has understood the OpenAI Supercomputer to be accused.

In short, Microsoft's lone objection to production—that its confidentiality agreement with non-party OpenAI bars their production—is meritless. Neither Microsoft nor OpenAI can credibly object to the production of the requested documents based on confidentiality given the protective order in place in this case. And OpenAI's position on the relevance of documents that Microsoft possesses and concedes are discoverable is both irrelevant and incorrect. Accordingly, the Court should compel Microsoft to produce the OpenAI documents it is withholding in discovery.

Dated: October 7, 2025

Respectfully submitted,

*/s/ Jacob B. Levin*
Justin A. Nelson – Lead Counsel
Texas State Bar No. 24034766
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Alexander W. Aiken
Washington State Bar No. 55988
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101

Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Jacob Brooks Levin
New York State Bar No. 6247589
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
jlevin@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

S. Calvin Capshaw
Texas State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
ccapshaw@capshawlaw.com

*Counsel for Plaintiffs ParTec AG and BF exaQC AG*

5

## CERTIFICATE OF SERVICE

This is to certify that on October 7, 2025, all counsel of record were served a copy of the foregoing via email.

>            /s/ Jacob B. Levin
>            Jacob B. Levin

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

/s/ *Jacob B. Levin*
Jacob B. Levin

## CERTIFICATE OF CONFERENCE

The undersigned herby certifies that counsel for the parties have complied with Local Rule CV-7(h). In addition to informal conferences by telephone and e-mail, the parties engaged in a lead and local meet and confer phone call concerning the subject matter of this Motion on September 11, 2025. Counsel present on the call included Justin Nelson and Calvin Capshaw for Plaintiffs and Betty Chen and Melissa Smith for Microsoft. Counsel for the parties had a further call on September 24, 2025. The parties are at an impasse on the issues that are the subject of the present motion.

*/s/ Justin A. Nelson*

Justin A. Nelson

*/s/ Calvin Capshaw*

S. Calvin Capshaw