# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED**<br><br>**RESTRICTED – ATTORNEYS' EYES ONLY** |

**MICROSOFT'S MOTION TO COMPEL
<u>SUPPLEMENTAL INFRINGEMENT CONTENTIONS</u>**

## **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ...............................................................................................................................1

FACTUAL BACKGROUND ............................................................................................................2

      A.     ParTec Asserts Patents Focused On Dynamic Assignment. ....................................2

      B.     ParTec's Infringement Contentions Do Not Identify The Claimed Dynamic Assignment In Any Of The Medley Of Accused Technologies. .............2

ARGUMENT ....................................................................................................................................3

      A.     Partec's Infringement Contentions Lack The Separate Allegations "For Each Accused Instrumentality" That P.R. 3-1(C) Requires. ..................................3

      B.     Partec's Infringement Contentions Fail To Disclose Where Key Elements Of The Asserted Claims Are Present In Any Accused Instrumentality...................4

            1.     Partec's Contentions Do Not Identify The "Dynamic Assignment" Of Boosters Required By The '156 And '883 Patents................................5

            2.     Partec's Contentions Do Not Identify The Dynamic "Distribution" Of "Sub-Tasks" Required By '442 Patent. ..................................................6

CONCLUSION.................................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
  359 F. Supp. 2d 558 (E.D. Tex. 2005) .......................................................................... 1, 4, 7

*Cathx Research Ltd. v. 2G Robotics, Inc. aka Voyis Imaging, Inc.*,
  No. 5:21-CV-00077-RWS (E.D. Tex. May 2, 2022) ......................................................... 6, 8

*Eolas Techs. Inc. v. Amazon.com, Inc.*,
  No. 6:15-CV-01038-RWS, 2016 WL 7666160 (E.D. Tex. Dec. 5, 2016) ...................... 7, 8

*Geovector Corp. v. Samsung Elecs. Co.*,
  No. 3:16-CV-2463, 2017 WL 76950 (N.D. Cal. Jan. 9, 2017) ........................................ 4, 5

*Realtime Data, LLC v. Packeteer, Inc.*,
  No. 6:08-CV-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) ...................................... 5

**Rules**

Fed. R. Civ. P. 26(e) ................................................................................................................. 6

Local Patent Rule 3-1(c) ................................................................................................. 1, 3, 4

\* \* All emphasis herein is added unless otherwise indicated \* \*

## TABLE OF EXHIBITS

Exhibits cited "Ex." refer to the exhibits attached to the Declaration of Jeffrey S. Seddon, II, filed contemporaneously.

| Exhibit | Description |
|---|---|
| A | Exhibit A – Infringement Chart for U.S. Patent No. 10,142,156 (excerpted)[1] to Plaintiffs' Sept. 4, 2024, P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and P.R. 3-2 Document Production |
| B | Exhibit C – Infringement Chart for U.S. Patent No. 11,537,442 (excerpted) to Plaintiffs' Sept. 4, 2024, P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and P.R. 3-2 Document Production |
| C | September 24, 2025, Letter from Counsel for OpenAI to Counsel for Microsoft |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| ParTec | Plaintiffs ParTec AG and exaQC AG, collectively. |
| Microsoft | Defendant Microsoft Corporation. |

---

[1] Mindful of the Court's limited time and resources, Microsoft's exhibits contain only excerpts from ParTec's infringement contentions that illustrate the deficiencies addressed in this motion. Microsoft is prepared to submit ParTec's infringement contentions in full and to identify the deficiencies throughout, if the Court finds it helpful or necessary to resolve the dispute.

## INTRODUCTION

Despite nearly a year of discovery, including access to extensive Microsoft technical documents and confidential source code, ParTec refuses to disclose its theories of infringement—its infringement contentions are deficient in two critical ways. First, ParTec combines allegations against three instrumentalities—Azure AI infrastructure, Singularity, and the OpenAI Supercomputer (which Microsoft built for OpenAI)—into a single chart for each patent, resulting in a hodge-podge of allegations that do not "identify specifically where *each* element of each asserted claim is found within *each* Accused Instrumentality," as Local Patent Rule 3-1(c) requires. And ParTec's mix-and-match approach not only obfuscates its infringement theories, it impedes discovery—third-party OpenAI is objecting to producing documents because ParTec's contentions do not provide any rationale for accusing the OpenAI Supercomputer of infringement.

