**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PARTEC AG and BF EXAQC AG, | **PUBLIC VERSION** |
| *Plaintiffs*, | |
| v. | Civil Action No. 2:24-cv-00433-RWS-RSP |
| MICROSOFT CORPORATION, | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

**MICROSOFT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**
**OPENAI'S CONFIDENTIAL DOCUMENTS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND.....................................................................................................2

    A.    The OpenAI Supercomputer is a custom-designed supercomputer Microsoft and ▮▮▮▮ built for OpenAI. ....................................................2

    B.    Microsoft provided discovery on the OpenAI Supercomputer until OpenAI objected based on the adequacy of ParTec's infringement contentions. .................2

ARGUMENT ...........................................................................................................................3

I.    NO BASIS EXISTS TO COMPEL DISCOVERY INTO THIRD-PARTY CONFIDENTIAL DOCUMENTS FOR A SYSTEM NOT CHARTED IN PARTEC'S INFRINGEMENT CONTENTIONS.............................................3

    A.    ParTec's arguments concede its failure to disclose an infringement theory for the OpenAI Supercomputer.....................................................4

    B.    Rejecting ParTec's demand for discovery on the OpenAI Supercomputer until it provides adequate infringement contentions will cause it no prejudice...........................................................................6

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>Cases</u>

*Am. Video Graphics, L.P. v. Electronic Arts, Inc.,*
    359 F.Supp.2d 558 (E.D. Tex. 2005) ........................................................................ 3, 6, 7

*Comput. Acceleration Corp. v. Microsoft Corp.,*
    503 F. Supp. 2d 819 (E.D. Tex. 2009) ................................................................. 4, 5, 6, 7

*Connectel, LLC v. Cisco Sys. Inc.,*
    391 F. Supp. 2d 526 (E.D. Tex. 2005) ........................................................................... 5

*Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.,*
    No. 2:05-cv-163-DF-CMC, 2007 WL 2580969 (E.D. Tex. Aug. 27, 2007) ...................... 3

*Honeywell Int'l, Inc. v. Acer Am. Corp.,*
    655 F. Supp. 2d 650 (E.D. Tex. 2009) ................................................................. 1, 3, 4, 7

**TABLE OF EXHIBITS**

The exhibits cited in this filing may be found at the following locations:

| Abbreviation | Description | Location |
|---|---|---|
| Exs. A–C | Exhibits previously filed with Microsoft's Motion to Compel | Dkt. 88 |
| Exs. D–I | Exhibits previously filed with Microsoft's Reply in Support of its Motion to Compel | Dkt. 101 |
| Ex. J | True and correct copy of the March 2016 Non-Disclosure Agreement between Microsoft and OpenAI | Submitted with this filing |
| Exs. 1–9 | Exhibits previously filed with ParTec's Opposition to Microsoft's Motion to Compel | Dkt. 96 |
| Herrbach Decl. | Declaration of Christophe Herrbach | Submitted with this filing |

"Dkt." refers to citations to the docket in the above-captioned matter.

"ParTec" refers to Plaintiffs ParTec AG and BF exaQC AG.

"Br." refers to the brief supporting ParTec's Motion to Compel OpenAI Documents (Dkt. 97).

All emphasis is added unless otherwise indicated.

# INTRODUCTION

ParTec's motion to compel the production of OpenAI documents dances around but never squarely addresses the heart of the dispute—the insufficiency of ParTec's infringement contentions. Nor is that surprising, as the facts demonstrate that the dispute is entirely of ParTec's own making. ParTec chose not to disclose any infringement theory for the OpenAI Supercomputer in its P.R. 3-1 contentions. Unsurprisingly, OpenAI objected to the production of related OpenAI-confidential documents in Microsoft's possession. And when Microsoft sought to resolve the dispute by requesting supplemental P.R. 3-1 contentions, ParTec refused. But discovery is a two-way street, and ParTec cannot simultaneously demand discovery on the OpenAI Supercomputer while refusing to disclose any infringement theory for that instrumentality. *See, e.g.*, *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F. Supp. 2d 650, 656 (E.D. Tex. 2009) (requiring patentee "demonstrate that its PICs gave [defendant] notice of a specific theory of infringement and that the products for which it seeks discovery operate in a manner reasonably similar to that theory").

