IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>*Plaintiffs*,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>*Defendant*. | Civil Action No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**UNOPPOSED MOTION FOR LEAVE TO**
**SUPPLEMENT INVALIDITY CONTENTIONS**

Microsoft respectfully moves under Patent Rule 3-6(b) for leave to supplement its invalidity contentions. The proposed supplement, which Microsoft served on September 26, 2025, adds Plaintiffs' own product (Parastation V5) as a prior art reference. Microsoft identified Parastation V5 as a statutory bar reference based on Plaintiffs' identification of that product in a July 3, 2025 interrogatory response, which contained claim charts contending the asserted patents cover Plaintiffs' own technology. Plaintiffs are not opposing the relief sought in this motion.

Supplementation of invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). Courts in this District consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadlines; (2) the importance of the amendment; (3) potential prejudice from allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Kroy IP Holdings, LLC v. AutoZone Inc.*, No. 2:13-cv-888-WCB, 2014 WL 7463099, at *1 (E.D. Tex.

Dec. 30, 2014). As explained below, the relevant factors demonstrate that Microsoft has good cause for the requested supplement.

***Factor 1 (Diligence and Explanation of Timing):*** Microsoft provided Plaintiffs a detailed letter explaining the timing of the supplement. Ex. A. To summarize the facts: Plaintiffs disclosed the relationship between Parastation V5 software and the asserted claims in July 2025, in an interrogatory response asserting that Plaintiffs' technology practices the asserted patents. *Id.* at 7. After Plaintiffs disclosed Parastation V5 as part of those contentions in July 2025, Microsoft investigated that software as a prior-art product. *Id.* In August, Microsoft investigated and collected relevant documents for Parastation V5—including publications, Plaintiffs' internal documents, and source code for Parastation V5. *Id.* at 8-10. In September, Microsoft confirmed its theory by deposing Plaintiffs' Head of Software Architecture, on September 10, 2025. *Id.* at 10. That deponent also authenticated source code for Parastation V5 (which Microsoft's counsel had to locate and obtain from a public repository on the internet). Microsoft then prepared its charts and served its supplement by September 26, about two weeks after the deposition. *Id.* at 10. In sum, Microsoft diligently investigated Parastation V5 once Microsoft had a good faith basis to raise the invalidity ground. *Id.* at 10-11. After reviewing Microsoft's letter explaining this history (Ex. A), Plaintiffs stated they will not oppose Microsoft's request to supplement its invalidity contentions.

Courts have found the first factor to favor supplementation in like circumstances. *See, e.g.*, *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-123-JRG, 2021 WL 2187978, at *3 (E.D. Tex. May. 28, 2021) (granting supplementation to assert Estech's product as prior art where defendants "diligently created invalidity charts and notified Estech of their intention to supplement" after learning critical facts through a deposition of Estech's witness); *Allergan, Inc. v. Teva Pharms.*

2

*USA, Inc.*, No. 2:15-cv-1455-WCB, 2017 WL 1512334, at *2-3 (E.D. Tex. 2017) (granting supplementation where "deposition testimony [had] enabled the defendants to conclude" they had a good faith basis to raise the additional defense); *cf. Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 9:07-cv-196, 2009 WL 763926, at *5-*6 (E.D. Tex. Mar. 19, 2009) (allowing defendant to assert statutory bar defense based on patentee's reliance on a system as a practicing product).

The first factor therefore favors allowing the Parastation V5 supplement.

***Factor 2 (Importance of the Supplement):*** Parastation V5 is especially important because it is Plaintiffs' own prior-art product, and Microsoft asserts Parastation V5 as a statutory bar reference. *See, e.g.*, *Helsinn Healthcare S.A. v. Teva Pharm. USA, Inc.*, 586 U.S. 123, 132 (2019) ("we hold that an inventor's sale of an invention to a third party who is obligated to keep the invention confidential can qualify as prior art"); *Cummins-Allison*, 2009 WL 763926, at *5 ("invalidity based on one's own product involves the 'on-sale bar' of 35 U.S.C. § 102(b)"). Microsoft served charts detailing how Parastation V5 had or rendered obvious every element of every asserted claim, and therefore that its disclosure was a bar on the applications leading to the asserted patents. *See, e.g.*, *Estech*, 2021 WL 2187978, at *4 ("These references are important to the Defendants since these references may be dispositive of Estech's claims."). Parastation V5 is sufficiently important to Microsoft's case that it amended its answer to expressly identify the statutory bar as a defense. *See* Dkt. 89 at 29-33 (fact allegations supporting statutory bar defense).

