# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT MICROSOFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF DEADLINES AND CONTINUANCE OF TRIAL DATE**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. MICROSOFT DILIGENTLY PURSUED CRITICAL DISCOVERY ..............................1

III. A SHORT CONTINUANCE WILL NOT PREJUDICE PARTEC ..................................5

IV. CONCLUSION..................................................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. Video Graphics, L.P. v. Elec. Arts, Inc.*,
  359 F. Supp. 2d 558 (E.D. Tex. 2005) ................................................................................... 1

*Dynapass IP Holdings LLC v. JPMorgan Chase & Co.*,
  2024 WL 233223 (E.D. Tex. Jan. 22, 2024) ........................................................................... 3

*Uniloc 2017 LLC v. Samsung Electronics America, Inc.*,
  2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ....................................................................... 5

*VideoShare, LLC v. Meta Platforms, Inc.*,
  2022 WL 2718986 (E.D. Tex. July 12, 2022) ........................................................................ 5

*Team Worldwide Corp. v. Wal-Mart*,
  2018 WL 2722051 (E.D. Tex. June 6, 2018) ......................................................................... 5

*VirtualAgility, Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) .............................................................................................. 5

*Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*,
  2018 WL 6265025 (W.D. Tex. Aug. 22, 2018) ...................................................................... 5

## TABLE OF EXHIBITS

Exhibits cited "Ex." refer to the exhibits attached to the Declaration of Caitrianne Feddeler, filed contemporaneously.

| Exhibit | Description |
|---|---|
| A | Microsoft's Subpoena for Deposition Testimony and Production of Documents to Los Alamos National Laboratory ("LANL"), issued October 15, 2024 |
| B | Microsoft's Subpoena for Deposition Testimony and Production of Documents to Triad National Security, LLC ("Triad"), issued November 13, 2024 |
| C | Excerpts of email thread between counsel for LANL/Triad and Microsoft, dated between December 10, 2024 and December 11, 2025 |
| D | Email thread between counsel for Microsoft and counsel for ParTec, dated October 18, 2025 between and December 9, 2025 |
| E | Email from counsel for ParTec to counsel for Microsoft, dated December 3, 2025 |
| F | Letter from counsel for Microsoft to counsel for ParTec, dated July 2, 2025 |
| G | Exhibit A – Infringement Chart for U.S. Patent No. 10,142,156 (excerpted) to Plaintiffs' Sept. 4, 2024 P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and P.R. 3-2 Document Production |
| H | Exhibit G – Infringement Chart for U.S. Patent No. 10,142,156 – OpenAI Supercomputer (excerpted) to Plaintiffs' Dec. 23, 2025 Supplemental P.R. 3-1 Disclosure of Asserted Claims and Infringement Contentions and P.R. 3-2 Document Production |
| I | Rough Transcript of Christophe Herrbach's January 8, 2026's deposition (excerpted) |
| J | Microsoft's Subpoena to OpenAI, LLC, issued January 9, 2026 |
| K | Defendant Microsoft Corporation's Objections And Responses To Plaintiffs' Second Set Of Interrogatories (Nos. 13-19), dated February 5, 2025 (excerpted) |
| L | Email thread between counsel for Microsoft and counsel for ParTec, dated January 8, 2026 |

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| ParTec | Plaintiffs ParTec AG and exaQC AG, collectively. |
| Microsoft | Defendant Microsoft Corporation. |
| FIPA | FIPA Frohwitter Intellectual Property AG. |
| IPCom | IPCom GmbH & Co. KG. |
| LANL | Los Alamos National Laboratory. |

I. **INTRODUCTION**

ParTec's opposition mischaracterizes both the record and the cause of Microsoft's request for a brief continuance. Microsoft did not delay or seek tactical advantage. Instead, it diligently pursued discovery throughout the case and sought relief promptly after a series of late-arising developments outside of Microsoft's control materially expanded the scope of discovery:

1. Most notably, ParTec served entirely new infringement contentions on December 23, 2025 accusing a specific OpenAI system, , based on new software components and resource-management theories never previously disclosed;

2.  ; and

3. ParTec CEO's refusal to produce documents involving his other entities—FIPA and IPCom—has resulted in continued material document deficiencies on key licensing issues (among other defenses) and delayed deposition scheduling.

Microsoft now seeks a modest two-month extension to allow both parties to complete critical discovery and meaningfully prepare their defenses, and will not prejudice ParTec.[1]

II. **MICROSOFT DILIGENTLY PURSUED CRITICAL DISCOVERY**

ParTec mischaracterizes Microsoft's request for a continuance as delay or tactical choice.

**New Infringement Contentions.** ParTec seeks to evade responsibility for its failure to timely disclose its infringement theories by asserting that Microsoft "demanded supplemental contentions late in discovery." Opp. at 8-9. Microsoft should not have had to "demand" anything—though it did so as early as July 2025. Under the Court's Patent Rules, ParTec was required to disclose its infringement theories early so that discovery could proceed on stable footing. *See Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex.

