IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PARTEC AG *and* BF EXAQC AG, | § § § | |
| *Plaintiffs*, | § | |
| v. | § | CASE NO. 2:24-CV-00433-RWS-RSP |
| MICROSOFT CORPORATION, | § § | |
| *Defendant*. | § § | |

## ORDER

Before the Court is Microsoft's Motion for a Stay Pending Resolution of Instituted *Inter Partes* Review ("IPR") of U.S. Patent No. 11,537,442 ("'442 Patent"). **Dkt. No. 61**. The Motion is fully briefed. *See* Dkt. Nos. 68, 72, 79. Microsoft moves this Court to stay the case pending the resolution of an IPR for one of the three asserted patents in this case. *See id.* at 1.

District courts have the inherent power to control their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "District courts typically consider three factors when determining whether to grant a stay pending [IPR] of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court*.*" *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*.

Consistent with the Court's recent decisions, the Court disagrees that a stay is proper currently. First, the stay will prejudice Plaintiff's timely vindication of its patent rights. *See, e.g.*,

*Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2024 WL 5080240, at * 2 (E.D. Tex. Dec. 11, 2024); *Lionra Techs. Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00097-JRG, 2025 WL 1239317, at *3 (E.D. Tex. Apr. 29, 2025); *Croga Innovations Ltd. v. Cisco Sys., Inc.*, No. 2:24-CV-00065-JRG, 2025 WL 1117472, at *2 (E.D. Tex. Apr. 15, 2025). Second, Microsoft filed the IPR petition on December 20, 2024—six months after this case was filed—which the PTAB instituted on July 8, 2025. The result of this timeline is that the final written decision is not expected until July 8, 2026, a month after the trial date currently set for June 15, 2026. And it includes less than all asserted claims, and only one of three asserted patents, which was Microsoft's choice. Lastly, any potential simplification that may result does not outweigh the other factors. Accordingly, the Court finds that the Motion should be and hereby is **DENIED**.

    **SIGNED this 24th day of January, 2026.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE