# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT MICROSOFT CORPORATION'S
MOTION FOR LEAVE TO TAKE TWO THIRD-PARTY DEPOSITIONS
AFTER THE FACT DISCOVERY DEADLINE**

Microsoft requests leave to take two third-party depositions outside the close of fact discovery. The first is of the Jülich Supercomputing Centre ("JSC"), which Microsoft originally subpoenaed through the Hague process in 2025, and for which the Local Court of Jülich—the competent foreign authority—only recently noticed for a hearing on February 5, 2026. The second is of SchedMD LLC, which is the developer of a prior art product, and the company needs more time to schedule a deposition. The need for SchedMD arises from the disruption that came with SchedMD's acquisition last month by NVIDIA. Until recently, Microsoft and ParTec had been working collaboratively on accommodating third parties according, foremost, to each third-party's availability, as well as the parties' availability. But that cooperation ended on the afternoon of January 26 when ParTec abruptly informed Microsoft that it would not agree to any dates for third parties beyond the close of fact discovery other than those for whom the parties had already locked in dates. This turn of events forced Microsoft to file this motion.

Microsoft provided notice of the subpoena to ParTec and did not unilaterally schedule any deposition dates. Instead, as the parties had done regarding other third parties, Microsoft was in the process of getting a firm date from the third party, which it would then share with ParTec. The parties did exactly that for party witnesses and third-party witnesses that were the subject of the January 26, 2026 joint motion (Dkt. 176) to schedule certain depositions beyond the fact discovery cutoff. There is no reason why this process should not apply equally to the remaining third party in question.

When Microsoft asked ParTec why it had suddenly taken a hard line against further cooperation, it stated that it would be prejudiced by depositions occurring during and after expert reports. But that cannot be the case, since ParTec has already sought leave for the parties to conduct three depositions after opening reports are due and one deposition after rebuttal reports

are due, the latter being a deposition of a ParTec witness whose Feb. 27 date Microsoft accommodated because the witness would otherwise not be available in person in a country where the parties could conduct a deposition under oath. Based on those depositions alone, the parties will need to serve supplemental reports after February 27, 2026. Thus, scheduling two more third-party depositions, one of which has been set by a German court for February 5, and the second of which Microsoft is trying to schedule as soon as possible in February, should add no further supplemental reports beyond those already caused by the agreed-upon depositions. In short, Microsoft simply asks that the parties be permitted—indeed, required—to work collaboratively to schedule the remaining third-party depositions.

Under Federal Rule of Civil Procedure 16(b)(4), a "scheduling order may be modified for good cause with the court's consent." *AGIS Software Dev. LLC v. Samsung Elecs. Co.,* No. 2:19-CV-00362-JRG, 2022 WL 1608045, at *2 (E.D. Tex. May 20, 2022). To determine good cause to modify scheduling orders, Fifth Circuit courts consider four factors: "(1) the party's explanation; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice." *Cook v. Credit Sys. Int'l, Inc.,* No. 4:19-CV-308-SDJ-KPJ, 2020 WL 3791504, at *2 (E.D. Tex. July 6, 2020) (citing *S&W Enters. L.L.C. v. SouthTrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir. 2003)). "No single factor is dispositive, nor must all the factors be present." *Sapp v. Mem'l Healthcare Sys.,* 406 Fed. App'x 866, 869 (5th Cir. 2010) (citing S&W Enters., 315 F.3d at 536-37).

The Jülich Supercomputing Centre is the employer of Dr. Thomas Lippert, the named inventor of all three patents asserted in this case. Microsoft first requested this Court issue a letter rogatory to JSC on February 7, 2025 (Dkt. 39), which this Court ordered in March 2025. Dkt. 45. Subsequently, on May 29, 2025, Microsoft diligently requested the Court issue an Amended letter

rogatory to Ms. Estella Suarez, the Joint Lead of JSC's Novel System Architecture Design department and a contributor to research projects with ParTec AG. Dkt. 56. The Court ordered issuance of the Amended letters rogatory on June 18, 2025. Dkt. 58. Despite Microsoft's diligence, the Hague process does not move quickly. On January 2, 2026, the Local Court in Jülich first notified the parties that the hearing of Ms. Suarez would proceed on February 5, 2026, in Jülich, Germany. The February 5, 2026 witness hearing in Jülich is not under Microsoft's control and will go forward even if the parties do not participate—in other words, Ms. Suarez will sit for the hearing on February 5 even in the face of ParTec's opposition. Microsoft simply requests that the Court allow it to participate at the date set just this year by the Local Court in Jülich.

SchedMD is the creator of SLURM, a computer cluster workload manager and job scheduling software application that features prominently in Microsoft's invalidity theories. SLURM was open source and available before the critical date of the asserted patents and has been integrated into ParTec's Parastation software product. Microsoft first subpoenaed SchedMD on October 15, 2024 and gave notice to ParTec of the subpoena the same day. SchedMD was slow to respond, and then was acquired in December 2025 by NVIDIA. The NVIDIA acquisition resulted in a substitution of counsel, as SchedMD's original counsel responding to the subpoena were no longer representing SchedMD. The NVIDIA acquisition also resulted in difficulties getting availability for a SchedMD witness, as NVIDIA's outside counsel had to coordinate with their client. Microsoft has been diligent both before and after the NVIDIA acquisition to coordinate with SchedMD's new counsel to schedule a date for the deposition. For example, Microsoft did not receive a response from SchedMD's counsel—due to the NVIDIA acquisition—until the last day of December. Since then, Microsoft has also retained different counsel, Klarquist, who has worked diligently with NVIDIA and NVIDIA's new counsel throughout January in order

to schedule the deposition, and expects to have the date shortly.

In sum, Microsoft has worked to schedule third party depositions collaboratively with ParTec and requests an order requiring the parties to continue that process with this additional third party, which should not necessitate any additional rounds of expert reports beyond those already arising from the post-January 26 depositions to which the parties have already agreed. Microsoft respectfully requests that the Court grant its motion.

Dated: February 2, 2026                                Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Betty Chen
LEAD ATTORNEY
State Bar No. 24056720
bchen@desmaraisllp.com
Peter Magic
pmagic@desmaraisllp.com (*pro hac vice*)
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

Jeffrey Seddon (*pro hac vice*)
jseddon@desmaraisllp.com
Caitrianne Feddeler (*pro hac vice*)
cfeddeler@desmaraisllp.com
Lee Matalon
State Bar No. 24117858
lmatalon@desmaraisllp.com
Michael Wueste (*pro hac vice*)
mwueste@desmaraisllp.com

4

DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400
Fax: (212) 351-3401

Ha Vu Thu Huynh (*pro hac vice*)
hhuynh@desmaraisllp.com
DESMARAIS LLP
1899 Pennsylvania Avenue, NW
Washington, D.C. 20006
Tel: (202) 451-4900
Fax: (202) 451-4901

*Counsel for Defendant Microsoft Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document and all attachments have been served on all counsel of record via email on February 2, 2026.

/s/ Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the parties complied with the meet and confer requirement in Local Rule CV-7(h), and that Plaintiffs are opposed to the relief sought herein.

/s/ Melissa R. Smith