UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARTEC AG and BF EXAQC AG,<br><br>Plaintiffs,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 2:24-cv-00433-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO MICROSOFT'S MOTION
TO TAKE TWO OUT-OF-TIME DEPOSITIONS THAT COULD
HAVE AND SHOULD HAVE OCCURRED BEFORE THE CLOSE OF DISCOVERY**

The Court should deny Microsoft's motion to take third-party discovery past the fact discovery deadline for three reasons. (1) The Court already denied Microsoft's motion to extend the fact discovery deadline, and Microsoft has not identified any reason to reconsider that order. *See* Dkt. No. 161. (2) Microsoft was neither diligent in trying to take the depositions during discovery nor in seeking leave from the Court. Indeed, its actions appear calculated so the late discovery hearing in Germany (scheduled for February 5) may be completed before the Court rules on Microsoft's motion. Finally, (3) the discovery that Microsoft seeks is unduly burdensome and duplicative.

***First***, Microsoft's motion is an improper request to reconsider this Court's Order denying Microsoft's motion for an extension of the fact discovery deadline and continuance of trial. Microsoft already asked the Court to extend the fact discovery deadline, expressly identifying outstanding depositions and Hague hearings as justifications:

1

> National Laboratory; and c) the large number (over 20) of remaining individual and Rule 30(b)(6) depositions, including foreign depositions subject to the Hague Convention and depositions subject to the pending Motion for Alternative Service (Dkt. No. 126).

Dkt. No. 144 at 1.

> **E.  Discovery From Foreign Third Parties Under The Hague Convention**
>
> Throughout discovery, Microsoft has requested that the Court issue Rogatory Letters seeking documentary and testimonial evidence relevant to key issues—including inventorship, conception, and implementation of the systems ParTec alleges practice the claimed invention. *See* Dkt. Nos. 39, 44, 51, 56. While Microsoft has completed six of the requested hearings under the Court's issued Rogatory Letters, one hearing, requested for Leibniz Supercomputing Centre, scheduled for January 21, remains outstanding and two other hearings, requested for Jülich Supercomputing and LuxProvide SA, remain to be scheduled. Feddeler Decl. ¶ 6.

*Id.* at 5. This Court denied Microsoft's motion, explaining that Microsoft failed to show "sufficient diligence."

> **ORDER**
>
> Before the Court is Defendant's Motion for Continuance (**Dkt. No. 144**). The Court finds that Defendant has not shown sufficient diligence or unfair prejudice to justify a second continuance of the trial. Accordingly, the motion is **DENIED**.
>
> SIGNED this 11th day of January, 2026.

Dkt. No. 161.

Microsoft does not mention the Court's prior Order in its current motion—a telling omission—much less show any changed facts or circumstances to warrant reconsideration of that Order. *See Bowling v. Dahlheimer*, 2020 WL 5134771, at *2 (E.D. Tex. Aug. 6, 2020) (explaining that motions for reconsideration "are not the proper vehicle for rehashing evidence, legal theories, or arguments" and that "[w]hen there exists no independent reason for reconsideration other than

2

mere disagreement with a prior order, reconsideration is not warranted"). Because there are none. Microsoft is improperly seeking a second bite at additional time for depositions when the Court already denied Microsoft's request.

***Second***, Microsoft has not acted with diligence. The third-party deposition of SchedMD is something that Microsoft easily could have (and should have) taken long ago. As Microsoft concedes, it first served a subpoena on SchedMD almost ***sixteen months ago***, on October 15, 2024. Contrary to Microsoft's unsubstantiated claim that "SchedMD was slow to respond," Mot. at 3, SchedMD promptly served its responses and objections to Microsoft's subpoena and produced responsive documents on February 3, 2025—***one year ago***. Microsoft offers nothing but insufficient attorney argument supporting its contention that "SchedMD was slow to respond." Mot. at 3. Microsoft also offers no explanation for failing to schedule a deposition in the eleven months between SchedMD's production and the end of December 2025—when Microsoft apparently next contacted SchedMD. And even if SchedMD had been unresponsive (by all accounts, it wasn't), it is unreasonable for Microsoft to sit on its rights until after fact discovery ended—it could have and should have moved to compel any deposition.

Microsoft's focus on SchedMD's acquisition by NVIDIA is misplaced for much the same reason. Microsoft cannot blame NVIDIA's acquisition of SchedMD for Microsoft's failure to timely depose SchedMD when that acquisition occurred in December 2025, fourteen months after Microsoft served its subpoena and ten months after SchedMD produced responsive documents. Microsoft had ample time to take a deposition, or move to compel one if SchedMD would not agree. Moreover, Microsoft once again offers nothing but attorney argument to support its supposed diligence in trying to schedule a deposition in the last month of fact discovery. Microsoft cannot carry its burden by unsubstantiated attorney argument alone.

3

What happened here is clear: Microsoft sat on its right. Microsoft served a subpoena and then waited until it was too late. Confirming as much is testimony from a different third-party deposition that Microsoft took last week, of the University of Illinois. Like SchedMD, Microsoft served a subpoena on the University of Illinois in October 2024 and then did nothing for over a year to schedule a deposition. The University of Illinois's corporate representative testified that he "was surprised [the deposition] came up finally because … the discovery documents were provided in November of '24." Towns Rough Dep. Tr. at 70:15–20. After "over a year" of silence from Microsoft, the witness stated that he "thought [the case] had been resolved" and "had mentally moved on." *Id.* at 71:3–15. As with the University of Illinois, Microsoft squandered a year of time it had to seek testimony from SchedMD. The Court should not reward Microsoft's lack of diligence.