Second, ParTec's contentions omit any infringement theory for claim elements concerning dynamic assignment. These elements are key to understanding ParTec's infringement theory—ParTec itself described "dynamically assignable" hardware and "dynamically assigning tasks" as the supposedly inventive contributions to the art, *see* Compl. ¶¶ 51-53, and there are corresponding limitations in all asserted claims. ParTec's refusal to disclose its theories on these elements, even after extensive discovery, unfairly prejudices Microsoft. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (recognizing that when defendants "are given vague infringement contentions, they are hampered in their ability to prepare their defense").

Accordingly, Microsoft respectfully requests that the Court order ParTec to supplement its infringement contentions to (1) provide discrete infringement theories for each accused instrumentality, including the OpenAI Supercomputer; and (2) disclose its infringement theories for claim limitations requiring dynamic assignment.

## FACTUAL BACKGROUND

### A. ParTec Asserts Patents Focused On Dynamic Assignment.

By its own account, "ParTec's inventions" relate to "a modular computing system that combines different types of computing hardware, such as processing units and accelerators, and makes them freely and dynamically assignable to each other" and "dynamically assigning tasks between processing units and accelerators using information learned during the computation process." Compl. ¶ 53. That dynamic assignment supposedly improved the prior art, where "general-purpose processors were supplemented by permanently assigned accelerators." *Id.* ¶ 52.

### B. ParTec's Infringement Contentions Do Not Identify The Claimed Dynamic Assignment In Any Of The Medley Of Accused Technologies.

ParTec's infringement contentions do not, however, identify the claimed dynamic assignment in any accused system. For example, although ParTec asserts that "CPU cores" in Microsoft's systems are "computation nodes" and "GPUs" in Microsoft's systems are "boosters," *see, e.g.*, Compl. ¶¶ 81, 84, ParTec does not disclose any theory for dynamic assignment of the so-called boosters (GPUs) to the so-called computation nodes (CPU cores) based on a "predetermined assignment metric." *See* Ex. A at 25-28. Nor does ParTec disclose any theory for dynamic assignment of sub-tasks to the so-called boosters and computation nodes. *See* Ex. B at 18-21. Additionally, ParTec's infringement contentions mix together citations to documents describing three different instrumentalities—the Azure AI infrastructure; the OpenAI Supercomputer; and Microsoft's Singularity service—in a single combined chart for each asserted patent without describing a coherent theory for any single accused instrumentality. *See, e.g.*, Ex. A at 25-28.

Microsoft has identified these deficiencies to ParTec on multiple occasions, including two conferences with lead and local counsel (on August 15 and September 11, 2025), yet ParTec has repeatedly refused to supplement its contentions. Moreover, on September 24, 2025, third-party

OpenAI objected to the production of OpenAI Supercomputer documents on the grounds that ParTec's infringement contentions do not provide ▮ ▮ *see* Ex. C, thus rendering this issue ripe for the Court's resolution.

## ARGUMENT

### A. Partec's Infringement Contentions Lack The Separate Allegations "For Each Accused Instrumentality" That P.R. 3-1(C) Requires.

To start, ParTec's infringement contentions are deficient because they rely on a mix-and-match approach that combines allegations from multiple instrumentalities, rather than disclosing a theory of infringement for each instrumentality as the Local Patent Rules require. *See* P.R. 3-1(c) (requiring patentee identify "specifically where each element of each asserted claim is found within *each* Accused Instrumentality."). Instead, ParTec's contentions consist of just one chart that combines allegations against three different accused instrumentalities—Microsoft's Azure AI infrastructure, the OpenAI Supercomputer, and Microsoft's Singularity service.

Taking claim 1 of the '156 patent, for example, ParTec discloses no theory as to how any of the accused instrumentalities meets all limitations of the claim. As the table below illustrates,[2] ParTec's contentions only cite excerpts (from various sources) related to the Azure AI infrastructure for 9 out 14 elements; only cite excerpts related to the OpenAI Supercomputer for 5 out of 14 elements; and cite excerpts related to Singularity for 9 out of 14 elements:

| Element | Azure AI Infrastructure | OpenAI Supercomputer | Singularity |
|---|---|---|---|
| 1-a | ■ | ■ | |
| 1-a-i | | ■ | |
| 1-a-ii | ■ | | |
| 1-b | ■ | ■ | |
| 1-b-i | | | |
| 1-b-ii | ■ | | ■ |
| 1-b-iii | | ■ | ■ |
| 1-c | ■ | | ■ |