ParTec tries to distract from the inadequacy of its contentions by asserting that "the OpenAI Supercomputer is plainly accused" (Br. at 2) but that is irrelevant—the question is whether ParTec's contentions are adequate to support discovery into the OpenAI Supercomputer, not whether its name appears somewhere in ParTec's contentions. And ParTec's supporting argument—pointing to the number of times it is "referenced or explicitly named" in the contentions (*id.*)—effectively concedes inadequacy because ParTec's own citations demonstrate that its contentions do not map the OpenAI Supercomputer to "each element of each asserted claim" as P.R. 3-1(c) requires.

ParTec also attempts to cast Microsoft as "refus[ing]" to produce discovery based on confidentiality but that simply does not hold water. Microsoft is seeking to clear this logjam—it requested supplemental contentions without demanding ParTec show good cause to amend and

actively brought the dispute to the Court's attention. *See* Dkt. 88. And nothing suggests that OpenAI would object to discovery if ParTec adequately charted the OpenAI Supercomputer.

Accordingly, the Court should resolve this dispute by granting Microsoft's motion to compel supplemental infringement contentions. No prejudice exists in requiring ParTec to disclose an infringement theory for the OpenAI Supercomputer before receiving third-party documents—that is exactly what the Patent Rules of this Court require.

## FACTUAL BACKGROUND

### A.    The OpenAI Supercomputer is a custom-designed supercomputer Microsoft and ████ built for OpenAI.

In 2019, Microsoft, in partnership ██████████████████████████ designed and built a supercomputer for OpenAI hosted in an Azure datacenter. *See* Herrbach Decl. ¶ 2. That "OpenAI Supercomputer" ████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████ *Id.* ¶ 3. ████████████████████

████████████████████████████████████████████ *Id.* ¶ 4.

████████████████████████████ ████████████████████████████

████████ *Id.* ¶ 5.

### B.    Microsoft provided discovery on the OpenAI Supercomputer until OpenAI objected based on the adequacy of ParTec's infringement contentions.

As discussed in Microsoft's motion to compel (Dkt. 88), ParTec did not provide separate infringement contentions for the OpenAI Supercomputer or any of the other two accused instrumentalities. While Microsoft objected to ParTec's failure to provide adequate infringement theories in its contentions, it nonetheless provided discovery into related Microsoft documents and information "[s]ubject to and without waiving" those objections, thus keeping the case moving. *See, e.g.*, Dkt. 96, Ex. 3 at 5-6. Before providing any OpenAI confidential material, however,

Microsoft was obligated by a non-disclosure agreement to notify OpenAI.  *See* Ex. J.  After review of ParTec's infringement contentions, OpenAI objected to discovery into its confidential information because ParTec had not disclosed any infringement theory for the OpenAI Supercomputer:



*See* Dkt. 88, Ex. C.  Having conferred with ParTec's counsel on the supplemental infringement contentions and been told that ParTec did not intend to supplement, Microsoft promptly moved to compel supplemental contentions and thus break the discovery logjam over the OpenAI confidential documents.  *See* Dkt. 88.

## **ARGUMENT**

### I.    **No Basis Exists To Compel Discovery Into Third-Party Confidential Documents For A System Not Charted In ParTec's Infringement Contentions.**

ParTec does not and cannot support its demand for the production of third-party OpenAI's confidential documents when it has not disclosed an infringement theory for the OpenAI Supercomputer.  The Patent Rules in this District require "plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."  *See Am. Video Graphics, L.P. v. Electronic Arts, Inc.,* 359 F.Supp.2d 558, 560 (E.D. Tex. 2005).  Those contentions "help define the scope of discovery."  *See Honeywell,* 655 F. Supp. 2d at 654; *cf. Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, No. 2:05-cv-163-DF-CMC, 2007 WL 2580969, at *3 (E.D. Tex. Aug. 27, 2007) (noting the scope of discovery includes products "'reasonably similar' to those accused in the PICs").  And ParTec does not and cannot dispute that its contentions have no theory of

infringement for the OpenAI Supercomputer, thus its demand for discovery on that instrumentality must fail. *See Honeywell*, 655 F. Supp. 2d at 656 (requiring patentee "demonstrate that its PICs gave [defendant] notice of a specific theory of infringement and that the products for which it seeks discovery operate in a manner reasonably similar to that theory").