In addition to its probative value towards invalidating the asserted claims, Parastation V5 provides critical context for the alleged invention of the asserted patents. For example, Parastation V5 informs the state of the art, as well as the knowledge of persons of ordinary skill, both critical issues before the jury. Moreover, since Plaintiffs allege their technology is covered by the asserted patents, it is fair to allow Microsoft to defend itself by showing Plaintiffs' own prior art software

had the relevant features. *See, e.g.*, *Kroy IP*, 2014 WL 7463099, at *5 ("On balance, because the proposed amendment relates to an important piece of evidence bearing directly on the merits of the case and because Hallmark has made a plausible showing of justification for not discovering the critical materials until after June 2, 2014, the Court concludes that it would be improper to bar Hallmark from raising that invalidity claim in this case.").

The second factor therefore favors allowing the Parastation V5 supplement.

***Factor 3 (Potential Prejudice from the Supplement):*** As to the third factor, there is no prejudice at least because Parastation V5 is Plaintiffs' own product. Plaintiffs were (and are) in the best position to know about that product and had custody of the relevant documents. *See, e.g.*, *Estech*, 2021 WL 2187978, at *4 ("Furthermore, Estech is familiar with its own products and should be in possession of most (if not all) documents that relate to the IVX references"). Adding Parastation V5 as an invalidity reference would not result in substantially more discovery about that product, which is already at-issue by virtue of Plaintiffs' reliance on it. *See, e.g.*, *id.* (no undue prejudice from raising patentee's product as a statutory bar defense where "any additional fact discovery needed would be minimal").

Microsoft promptly served the proposed supplement by the deadline to amend pleadings (September 26, 2025) and five weeks before Plaintiffs' opening claim construction brief is due (October 31, 2025), giving Plaintiffs ample time to consider it. *See, e.g.*, *Optronic Scis. LLC v. BOE Tech. Grp. Co. Ltd.*, No. 2:23-CV-00549-JRG, 2025 WL 1509150, at *3 (E.D. Tex. May 27, 2025) (granting the defendant's motion for leave to supplement invalidity contentions when the *Markman* hearing was not scheduled for another two months, noting "[a]ny prejudice Plaintiff would suffer is alleviated by the fact that Plaintiff had notice of Defendant's proposed supplemental invalidity contentions" well before briefing claim construction).

4

Moreover, when the parties met and conferred, Plaintiffs agreed they would identify any alleged prejudice in a responsive letter if they intended to oppose Microsoft's motion. After receiving Microsoft's position on diligence (Ex. A), Plaintiffs decided not to oppose this motion and did not serve any responsive letter.

The third factor therefore favors allowing the Parastation V5 supplement.

***Factor 4: (The Need For A Continuance To Cure Prejudice):*** Since Plaintiffs identified no prejudice, this factor is not relevant for this motion. *See, e.g.*, *Allergan*, 2017 WL 1512334, at *5 (finding good cause for amendment where this factor was "not relevant to the Court's decision").

\* \* \*

Microsoft therefore has shown good cause for the proposed supplement. Plaintiffs do not oppose the relief sought in this motion. Accordingly, Microsoft requests the Court to grant this motion and order that Microsoft's proposed supplement is effective under Patent Rule 3-3 as of its service date (September 26, 2025).

Dated: October 29, 2025

Respectfully submitted,
By: /s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Betty Chen
LEAD ATTORNEY
State Bar No. 24056720
bchen@desmaraisllp.com
Peter C. Magic (*pro hac vice*)

pmagic@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

Jeffrey Seddon (*pro hac vice*)
jseddon@desmaraisllp.com
Caitrianne Feddeler (*pro hac vice*)
cfeddeler@desmaraisllp.com
Lee J. Matalon
State Bar No. 24117858
lmatalon@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
Tel: 212-808-1041
Fax: 212-351-3401

*Counsel for Microsoft Corporation*

## CERTIFICATE OF CONFERENCE

I certify pursuant to Local Rule CV-7(h)-(i) that counsel of record for the parties (Lee Matalon for Microsoft, and Alexander Aiken for Plaintiffs) met and conferred on October 1, 2025 via a personal telephone conference, in which counsel exchanged and compared views regarding this motion in a sincere effort to avoid the need for judicial intervention. After additional correspondence, Plaintiffs' counsel stated on October 29, 2025 that "they disagree with the factual assertions in this motion, including the assertion that Parastation V5 is prior art, but Plaintiffs are not opposing Microsoft's request to supplement its contentions." This motion is unopposed.

Dated: October 29, 2025                By:    /s/ Lee J. Matalon
                                       Lee J. Matalon (SBN: 24117858)

## VERIFICATION

I verify under penalty of perjury based on my personal knowledge that **Exhibit A** submitted with this motion is a true and correct copy of Microsoft's October 14, 2025 Statement of Diligence Regarding Invalidity Contentions Supplement, served on Plaintiffs' counsel on October 14, 2025.

Dated: October 29, 2025                By:    /s/ Lee J. Matalon
                                       Lee J. Matalon (SBN: 24117858)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 29, 2025.

Dated: October 29, 2025                By:    /s/ Melissa R. Smith
                                       Melissa R. Smith (SBN: 24001351)