---

[1] Indeed, at least one party deposition is already scheduled to occur outside of the fact discovery period (Ex. L at 1-2) and the parties are still conferring on dates for other depositions.

2005) ("[T]he Patent Rules are designed to streamline the discovery process . . . requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."). ParTec did not do so. Its initial infringement contentions failed to articulate a theory for any OpenAI Supercomputer. Microsoft raised this deficiency six months ago—well before the close of fact discovery—and continued to raise it throughout discovery as ParTec sought OpenAI-related discovery without having disclosed a cognizable theory. Only after those efforts failed did Microsoft move to compel. ParTec then served new infringement theories on December 23, with only one month remaining in discovery. Microsoft's motion to compel did not cause ParTec's late disclosures; it exposed ParTec's failure to timely disclose its theories in the first place.

Those December 23 contentions materially expanded the scope of the case. For example, in its initial charts, ParTec alleged that "Singularity" was the claimed "resource manager" responsible for performing the critical dynamic-assignment limitations. *See* Ex. G at 17. In its new ▆▆▆ contentions, however, ParTec now accuses—for the first time—"▆▆▆▆▆▆▆▆▆▆▆▆" as the alleged resource manager. *See* Ex. H at 48. These software components are wholly unrelated to Singularity and were not mentioned, identified, or accused anywhere in ParTec's initial contentions. This is not a clarification of an existing theory; it is an entirely new theory that fundamentally alters the technical and factual basis of ParTec's infringement case.

ParTec's new ▆▆▆ contentions require additional time to address. They implicate OpenAI-specific materials concerning ▆▆▆▆▆▆▆▆▆▆▆▆▆—activities outside Microsoft's control. ParTec argues that Microsoft "built and maintained" an OpenAI supercomputer and therefore "knows how it operated." Opp. at 9. But ParTec does not accuse just any OpenAI supercomputer; it accuses a specific system—▆▆▆▆▆▆▆▆▆—which is not part of Microsoft's Azure AI Infrastructure and ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* Dkt. 103-2 ¶ 4; Ex. I, 39:13-16 ("▆▆▆▆▆▆▆▆▆▆

2

▇▇▇"), 66:21-23 ("▇▇▇

▇▇▇"). Microsoft has now issued a subpoena on OpenAI seeking discovery directed to those new theories, but OpenAI will require time to respond. *See* Ex. J. ParTec, by contrast, never served OpenAI with a subpoena, despite being told months ago that OpenAI—not Microsoft—operated the OWL Supercomputer and controlled the relevant functionality. *See* Ex. K at 14.

Microsoft cannot reasonably be expected to respond immediately to these new theories within the current schedule. Microsoft must analyze the newly accused functionality, assess the expanded claim scope ParTec now pursues, prepare its defenses, and pursue discovery from OpenAI. The need for additional time flows directly from ParTec's late, material change in its contentions, not from any lack of diligence by Microsoft. *See Dynapass IP Holdings LLC v. JPMorgan Chase & Co.*, 2024 WL 233223, at *2 (E.D. Tex. Jan. 22, 2024) (granting a three-month continuance to cure prejudice caused by amended infringement contentions).

**Prior Art From Los Alamos National Laboratory**. Microsoft diligently pursued prior-art discovery from LANL, facilitating document collection and addressing confidentiality concerns, only to encounter unavoidable delays caused by ▇▇▇ ▇▇▇, and a protective-order dispute driven by ParTec's refusal to agree to necessary safeguards. As a result, over a third of LANL's production—critical to Microsoft's invalidity defenses—remains outstanding. Dkt. 151, Kafka Decl. ¶ 6. Unable to identify any delay attributable to Microsoft, ParTec instead mischaracterizes Microsoft's efforts to assist LANL, including falsely claiming that Microsoft delayed providing search terms or proposed the disputed protective order. The record shows the opposite: Microsoft provided search terms promptly to reduce burden, and LANL—not Microsoft—required export-control protections after determining responsive materials contained export-controlled information. *See* Ex. C at 3–6,

3

23–24. ParTec's refusal to comply with U.S. national-security requirements has halted LANL's planned production and caused Microsoft to lose its scheduled January 8 deposition.

**Third Party Discovery From Foreign Entities**. Microsoft promptly pursued third-party licensing discovery from FIPA and IPCom after uncovering their relationship to Plaintiffs' CEO and asserting its license defense with more than four months remaining in fact discovery. Those efforts have been met with repeated obstruction, including refusal of service, complete disregard for contractual notice letters requesting documents, and the resulting need for Court-authorized alternative service—issues that consume time and lie outside Microsoft's control. *See, e.g.*, Dkt. 116, 3-4 (explaining that FIPA and IPCom's admitted U.S. counsel refused to accept service). Discovery into the scope, interpretation, and application of the FIPA/IPCom license is critical because it may independently bar ParTec's infringement claims in their entirety.