Microsoft also unreasonably delayed in seeking discovery from Jülich. Microsoft first moved to serve a letter rogatory pursuant to the Hague Convention on the Jülich Supercomputing Centre in February 2025—eight months after Plaintiffs commenced this lawsuit and four months after discovery began. Dkt. No. 39. At the time this request was made, Plaintiffs noted Microsoft's problematic delay:

> Discovery has been open for four months and the information Microsoft seeks in the present letters relates to documents that Plaintiffs served with their preliminary infringement contentions on September 4, 2024. Yet Microsoft is only now asking the Court to issue the requested letters. Microsoft has not been diligent.

Dkt. No. 40. Microsoft's procedural error in drafting its initial letter compounded its delay, necessitating Microsoft to ask the Court to issue an amended letter on May 29, 2025—nearly a year after this case was filed. Dkt. No. 56. Plaintiffs previously showed when opposing Microsoft's motion for a continuance that Microsoft was not diligent in seeking discovery from Jülich, Dkt.

4

No. 152 at 7, and the Court denied Microsoft's motion finding Microsoft had not shown diligence, Dkt. No. 166. Nothing has changed to alter that conclusion.

In addition to failing to diligently seek the discovery in the first place, Microsoft has not been diligent in seeking its current relief. Microsoft concedes in its motion that it knew by January 2—a full month before filing the instant motion—that the German court had scheduled the JSC hearing to take place after the close of fact discovery. *See* Mot. at 3. Microsoft should have immediately sought leave, knowing that the hearing was after the fact discovery deadline. Instead, Microsoft did nothing.

Then, following a lead/local meet and confer on January 30, ParTec again made clear that it was opposing additional discovery hearings because it was long after the close of fact discovery and that Microsoft needed to file an opposed motion with the Court. Importantly, ParTec said that it would not oppose a motion for expedited briefing because the hearing was scheduled for the very next week. Yet Microsoft waited until Monday evening to file its motion and did not request expedited briefing. Why? Almost certainly because it knew that the German discovery hearing was scheduled for this week (February 5) and a normal briefing schedule would mean that the Court would not decide the issue before the hearing. Microsoft's repeated lack of diligence in seeking discovery and then in seeking relief weigh strongly against its motion.

***Finally***, the discovery Microsoft seeks is unduly burdensome and duplicative. The Jülich hearing would be conducted in a German court in a foreign language. There is no remote option. As a result, ParTec would have to fly to Germany and hire a translator to participate in the hearing—all with the uncertainty of this proceeding taking place past the discovery deadline. Nor is this Microsoft's first non-party deposition or proceeding in Europe. ParTec's counsel has already had to make separate trips to France, Italy, Spain, Germany, and Belgium to participate in third-

5

party depositions or hearings that Microsoft has pursued—many for no other purpose than to ask third parties about their work with ParTec that is of little, if any, relevance to the case. Moreover, the hearing at issue is for a corporate representative of Jülich. But Microsoft already deposed the Director of Jülich (in Belgium) and had two separate witness hearings from professors who participated in Jülich projects (in Germany).

Microsoft likewise identifies no reason why it needs testimony from SchedMD in addition to the documents it already has. And the relief it seeks, permission to take a deposition at some yet-to-be-determined time regardless of the case status, is prejudicial and burdensome. Microsoft's proposal is likely to require additional rounds of expert reports and possibly briefing on expert-related motions as well. Microsoft, in other words, wants ParTec and the Court to bear the burden for Microsoft's lack of diligence and to accommodate Microsoft's preferred schedule. [1] The Court should decline that request and deny Microsoft's motion.

Dated: February 3, 2026					Respectfully submitted,

								/s/ Jacob B. Levin
								Justin A. Nelson – Lead Counsel

---

[1] Plaintiffs agreed not to oppose Microsoft's request that certain other depositions that are the subject of the parties' joint motion, Dkt. No. 176, occur after the discovery cutoff as a courtesy (1) to give Microsoft time to prepare a 30(b)(6) witness on topics for which Microsoft had refused to designate a witness until the final days of discovery and only under threat of a motion to compel; (2) to accommodate the nonavailability of Microsoft witnesses during discovery due to illness or other commitments; (3) to accommodate Microsoft's refusal to take a virtual deposition of a ParTec part-time employee who could not travel outside of Germany during discovery;  and (4) in response to Microsoft's last-minute and unilateral scheduling of an in-person deposition with the University of Illinois that Plaintiffs could not cover on three days' notice. The parties did not discuss any additional late discovery until hours before the fact discovery deadline when Microsoft, for the first time asked Plaintiffs, to agree to a host of third-party depositions occurring after discovery. Plaintiffs did not know Microsoft was trying to schedule additional depositions—indeed, Microsoft ignored three separate inquires by Plaintiffs the week prior seeking this information. And Plaintiffs rightly refused to agree to this twelfth-hour demand considering Microsoft had fifteen months of discovery to seek and take depositions.

Texas State Bar No. 24034766
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jnelson@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
Rachel S. Black
Washington State Bar No. 32204
Alexander W. Aiken
Washington State Bar No. 55988
SUSMAN GODFREY, L.L.P.
401 Union St., Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com
aaiken@susmangodfrey.com

Jacob Brooks Levin
New York State Bar No. 6247589
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
jlevin@susmangodfrey.com

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER, FAIR, HENRY PLLC
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

S. Calvin Capshaw
Texas State Bar No. 03783900
CAPSHAW DERIEUX LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770

ccapshaw@capshawlaw.com

*Counsel for Plaintiffs ParTec AG and BF exaQC AG*

## CERTIFICATE OF SERVICE

This is to certify that on February 3, 2026, all counsel of record were served a copy of the foregoing via the Court's CM-ECF system.

*/s/ Jacob B. Levin*
Jacob B. Levin