---

[2] A red cell indicates that ParTec's contentions cite excerpts related to the instrumentality (Azure AI infrastructure, OpenAI Supercomputer, or Singularity) for the respective element.

| | | | |
|---|---|---|---|
| 1-c-i | | | 🟥 |
| 1-c-ii | 🟥 | | 🟥 |
| 1-d | 🟥 | | 🟥 |
| 1-d-i | 🟥 | | 🟥 |
| 1-d-ii | 🟥 | | 🟥 |
| 1-d-iii | | | 🟥 |

ParTec's mix-and-match approach obscures its theory of infringement and violates the plain language of the local rules. Accordingly, ParTec should supplement its contentions to provide a "chart identifying specifically where *each* element of each asserted claim is found within *each* Accused Instrumentality." *See* P.R. 3-1(c); *cf. Geovector Corp. v. Samsung Elecs. Co.*, No. 3:16-CV-2463, 2017 WL 76950, at *4 (N.D. Cal. Jan. 9, 2017) (finding an approach that "mixes and matches" a "hodgepodge of different attributes from various different accused products and third-party sources" insufficient). In particular, ParTec should provide contentions discretely setting out any infringement theory that it contends supports discovery into the OpenAI Supercomputer—or abandon those claims. Absent a viable infringement theory, ParTec has no basis to demand a fishing expedition into OpenAI's confidential information. *See Am. Video Graphics, L.P.*, 359 F. Supp. 2d at 560 ("The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.").

**B.     Partec's Infringement Contentions Fail To Disclose Where Key Elements Of The Asserted Claims Are Present In Any Accused Instrumentality.**

ParTec's infringement contentions are also deficient because they do not identify what ParTec contends is the claimed dynamic assignment—the supposedly inventive aspect of its patents—in any Microsoft instrumentality. *See Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-CV-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009) (requiring P.R. 3-1(c) contentions be sufficiently "precise and detailed … to provide a defendant with adequate notice of the plaintiff's theories of infringement").

### 1. Partec's Contentions Do Not Identify The "Dynamic Assignment" Of Boosters Required By The '156 And '883 Patents.

First, ParTec's contentions do not identify any "dynamic assignment" of boosters (supposedly GPUs) to computation nodes (supposedly CPUs or CPU cores) using a "predetermined assignment metric"—a critical omission in ParTec's infringement theory for the '156 and '883 patents. Dynamic assignment of boosters to computation nodes is a two-step process required by all asserted claims, as shown below in "illustrative" claim 1 of the '156 patent:

> a resource manager being arranged **to assign the** at least one **hardware booster to the** at least one **hardware computation node**, including:
>
> * * *
>
> during said processing of said computation task: ***(i) updating the predetermined assignment metric***, and ***(ii) establishing a <u>dynamic assignment</u> by using the predetermined assignment metric that was updated***, and

*See* Compl. ¶ 77; *id.* ¶ 112 (similar limitations in claim 1 of the '883 patent).

ParTec's contentions, however, disclose no theory for the claimed dynamic assignment of boosters to computation nodes. To start, the contentions identify no "updating the predetermined assignment metric" at all—they do nothing more than repeat the claim language for that limitation. *See, e.g.*, Ex. A at 25-28. Nor do the contentions identify any dynamic assignment of GPUs to CPUs (or CPU cores), much less a dynamic assignment "using the predetermined assignment metric that was updated." *See id.* To be sure, ParTec quotes Microsoft documents describing dynamic assignment ***of jobs to GPUs*** but that is not enough, because ParTec never discloses any theory for dynamic assignment ***of GPUs to CPUs***. *Cf. id.* at 27 (pointing to "migration of a job from one or more GPUs to another GPU or cluster of GPUs"). Assigning jobs to GPUs (allegedly boosters) is plainly not the same as assigning GPUs (allegedly boosters) to CPUs and/or CPU cores (allegedly computation nodes). Indeed, ParTec's contentions demonstrate that it understands that the claims require assigning boosters, not jobs—for the "initial assignment" required by the claims,

5

ParTec does not mention jobs at all, instead pointing to "an initial assignment of a hardware booster or hardware boosters (*e.g.*, GPUs) to a computation node or computation nodes (*e.g.*, CPUs and/or CPU cores)." *See id.* at 25. On "dynamic assignment" of those so-called boosters, however, ParTec is silent.