**A.    ParTec's arguments concede its failure to disclose an infringement theory for the OpenAI Supercomputer.**

Although it repeatedly argues that it accuses the OpenAI Supercomputer, ParTec utterly fails to demonstrate that its contentions disclose a theory of infringement for that instrumentality. Despite the straightforward requirements of P.R. 3-1(c), ParTec makes no attempt to demonstrate that it provided "a chart identifying *specifically* where *each* element of *each* asserted claim is found within *each* Accused Instrumentality." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 823 (E.D. Tex. 2009) (emphases in original).

Instead, ParTec simply asserts that the "OpenAI Supercomputer is referenced or explicitly named thirty-four different times in ParTec's infringement contentions" and provides a list of citations. *See* Br. at 2. Ironically, ParTec's own assertions betray the inadequacy of its contentions—mapping its own citations (and its highlighted exhibit) against claim 1 of each asserted patent, as can be seen below, demonstrates that it has not disclosed an infringement theory for "each element of each asserted claim" as P.R. 3-1(c) requires:

| '156 Patent | |
|---|---|
| Element | Citation |
| Preamble | Ex. 1 at 10-11 |
| [1-a] | Ex. 1 at 13-14 |
| [1-a-i] | Ex. 1 at 14 |
| [1-a-ii] | Ex. 1 at 15 |
| [1-b] | Ex. 1 at 17, 19-20 |
| [1-b-i] | *none* |
| [1-b-ii] | *none* |
| [1-b-iii] | Ex. 1 at 24-25 |
| [1-c] | *none* |

| '883 Patent | |
|---|---|
| Element | Citation |
| Preamble | Ex. 1 at 62-63 |
| [1-a-i] | Ex. 1 at 65 |
| [1-a-ii] | Ex. 1 at 66, 68-69 |
| [1-a-iii] | *none* |
| [1-a-iv] | Ex. 1 at 72-73 |
| [1-b-i] | *none* |
| [1-b-ii] | *none* |
| [1-b-iii] | *none* |
| [1-b-iv] | *none* |

| '442 Patent | |
|---|---|
| Element | Citation |
| Preamble | Ex. 1 at 109-115 |
| [1-a] | *none* |
| [1-b] | *none* |

| '156 Patent | |
|---|---|
| Element | Citation |
| [1-c-i] | *none* |
| [1-c-ii] | *none* |
| [1-d] | *none* |
| [1-d-i] | *none* |
| [1-d-ii] | *none* |
| [1-d-iii] | *none* |

| '883 Patent | |
|---|---|
| Element | Citation |
| [1-b-v] | *none* |
| [1-b-vi] | *none* |

| '442 Patent | |
|---|---|
| Element | Citation |

*See* Br. at 2 (citing Dkt. 96, Ex. 1 (compilation of ParTec's contentions)). ParTec thus confirms it has not disclosed an infringement theory on the OpenAI Supercomputer for the majority of elements of each asserted claim. And ParTec never even acknowledges, much less addresses, its failure to identify these elements in the OpenAI Supercomputer.

ParTec also argues that "the OpenAI Supercomputer is part of Microsoft's Azure AI infrastructure" (Br. at 3) but that argument fails for the same reasons discussed in Microsoft's briefing in support of its motion to compel—none of the statements that ParTec cites suggest that the OpenAI Supercomputer is the same as Microsoft's Azure AI Infrastructure or Singularity. *See* Dkt. 101 at 2-3. To the contrary, the OpenAI Supercomputer was an entirely separate system: ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Herrbach Decl. ¶¶ 3-5. And ParTec cannot avoid the Patent Rules' requirement of "a chart for each product" by asserting that its chart covers a generic category like "infrastructure." *See, e.g., Connectel, LLC v. Cisco Sys. Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) (finding charts on "generic categories" like "routers," "switches," and "gateways/other products" did not "provide a chart for each product"). Nor does simply mentioning the OpenAI Supercomputer in the context of a combined chart support discovery. *See, e.g., Comput. Acceleration*, 503 F. Supp. 2d at 823, 825 (striking passing allegation against Windows Vista in a chart otherwise accusing Windows XP).