**Outstanding Depositions**. ParTec also criticizes the timing of depositions, but that argument ignores the late expansion of discovery, requiring the parties to evaluate new OpenAI theories, pursue third-party discovery from OpenAI, resolve licensing disputes, and incorporate national-security-sensitive prior-art discovery from LANL—tasks that cannot reasonably be completed in parallel with a full slate of depositions in the same compressed window.[2]

**Hague Proceedings.** ParTec's complaints regarding outstanding Hague discovery miss the point. Microsoft pursued foreign discovery early and completed multiple Hague proceedings. The remaining requests depend on foreign authorities' schedules beyond either party's control, reflecting the inherent realities of international discovery, not any lack of diligence by Microsoft.

In short, Microsoft diligently pursued discovery and promptly sought relief after ParTec's late disclosures and unresolved third-party issues rendered the existing schedule unworkable.

---

[2] As discussed, at least one party deposition is already scheduled outside of the current discovery period. *See* Ex. L at 1-2.

4

### III. A SHORT CONTINUANCE WILL NOT PREJUDICE PARTEC

ParTec cannot show that a brief continuance necessary to complete critical discovery will cause it meaningful prejudice. The parties are not competitors, ParTec seeks only monetary damages, and any delay in adjudication is fully compensable through a reasonable royalty should ParTec ultimately prevail. Courts routinely hold that such circumstances do not support a finding of prejudice, particularly where, as here, the requested extension is narrowly tailored.

The cases ParTec cites are inapposite. *Uniloc 2017 LLC v. Samsung Electronics America, Inc.* expressly found the prejudice factor neutral, even in the face of an indeterminate delay, and does not suggest that a short continuance to complete discovery is prejudicial. 2020 WL 1433960, at *4-5 (E.D. Tex. Mar. 24, 2020). *VideoShare, LLC v. Meta Platforms, Inc.* involved a stay pending *ex parte* reexamination—typically lasting years, not months—and the court emphasized that a plaintiff seeking only monetary relief suffers reduced prejudice from delay. 2022 WL 2718986, at *4 (E.D. Tex. July 12, 2022). *Team Worldwide Corp. v. Wal-Mart* concerned parties competing in the marketplace, a circumstance not present here. 2018 WL 2722051, at *3-4 (E.D. Tex. June 6, 2018). In *VirtualAgility, Inc. v. Salesforce.com, Inc.*, the Federal Circuit explained that the absence of direct competition and the mere delay in realizing monetary damages weighs against a finding of prejudice. 1318 (Fed. Cir. 2014). And *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.* involved a generic assertion of prejudice from delay without the late-arising discovery issues present here. 2018 WL 6265025, at *1 (W.D. Tex. Aug. 22, 2018). Contrary to ParTec's assertions, none of these cases indicate that a short, targeted continuance is prejudicial.

### IV. CONCLUSION

Microsoft has shown good cause to extend the schedule to complete critical discovery, and ParTec has not shown any lack of diligence or prejudice. Thus, Microsoft respectfully requests that the Court grant its motion and extend the remaining case deadlines.

| | |
|---|---|
| Dated: January 9, 2026 | Respectfully submitted, |
| | /s/ Melissa R. Smith |
| | |
| | Melissa R. Smith |
| | State Bar No. 24001351 |
| | melissa@gillamsmithlaw.com |
| | GILLAM & SMITH LLP |
| | 303 South Washington Avenue |
| | Marshall, TX 75670 |
| | Tel: (903) 934-8450 |
| | Fax: (903) 934-9257 |
| | |
| | Betty Chen |
| | LEAD ATTORNEY |
| | State Bar No. 24056720 |
| | bchen@desmaraisllp.com |
| | Peter Magic |
| | pmagic@desmaraisllp.com (*pro hac vice*) |
| | DESMARAIS LLP |
| | 101 California Street |
| | San Francisco, CA 94111 |
| | Tel: (415) 573-1900 |
| | Fax: (415) 573-1901 |
| | |
| | Jeffrey Seddon (*pro hac vice*) |
| | jseddon@desmaraisllp.com |
| | Caitrianne Feddeler (*pro hac vice*) |
| | cfeddeler@desmaraisllp.com |
| | Lee Matalon |
| | State Bar No. 24117858 |
| | lmatalon@desmaraisllp.com |
| | Michael Wueste (*pro hac vice*) |
| | mwueste@desmaraisllp.com |
| | DESMARAIS LLP |
| | 230 Park Avenue |
| | New York, NY 10169 |
| | Tel: (212) 351-3400 |
| | Fax: (212) 351-3401 |
| | |
| | *Counsel for Defendant Microsoft Corporation* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document and all attachments have been served on all counsel of record via email on January 9, 2026.

*/s/ Melissa R. Smith*
Melissa R. Smith