ParTec cannot leave Microsoft in the dark on essential limitations of the asserted claims. It must supplement its contentions to provide adequate notice of its infringement theory for "updating the predetermined assignment metric" and "dynamic assignment" of boosters based on that updated metric. *See, e.g., Cathx Research Ltd. v. 2G Robotics, Inc. aka Voyis Imaging, Inc.*, No. 5:21-CV-00077-RWS, at *8-10 (E.D. Tex. May 2, 2022) (granting motion to compel supplemental contentions where excerpts from defendant's documents "do not suggest how the . . . limitations are met by the Accused Instrumentality"). Furthermore, ParTec should supplement its contentions with specificity, commensurate with its access to confidential Microsoft technical documents and source code. *See* Fed. R. Civ. P. 26(e); *see also Eolas Techs. Inc. v. Amazon.com, Inc.*, No. 6:15-CV-01038-RWS, 2016 WL 7666160, at *2 (E.D. Tex. Dec. 5, 2016) (recognizing that "contentions should become more detailed" after the plaintiff has had discovery); *Am. Video Graphics, L.P.*, 359 F. Supp. 2d at 561 (ordering plaintiff to "supplement its 3-1(c) charts with specific references to . . . source code").

### 2. Partec's Contentions Do Not Identify The Dynamic "Distribution" Of "Sub-Tasks" Required By '442 Patent.

Second, ParTec's infringement contentions do not identify any dynamic "distribution" of "sub-tasks"—another key omission in ParTec's infringement theory. Dynamic assignment of "sub-tasks" is an essential element of the '442 patent, as can be seen in claim 1, which requires:

> generating, using information relating to the processing of the plurality of sub-tasks … a further distribution of the plurality of sub-tasks … for processing thereby in a further computing iteration.

6

*See* Compl. ¶ 146 (identifying claim 1 as "illustrative of the claims of the '442 Patent"). In other words, the '442 patent requires dynamically re-distributing "sub-tasks" based on information gained from processing those sub-tasks in an early iteration. *See id.*

ParTec's contentions, however, disclose no infringement theory for the claimed dynamic "distribution" of "sub-tasks." Indeed, ParTec does not identify any "sub-tasks" in Microsoft's systems at all, much less identify any infringement theory for "generating, using information related to the processing of … sub-tasks … a further distribution of the plurality of sub-tasks," as the claims require. *See* Ex. B at 18-21. The contentions cite Microsoft documents discussing assignment of jobs, *see id.*, but ParTec contends jobs are the claimed "computation task," not sub-tasks. *See id.* at 10 (alleging that "while 'running [a] DNN job'—a computation task—there is 'interaction between [a] CPU and GPU'"). ParTec provides no notice of any theory for how a job is broken down into "sub-tasks" in any accused Microsoft instrumentality, much less how any so-called "sub-tasks" are distributed. *See id.* at 18-21.

ParTec must remedy this deficiency as well and supplement its contentions to provide adequate notice of its infringement theory for the claimed "generating … a further distribution of sub-tasks … using information relating to the processing of the plurality of sub-tasks," with specificity commensurate with its access to discovery. *See, e.g.*, *Cathx Research Ltd.*, No. 5:21-CV-00077-RWS, at *8-10; *Eolas Techs. Inc.*, 2016 WL 7666160, at *2.

## CONCLUSION

For the foregoing reasons, ParTec should be ordered to supplement its infringement contentions to (1) provide discrete infringement theories for each accused instrumentality that address each element of each asserted claim; and (2) disclose its infringement theory for claim limitations in the '156 and '883 patents requiring dynamic assignment of boosters and for claim limitations in the '442 patent requiring distribution of sub-tasks.

7

Dated: September 25, 2025

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Betty Chen
LEAD ATTORNEY
State Bar No. 24056720
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

Jeffrey Seddon (*pro hac vice*)
jseddon@desmaraisllp.com
Caitrianne Feddeler (*pro hac vice*)
cfeddeler@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-808-1041
Fax: 212-351-3401

*Counsel for Defendant Microsoft Corporation*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies pursuant to Local Civ. R. 7(h) that on August 15, 2025, and on September 11, 2025, lead and local counsel for the parties met and conferred in good faith on the issues addressed in this motion. This motion is opposed. The parties were unable to reach an agreement. The discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

Dated: September 25, 2025                By: /s/ *Melissa R. Smith*
                                          Melissa R. Smith

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this motion and all attachments were served via email upon counsel of record for all parties who are deemed to have consented to electronic service.

Dated: September 25, 2025                By: /s/ *Melissa R. Smith*
                                          Melissa R. Smith