Finally, ParTec's suggestion that Microsoft somehow waived OpenAI's objections or

conceded the adequacy of ParTec's contentions by producing other discovery on the OpenAI Supercomputer—i.e., responding to interrogatories or producing documents that do not contain OpenAI confidential information—holds no water. Microsoft preserved its objections here—its discovery responses expressly objected to plaintiffs' failure to "provide with adequate clarity their infringement theories in their Infringement Contentions" and provided discovery "without waiving" that objection. *See, e.g.*, Dkt. 96, Ex. 3 at 5-6. Moreover, ParTec cannot reasonably contend that Microsoft must withhold ***all*** discovery on the OpenAI Supercomputer in order to preserve an objection to the sufficiency of ParTec's infringement contentions. ParTec cites no authority for such a rule, which would directly contradict the "No Excuses" provision of the Discovery Order (Dkt. 23 at 9) and unnecessarily multiply discovery disputes. Indeed, allowing ParTec's contentions to stand on that basis "would actually discourage the voluntary exchange of information." *Comput. Acceleration*, 503 F. Supp. 2d at 825 (striking "scanty and inadequate infringement contention disclosure").

### B. Rejecting ParTec's demand for discovery on the OpenAI Supercomputer until it provides adequate infringement contentions will cause it no prejudice.

Furthermore, ParTec will suffer no prejudice if the Court denies its motion to compel because ParTec can always seek further discovery on the OpenAI Supercomputer after it amends its contentions to disclose its infringement theory. ParTec already has access to non-public information regarding the OpenAI Supercomputer (*see* Br. at 3-4 (describing Microsoft's discovery responses)), and thus is better positioned to prepare infringement contentions than the Patent Rules anticipate. *See Am. Video*, 359 F. Supp. 2d. at 560 (contentions are required "before discovery has even begun"). Moreover, ParTec will suffer no prejudice from being required to provide two sets of infringement charts for the asserted patents. *See Comput. Acceleration*, 503 F. Supp. 2d at 823-34 (rejecting argument that providing separate charts for "two accused products"

would be unduly burdensome).  To be sure, ParTec's unexplained refusal to supplement its contentions, coupled with the gaps in its current infringement contentions, suggests that it may be unable to provide a complete infringement theory for the OpenAI Supercomputer.  But an inability to provide a theory of infringement would not be a basis for ordering discovery; rather, it compels the opposite.  *See id.* at 824-25 (striking inadequate contentions even though doing so may "preclude [plaintiff] from asserting claims against one product").

Indeed, even if the Court grants ParTec's motion to compel the production of OpenAI confidential documents, ParTec should still be compelled to provide supplemental contentions within a reasonable time after receiving the OpenAI documents from Microsoft.  For all the reasons described above in Section I.A, ParTec cannot credibly contend that its current contentions give Microsoft "notice of a specific theory of infringement," as the Local Rules require.  *See, e.g.*, *Honeywell*, 655 F. Supp. 2d at 656.  And ParTec certainly cannot complain of any prejudice in being required to provide contentions specifically addressing the OpenAI Supercomputer after receiving both Microsoft and OpenAI confidential information on that system.  *See Am. Video*, 359 F. Supp. 2d. at 560; *Comput. Acceleration*, 503 F. Supp. 2d at 823-24.

## <u>CONCLUSION</u>

Microsoft respectfully requests that the Court deny ParTec's motion and instead resolve this dispute by compelling ParTec to provide infringement contentions specifically addressing the OpenAI Supercomputer.  Until it discloses an infringement theory, ParTec cannot justify demanding further discovery, much less compelling the production of third-party confidential documents regarding the OpenAI Supercomputer.

Dated: October 21, 2025

Respectfully submitted,

By: */s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Betty Chen
LEAD ATTORNEY
State Bar No. 24056720
bchen@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

Jeffrey Seddon (*pro hac vice*)
jseddon@desmaraisllp.com
Caitrianne Feddeler (*pro hac vice*)
cfeddeler@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: 212-808-1041
Fax: 212-351-3401

*Counsel for Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this document (including all attachments) was served on all counsel of record via email.

Dated: October 21, 2025                    By: */s/ Melissa R. Smith*
                                           Melissa R. Smith